**UNITED STATES DISTRICT COURT**
**For the**
**DISTRICT OF RHODE ISLAND**

_____
                                                    )
NATIONAL LIABILITY & FIRE INSURANCE    )
CO. and BOAT OWNERS ASSOCIATION OF     )
OF THE UNITED STATES                   )          Civil Action:
  Plaintiffs                 )          No: 17-cv-0038-S-PAS
                                       )
v.                                     )          In Admiralty
                                       )
NATHAN CARMAN                          )
  Defendant.                 )
_____)


<u>DEFENDANT, NATHAN CARMAN'S</u>

<u>RULE 16(B) SCHEDULING CONFERENCE STATEMENT</u>


  Now come the Defendant, Nathan Carman, and pursuant to the <u>Order</u> [Doc. #15] of this

Court dated July 17, 2017, submits the below case summary and identification of legal issues.

I.  Case Summary

  In December 2015 Defendant Nathan Carman purchased All Risk, Agreed Value, Hull,

and P&I insurance from the Defendants covering his recently purchased 31 Ft. recreational

fishing vessel.  In September 2016, while on a fishing trip with his mother, Mr. Carman's 31ft

recreational fishing vessel sank.  As a result of this sinking, Mr. Carman's mother drowned and

the 31 ft. recreational fishing vessel was permanently lost.  After spending roughly a week at sea

in an inflatable life raft, Mr. Carman was rescued by a passing merchant vessel.

  In October 2016 Mr. Carman asserted a hull claim against the Plaintiffs arising from the

sinking loss of his vessel.  In November the Plaintiffs advised Mr. Carman that his claim would

be accepted, and then for some undisclosed reason, Plaintiffs reversed their position, and

requested that Mr. Carman agree to be interrogated by an attorney for the Plaintiffs while under oath and before a court reporter (basically a deposition).  Mr. Carman agreed.

In December 2016 Mr. Carman was questioned under oath for 5 ½ hours by Plaintiff's current counsel in this action, David Farrell, at Mr. Farrell's office in Salem, Massachusetts.

In January of 2017, concurrent with the Plaintiffs filing their <u>Complaint</u> [Doc. #1] Plaintiffs gave notice to Mr. Carman that his hull claim was denied.

In response to Plaintiffs' <u>Complaint</u>, Mr. Carman filed an Answer and Counterclaim which was subsequently amended [Doc. # 12].  Within his <u>Amended Answer and Counterclaim</u> [Doc. # 12] Defendant asserts counter-claims against the Plaintiffs for breach of contract and claims for bad faith marketing, sales, and claim handling practices.

Defendant's thirty three page <u>Amended Answer and Counterclaim</u> [Doc. # 12] sets forth in unusually specific detail, Defendant's claims and defenses in this case which the Court can refer to if it requires more specific information.

II.    <u>LEGAL ISSUES</u>

a.)    <u>Substantive Legal Issues</u>

Counsel for the Defendant believes that there are likely to be multiple choice of law issues that will arise during the course of this case.  Generally, these are likely to include 1) does (Federal) General Maritime Law apply such that it supplies the rule of decision applicable to some, all or none of the claims or defenses in this case?  2)  If the General Maritime Law applies does it do so to the exclusion of state law?  3)  If the General Maritime Law does not apply, then which state law applies?  4) If the General Maritime Law applies, but is silent, then which state law applies?  The Supreme Court's decision <u>Wilburn Boat Co. v. Fireman's Fund</u>

Ins. Co., 348 U.S. 310, 75 S.Ct. 368 (1955) controls, but in my view, is not very helpful in resolving these issues.

    b.)   <u>Procedural Legal Issues</u>

As a result of discussions between counsel, and the Plaintiff's most recent filing [Doc. #16] it appears that there is a fundamental disagreement between the parties as to whether F.R.Civ.P. 26(b)(1) applies to limit the scope of discovery in this case.  Defendant, Carman, asserts that Rule 26(b)(1) (as amended in 2015) applies exactly as written and limits the scope of discovery to information "relevant to any party's claim or defense".  <u>F.R.Civ.P. 26(b)(1)</u>. Plaintiffs appear to assert that because "further defenses … may become apparent later in discovery" [Doc. #16, Page 3] and because Plaintiffs may move to amend their existing pleadings, that the limits on the scope of discovery set forth in F.R.Civ.P. 26(b)(1) (as amended in 2015) do not apply to the Plaintiffs.  [Doc. #16, Page 3]  Rather the Plaintiffs appear to assert that they should be entitled to conduct discovery relevant to any claims or defenses which they might plead in the future.

 Because this dispute relates to the fundamental scope of discovery, it is likely to arise repetitively throughout the course of discovery until resolved by the Court.  Accordingly, Defendant suggest that resolving the issue now and setting the ground rules before discovery begins is likely to result in fewer discovery disputes in the future.

Attached to <u>Plaintiffs' Rule 16 Statement</u> on pages 3-5 of Doc. # 16-1, is my E-Mail dated July 24, 2017, which identifies a number of issues which the Court may want to discuss at our conference on Monday.

Finally I apologize to the Court for not getting this statement filed earlier as Ordered.

Respectfully Submitted
On behalf of the Defendant,
Nathan Carman


/s/ David F. Anderson
David F. Anderson
Latti & Anderson LLP
30 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: August 4, 2017

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on the above date, I electronically filed the above Notice of Appearance of Counsel with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record.


/s/David F. Anderson
David F. Anderson