UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NATIONAL LIABILITY & FIRE INSURANCE CO.

and

BOAT OWNERS ASSOCIATION OF THE UNITED STATES

Plaintiffs,

v.

NATHAN CARMAN

Defendant.

Civil Action No: 17-0038-S-PAS

In Admiralty

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT OR ALTERNATIVE MOTION TO DETERMINE SUFFICIENCY OF HIS DENIAL**

Plaintiffs National Liability & Fire Insurance Co. ("NLFIC") and Boat Owners Association of the United States ("BoatU.S.") again move pursuant to Fed. R. Civ. P. 37 and LR Cv 37 and 7, this time for an order compelling defendant Nathan Carman to fully answer Interrogatory No. 15 and respond to Requests for Production No. 29 and also No. 30.[1] This unanswered discovery relates to Nathan Carman's pre-litigation Examination Under Oath ("EUO") conducted by undersigned counsel on December 16, 2016 at which Attorney Hubert Santos represented Mr. Carman. Ex. G.[2]

Plaintiffs alternatively move pursuant to Fed. R. Civ. P. 36(a)(6) for the Court to

[1] Anticipating that the Court may decide both of plaintiffs' motions to compel at the same time, exhibits in this second motion continue in alphabetical order from the first motion.

[2] Only non-substantive EUO excerpts are quoted in this motion. Counsel agreed at the August 7, 2017 Rule 16 Conference to move for a protective order for the EUO transcript and defendant's video deposition and transcript. Plaintiffs will move to file a full copy of the EUO under seal after requesting defendant's assent.

determine the sufficiency of defendant's denial to Request for Admission No. 1.

**Nathan Carman's Examination Under Oath**

Mr. Carman's BoatU.S. Yacht Policy provides that "Following a loss you must…Cooperate with us in the investigation…of any loss, and agree to be examined under oath if we so request." Ex. H, ¶ B.5. BoatU.S and NLFIC advised Mr. Carman they required his EUO by November 11, 2016 letter. Ex. I.

In his EUO Mr. Carman testified and agreed:

> Q. Okay. Now, this is called an examination under oath under your BoatU.S. policy. I'm going to be asking you a number of questions.
>
> If you don't understand what I'm asking, please stop me and seek clarification.
>
> Will you be able to do that?
>
> A. Yes.
>
> Q. And you have to answer audibly so that the court reporter can take down your words and my words and your lawyer's words so that we have a record of what we're discussing here today.
>
> A. Okay. Sometimes I can be given to speaking softly. So if you pick up on that, just point it out and I'll speak up.
>
> Q. Thank you....
>
> Now, there will be a book put together by the court reporter, a transcription of all our discussions today, and you'll have an opportunity to read that afterwards, if you'd like.
>
> A. Uh-huh.
>
> **Q. And you can make corrections to any mistranscriptions that are made where the court reporter might not have gotten the exact words down as**

**you spoke them; is that okay?**

**A. Yes.**

**Q. Okay. Otherwise, you've been sworn under oath and your testimony here will be true and accurate to the best of your ability, correct?**

**A. Yes.**

Ex. G at 4-6 (emphasis added).

Before the EUO concluded Mr. Carman was given the opportunity to change his testimony if he wanted to but he declined and he provided a clarification after being asked if he wanted to add anything. It was further agreed between counsel that Mr. Carman would review and sign the transcript:

Q. Thank you very much.

Now, I just want to make sure you understand, we're going to get you this transcript to review and if there's anything, as I said, that is mistyped, you know, a mistake in transcribing your words, you get a chance to fix that.

MR. FARRELL: Would you like to have him sign it and review?

MR. SANTOS: Yeah, I think so.

MR. FARRELL: We'll get it to you in a couple weeks.

MR. SANTOS: Okay.

*Id.* at 179-80.

**Examination Under Oath Discovery**

Plaintiffs have not received a transcript back from defendant. Now, through discovery, plaintiffs have asked Mr. Carman to confirm the truth and accuracy of his EUO transcript, and make any necessary changes to correct it as he agreed he would

during it:

> The following discovery seeks Nathan Carman's answers and responses in accordance with Fed. R. Civ. P. 36, 33, and 34 regarding the EXAMINATION UNDER OATH OF NATHAN CARMAN on December 16, 2016 as referenced in Defendant Nathan Carman's Amended Answer and Counterclaim ¶ 17, ECF No. 12 at 4, and ¶ 37, ECF No. 12 at 18, and in Defendant, Nathan Carman's Rule 16(B) Scheduling Conference Statement, ECF No. 17 at 2 [hereafter "EUO"].
>
> A transcript of the EUO prepared by Black Label Legal Services was produced by plaintiffs in their initial disclosure documents, stamped P00218-P00262 [hereafter "Transcript"].
>
> A signed copy of the Transcript has not been returned to plaintiffs, despite an agreement between counsel. *See* P00262 at Page 179….
>
> **REQUEST FOR ADMISSION NO. 1**: Do you admit that the Transcript is a true and accurate printed record of your EUO oral testimony?

Ex. J.

Mr. Carman denied Request for Admission No. 1. Ex. K. Anticipating that as a conceivable answer, plaintiffs asked Interrogatory No. 15 to find out why:

> **INTERROGATORY NO. 15**: If your Answer to Request for Admission No. 1 is anything other than an unqualified admission, please
>
> (a) state the basis for your Answer to Request for Admission No. 1;
>
> (b) provide quotation(s), by page and line citation(s) to the Transcript, which you claim are not a true and accurate printed record of your oral testimony;
>
> (c) state what you claim should replace the quotation(s) identified in your Answer to Interrogatory 15(b) as corrections, additions, and/or deletions; and

(d) state the reason for any such claimed corrections, additions, and/or deletions.

Ex. J.

Mr. Carman objected:

Defendant's Objections to Interrogatory No. 15. Defendant objects to interrogatory # 15 on the basis that a response to interrogatory # 15 entails the defendant comparing his memory with a transcription of a 5 ½ hour interrogation of the Defendant by Plaintiff's counsel which occurred in December 2016, prior to this action being filed. This 5 ½ hour interrogation of the Defendant included questioning regarding some subjects that are within the scope of discovery of this case and some subjects that are outside of the scope of discovery in this case as set forth in F.R.Civ.P. 26(b)(1). Accordingly, a response to interrogatory #15 would relate to information both beyond the scope of discovery as well as information within the scope of discovery. Defendant Objects to Plaintiff's interrogatory # 15 on the basis that it is overly broad, unduly burdensome and that the time and effort required to respond to interrogatory # 15 is not "proportional to the needs of" this case and therefore not within the scope of discovery as set forth in F.R.Civ.P. 26(b)(1). Defendant further objects to Plaintiff's Interrogatory # 15 on the basis that it calls for the disclosure of information "that is not relevant to any party's claim or defense" in this case and therefore is beyond the scope of discovery as set forth in F.R.Civ.P. 25(b)(1).

Ex. L.

Plaintiffs followed-up Interrogatory No. 15 with Request for Production No. 29:

**REQUEST FOR PRODUCTION NO. 29**: Please produce all documents which support any claimed corrections, additions, and/or deletions identified in your Answer to Interrogatory No. 15.

Ex. J.

Mr. Carman objected:

Defendant's Objections to Request for Production of Documents No. 29. Defendant objects to Plaintiff's Request for Production No. 29 on the basis that it fails to identify the requested document or things with objective "reasonable particularity" as required by F.R.Civ.P. 34. Defendant objects to Plaintiffs' Request # 29 on the basis that it is dependent upon Defendant answering Defendant's interrogatory # 15 which has been objected to by separate Objection which is incorporated herein by reference. Defendant further objects on the basis that the identification of responsive documents entails the defendant, Nathan Carman first comparing his memory with a transcription of a 5 ½ hour interrogation of the Defendant by Plaintiff's counsel which occurred in December 2016, prior to this action being filed, identifying portions of the testimony which are inconsistent with his memory and then searching for documents that support his memory of statements made during the 5 ½ hour interrogation. Further this 5 ½ hour interrogation of the Defendant included questioning regarding some subjects that are within the scope of discovery of this case and some subjects that are outside of the scope of discovery in this case as set forth in F.R.Civ.P. 26(b)(1). Accordingly, a response to Request # 29 would relate to information both beyond the scope of discovery as well as information within the scope of discovery. Defendant Objects to Plaintiff's Request for Production No. 29 on the basis that it

is overly broad, unduly burdensome and that the time and effort required to respond to interrogatory # 15 is not "proportional to the needs of" this case and therefore not within the scope of discovery as set forth in F.R.Civ.P. 26(b)(1). Defendant further objects to Plaintiff's Interrogatory # 15 on the basis that it calls for the disclosure of information "that is not relevant to any party's claim or defense" in this case and therefore is beyond the scope of discovery as set forth in F.R.Civ.P. 25(b)(1). Defendant, further objects to Request for Production No. 29 on the basis of and to the extent that it calls for documents protected by the attorney client privilege and/or the work product doctrine as codified in F.R.Civ.P. 26(b)(5).

Ex. M.

Not directly related to the truth and accuracy of the EUO, but as a follow-up to documents requested during it, Ex. G at 132, plaintiffs also served Request for Production No. 30:

> **REQUEST FOR PRODUCTION NO. 30:** Please produce all documents (including but not limited to The Private Bank or other statements, credit or debit card bills, and store receipts), reflecting your purchase of any fishing gear and other portable items not appurtenant to the boat aboard it when departing Ram Point Marina September 17/18, 2016.

Ex. J.

Mr. Carman objected but agreed to produce what plaintiffs were looking for but he has not:

Defendant's Objection to Request for Production No. 30. Defendant objects to Plaintiffs' Request for Production No. 30 on the basis that it is ambiguous and overly broad as read literally, the request can be interpreted as requesting that Defendant produce documents relating to all portable items Defendant has ever purchased or acquired during his entire life which were not part of (appurtenant to) Defendant's boat when it left Ram Point Marina on September 17/18

2016. As written the request calls for the production of a receipt for a pencil he purchased years ago, and therefore the request as written requests the production of documents and things not "relevant to any parties claim or defense" and therefore beyond the scope of discovery as set forth in F.R.Civ.P. 26(b)(1) and is overly broad. Defendant further objects to Plaintiff's request # 30 on the basis that production of all the documents called for in the request is unduly burdensome and the request is not "proportional to the needs of the case" and therefore beyond the scope of discovery as set forth in F.R.Civ.P. 26(b)(1). Defendant objects to the production of of his entire Bank statements, entire credit card statements, and entire debit card statements on the basis that these statements contain information which is clearly outside the scope of discovery in this case concerning which the Defendant has a privacy interest. Production of full un-redacted bank, credit card, and debit card statements contain financial information information relating to purchases having nothing to do with this case and over which the Defendant has a right of privacy. Notwithstanding the above objection, to the extent Defendant has them within his possession, custody and/or control, Defendant agrees to produce all receipts, invoices or similar documents relating to his purchase of fishing gear and other fishing or boating gear and/or equipment which was A) not made part of (or appurtenant to) Defendant's vessel as of September 17th or 18th 2016 and B) was present on Defendant's vessel when it departed Point Judith Harbor on the evening of September 17th -18th 2016.

Ex. M.

**Fed. R. Civ. P. 37(a)(1) Certification**

I certify I emailed defendant's counsel September 20, 2017 attempting to confer about defendant's failure to provide the discovery sought, in an effort to obtain it without Court action, to no avail. *See* Ex. N. There has been no response to either email.

**Relief Sought**

Plaintiffs seek an order compelling Nathan Carman to answer Interrogatory No. 15 and to provide documents responsive to Request for Production Nos. 29 and 30.

***Reason to Compel Answer to Interrogatory No. 15***

Fed. R. Civ. P. 33(a)(2) provides "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)" which Interrogatory No. 15 satisfies. It is a simple effort to find out the basis for Nathan Carman's denial to Request for Admission No. 1. There is nothing "overly broad, unduly burdensome" in affording an opposing party the routine opportunity to read 180 pages of his own testimony to identify and correct purported inaccuracies. In fact, if defendant was able to honestly deny Request for Admission No. 1 he must have already at least started reading the transcript.

Defendant's objection that EUO subjects are partly and wholly beyond the scope of discovery lacks merit. As a general proposition, how could an insured's EUO testimony (with counsel representing him) on an insurance claim he made not be within the scope of discovery in the insurer's declaratory judgment action based on that testimony? Here, the EUO questioning was focused on Mr. Carman's boating background, his use of the insured boat during his nine month ownership, his major alterations and odd repairs to it during that time, the final voyage and sinking when his mother went silently missing, and his BoatU.S. insurance claims. Ex. G. Because Mr. Carman is the sole eyewitness to many of these events, and most of the pertinent physical evidence disappeared with the sinking, the EUO transcript's critical relevance to this case is that it is his story, taken just three months after the sinking. Mr. Carman should be compelled to specify whatever it is he contends is not accurate in the

transcript of that story, as he agreed during his EUO.

In sum, defendant's objections now are evasive and not in good faith. Plaintiffs respectfully submit that a full answer should be ordered.

***Reason to Compel Response to Request for Production No. 29***

The production of any documents supporting Mr. Carman's good faith answer to Interrogatory No. 15 respectfully should be compelled for the same reasons stated above, which plaintiffs too incorporate by reference. Two other objections were lodged.

First, defendant objects that the request is not stated with "reasonable particularity." This approaches silliness since plaintiffs cannot better describe what unknown documents defendant might have related to very specific Interrogatory No. 15.

Second, defendant asserts the attorney-client privilege and work product doctrine. As stated in plaintiffs' first motion to compel, defendant must therefore submit a Fed. R. Civ. P. 26(b)(5)(A)(ii) privilege log.

***Alternative Relief to Determine the Sufficiency of Defendant's Denial***

Alternatively, under Fed. R. Civ. P. 36(a)(6), the Court on finding that Nathan Carman's answer to Request for Admission No. 1 "does not comply with this rule…may order either that the matter is admitted, or that an amended answer be served." That would be appropriate because "A denial must fairly respond to the substance of the matter," Fed. R. Civ. P. 36(a)(4), and since defendant has not provided any explanation sought by Interrogatory No. 15 and Request for Production No. 29, Nathan Carman's denial is not a fair response. *See generally Thalheim v. Eberheim*, 124 F.R.D. 34 (D. Ct. 1988) (admiralty case; disingenuous, hair-splitting, inadequate responses should not be permitted to undermine and frustrate Rule 36 and unfairly burden opposing party).

***Reason to Compel Response to Request for Production No. 30***

Defendant's objections, including his pencil example, are exaggerations because the request for production is limited to non-appurtenant (fastened) items *aboard* his boat at its last departure. In any event, defendant agrees to produce what plaintiffs requested. The real problem is that defendant has not provided any discovery to date, even for those interrogatories and requests for production to which he does not object.

**CONCLUSION**

With missing evidence, including Nathan Carman's mother and his suspicious structural alterations and repairs to his boat, plus its most curious sinking off the continental shelf, defendant's pre-litigation testimony on these topics is critical evidence here. Plaintiffs respectfully request that the Court grant this second motion to compel discovery from defendant regarding the truth and accuracy of his transcribed testimony.

RESPECTFULLY SUBMITTED September 25, 2017.

*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
*Pro Hac Vice*
Liam T. O'Connell
*Pro Hac Vice*
Farrell McAleer & Smith LLP
2355 Main Street, P.O. Box 186
South Chatham, MA 02659
508.432.2121 x 15
sealaw@live.com

*/s/ Sean T. O'Leary*
Sean T. O'Leary (#6035)
O'Leary Law Associates
4060 Post Road
Warwick, RI 02886
401.615.8584
sto@olearylaw.com

**CERTIFICATION OF SERVICE**

      I hereby certify that, on September 25, 2017, I filed this motion to compel via the Case Management/Electronic Case Filing System, through which a copy shall be electronically delivered to all individuals who are listed as registered participants in connection with the above-captioned action.

      */s/ David J. Farrell, Jr.*