# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. | |
| and | |
| BOAT OWNERS ASSOCIATION OF THE UNITED STATES | Civil Action No: 17-0038-S-PAS |
| | In Admiralty |
| Plaintiffs, | |
| v. | |
| NATHAN CARMAN | |
| Defendant. | |

## PLAINTIFFS' REPORT ON DISCOVERY CONFERENCE

Plaintiffs NATIONAL LIABILITY & FIRE INSURANCE COMPANY and BOAT OWNERS ASSOCIATION OF THE UNITED STATES, through undersigned counsel, reports on the in-person meeting held Wednesday evening December 6, 2017 with defendant NATHAN CARMAN's counsel, as directed by the Court's November 2, 2017 Text Order.

As factual background to that meeting, plaintiffs believe there are two important points for the Court to consider.

First, Carman inexplicably has still not provided any of the discovery for which he has not objected: Interrogatory Nos. 2, 6(b) and (c), 7, 8, and 14 and Requests for Production Nos. 6, 7, 9, 11, 12, 13, 14, 15, 17, 18, 22, and 25, *see* ECF No. 19 at 2, and Request for Production No. 30, as he agreed, *see* ECF No. 20 at 7 and 11.

Second, regarding Fed. R. Civ. P. 26(b)(1) scope of discovery and proportionality, this case involves more than an $85,000 vessel loss and $300,000 third-

party liability insurance policy denial.  In removing his boat's trim tabs hours before before departing on its final voyage, Carman not only failed to properly seal four thru-hull holes he thereby opened at the transom's waterline, *see* ECF No. 1-1 at 12, but two recent depositions establish Carman *enlarged* those four holes.  On December 6, 2017, Brian Woods, who extensively refurbished and sold the boat to Carman, testified that the four transom thru-hull holes he drilled when installing the trim tabs, in accordance with manufacturer directions, were ½" diameter.  But Carman's testimony in his pre-litigation Examination Under Oath was that on removing the trim tabs those four holes were the size of half dollars.  ECF No. 22-1 at 22 of 47 (sealed transcript page 83, lines 16-19).  On his own testimony he must have enlarged the ½" holes *at least* that much -- but in his October 26, 2017 deposition, Michael Iozzi testified he saw Carman bending over the transom using an electric power drill with a 1½" to 2" diameter hole saw hours before the final voyage.

As the transom holes have gotten bigger, Carman's problems in this case have also grown.  This is evidence plaintiffs did not know about until the fall of 2017.  No wonder the boat sank and Carman's mother died.  And this new evidence reinforces plaintiffs' motions to compel discovery from Carman as "proportional to the needs of the case, considering the importance of issues at stake in the action…."  Fed. R. Civ. P 26(b)(1).

With that background, following counsels' meeting it was agreed to narrow plaintiffs' two motions to compel only as follows:

Plaintiffs withdraw **Interrogatory No. 3** regarding Carman's employment and will address it during his deposition.

On **Interrogatory No. 4** regarding Carman's medical/mental condition, counsel agreed that if the word "issue" is replaced with "claim or defense," Carman's answer is "no."  Thus **Interrogatory No. 5** and **Request for Production No. 2** regarding diagnosis and medical records become moot, on the understanding that defendant will not be disclosing any medical/psychiatric expert.

Plaintiffs withdraw **Interrogatory No. 6a** and will address Carman's communications with law enforcement during his deposition.

Plaintiffs withdraw **Requests for Production 3 and 4** seeking signed releases.

On **Request for Production No. 8**, plaintiffs are fine with Carman's production of dedacted credit card statements reflecting only his payment of BoatU.S. insurance premiums.  Plaintiffs understand that Carman will produce bank/credit/debit card statements regarding boat purchases and his objection to **Request for Production No. 10** is to other purchases.  Dedacting non-boat purchases is similarly fine with plaintiffs.

On **Requests for Production Nos. 16, 19, and 20** plaintiffs understand that Carman will provide a privilege log and otherwise will produce documents not protected by the attorney-client privilege or work product doctrine.

RESPECTFULLY SUBMITTED December 7, 2017.

        */s/ David J. Farrell, Jr.*
        David J. Farrell, Jr.
        *Pro Hac Vice*
        Liam T. O'Connell
        *Pro Hac Vice*
        Farrell & Smith LLP
        2355 Main Street, P.O. Box 186
        South Chatham, MA  02659
        508.432.2121 x 15
        sealaw@live.com

>*/s/ Sean T. O'Leary*
>Sean T. O'Leary (#6035)
>O'Leary Murphy, LLC
>4060 Post Road
>Warwick, RI  02886
>401.615.8584
>sto@olearymurphy.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2017 I filed this report via the Case Management/Electronic Case Filing System, through which a copy shall be electronically delivered to all individuals who are listed as registered participants in connection with the above-captioned action.

*/s/ David J. Farrell, Jr.*