UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL LIABILITY & FIRE :
INSURANCE COMPANY and BOAT :
OWNERS ASSOCIATION of the :
UNITED STATES, :
    Plaintiffs, :
     :
v. : C.A. No. 17-038WES
     :
NATHAN CARMAN, :
    Defendant. :

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

At a hearing held on December 8, 2017, the Court took up the motions to compel discovery (ECF Nos. 19 and 20) from Defendant Nathan Carman filed by Plaintiffs National Liability & Fire Company and Boat Owners Association of the United States. During the hearing, for the reasons stated on the record, the Court granted in part and denied in part both motions. This Order reflects the ruling of the Court that was memorialized on the record as follows:

    1.    <u>Scope of Relevancy</u>

Pursuant to Fed. R. Civ. P. 26(b)(1), the scope of what is relevant and therefore discoverable is framed by the pleadings. In this case, that includes Plaintiffs' reliance in their complaint on the exclusion in the relevant insurance policy for "any loss, damage or expense caused intentionally by, with knowledge of, or resulting from criminal wrongdoing by any insured," as well as Plaintiffs' assertions in their affirmative defenses to Defendant's counterclaim that the counterclaim is barred by illegality, unclean hands, by Defendant's material alteration of the boat, and that the sinking of the boat was caused intentionally and with

Defendant's knowledge. E.g., ECF Nos. 1 ¶ 37; 14 ¶¶ 88-102. Recognizing that, "[a]s a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action," Fudge v. Time Warner Cable, Inc., No. 3:16-CV-11396-MGM, 2017 WL 2836992, at *3 (D. Mass. June 30, 2017), as well as that, "because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case," id., facts that bear on Defendant's knowledge and intentions with respect to the sinking of the boat are relevant. See Brandt v. Fitzpatrick, No. 1:15-CV-00461-NT, 2017 WL 3841652, at *3 (D. Me. Sept. 1, 2017) ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.") (quoting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 387-88 (2008)). Coupled with proportionality, this determination of relevancy informed the Court's rulings on the individual interrogatories and document requests.

    2.    <u>Deadline for Compliance</u>

Defendant shall produce all of the interrogatory responses and documents required by this Order by December 22, 2017. If any privilege is invoked, such production shall be accompanied by a privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A). If Defendant is unable to fully comply with the deadline established by this Order, he shall produce all responses and documents then ready for production and shall promptly request a telephone conference with the Court for leave to have more time as to specific items.

    3.    <u>Protective Order</u>

As more fully reflected in the record of the hearing, the Court finds that certain of the documents and information to be provided contain highly confidential and/or private and non-public information such that the protections of Fed. R. Civ. P. 26(c) shall be afforded to such material.  To implement this protection, by the close of business on December 12, 2017, counsel for Plaintiff is directed to present counsel for Defendant a proposed protective order providing for the following protections: (1) for highly confidential and private documents and information, attorneys-eyes-only access with retention by counsel in a storage area (physical or electronic) with added protection to ensure no access except as needed for use in connection with this case; and (2) for other documents whose content is non-public, access to such documents and information shall be limited to the parties and attorneys (including experts) involved with this case and the use of such material shall be limited to this case.  The proposed order shall provide that documents and information covered by (1) shall be clearly marked by the producing party as highly confidential and documents and information covered by (2) shall be clearly marked by the producing party as confidential.  The parties may agree to other protections, such as protection for inadvertently produced privileged documents pursuant to Fed. R. Civ. P. 26(b)(5)(B).  An agreed-upon protective order consistent with this Order shall be presented to the Court for entry no later than the deadline for Defendant's production on December 22, 2017.

4. <u>Interrogatories and Document Requests as to Which Defendant Has No Objection</u>

Defendant has made no objection to Interrogatories 2, 6(b), 6(c), 7, 8 and 14, and Requests for Production 6, 7, 9, 11, 12, 13, 14, 15, 17, 18, 22 and 25.  Defendant has withdrawn his objection to Request for Production 30.  Plaintiffs' motion to compel complete responses to these Interrogatories, signed under oath, and complete production of the documents responsive to these Requests for Production is granted.

5.      Social Security Number

Plaintiffs' motion to compel a response to Interrogatory 1 is granted, subject to Defendant's right to obtain the highest level of protection afforded by the protective order.

6.      Medical, Mental or Psychiatric Conditions

Plaintiffs' motion to compel a response to Interrogatories 4 and 5 and Request for Production 2 is granted, provided the words "claim or defense" are deemed to be substituted for the word "issue" in Interrogatory 4. To be clear, should Defendant elect to disclose an expert witness to testify regarding his medical, mental, psychiatric, psychological or social condition, he must have timely produced during the fact discovery phase of the case all of the medical records sought by these Interrogatories and Request.

7.      Prior Court Cases, Criminal Convictions and Insurance Claims

Plaintiffs' motion to compel a response to Interrogatory 9 is denied, except to the extent that it seeks information related to court proceedings arising from insurance claims (other than those regarding medical insurance), which must be supplied in response to Interrogatory 11. Plaintiffs' motion to compel a response to Interrogatory 10 is granted. Plaintiffs' motion to compel a response to Interrogatory 11 is granted, provided that the Interrogatory is deemed not to seek information regarding medical insurance claims.

8.      Firearms

Plaintiffs' motion to compel responses to Interrogatory 12 and Request for Production 5 concerning Defendant's possession of firearms is granted in part, in that Defendant must respond to both requests by supplying information about the specific firearm that has been associated with the death of his grandfather. Otherwise, the motion is denied without prejudice to Plaintiffs

seeking additional information regarding firearms in the event that new facts render such discovery relevant.

        9.        Material In The Custody Of Law Enforcement

Plaintiffs' motion to compel a response to Interrogatory 13 is granted, provided that the words "physical item" are deemed to be substituted for the words "piece of physical evidence."

        10.        Social Media, Text Messages, the "Cloud," and Catch-all Request

Plaintiffs' motion to compel responses to Requests for Production 24 and 27 is granted in part, in that Defendant shall confirm whether his search to comply with his discovery obligations has included all text messages, social media messages and posts, and any materials stored in a "cloud" or other electronic storage mechanism where such relevant and responsive documents may be located and that nothing has been withheld solely because it is stored electronically, in social media or in the "cloud."  Plaintiffs' motion to compel a response to Request for Production 27 is denied.

        11.        Telephone Records

Plaintiffs' motion to compel a response to Request for Production 28 is granted in part to the extent that Defendant shall produce all phone records in his possession that reflect his location when he placed or received a telephone call, for the period from September 1, 2016, through September 25, 2016, subject to the protection of the protective order referenced above.

        12.        Examination Under Oath

Plaintiffs' motion to compel responses to Interrogatory 15 and Request for Production 29 is denied, provided that Plaintiffs may inquire regarding the pre-litigation testimony during a deposition taken in this case.

        13.        Motion to Strike Affirmative Defense

During the hearing, Defendant's counsel stated that he intended to make an oral motion to strike Plaintiffs' affirmative defense alleging fraud (ECF No. 14 ¶ 88) because it is pled with insufficient particularity to fulfill the requirements of Fed. R. Civ. P. 9.  The Court advised that it would deny such an oral motion without prejudice because the Court's ruling on relevancy is unaffected by whether the affirmative defense alleging fraud is stricken or not and because the motion to strike raised issues beyond the scope of the referral pursuant to 28 U.S.C. § 636(b)(1)(A).  Defendant was directed to file such motion in writing in accordance with DRI LR Cv 7(a)(1).

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 12, 2017