UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. | : |
| and | : |
| | : |
| BOAT OWNERS ASSOCIATION OF THE UNITED STATES | : Civil Action No: 17-0038-S-PAS |
| | : |
| | : In Admiralty |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : : |
| NATHAN CARMAN | : |
| | : |
| Defendant. | : |

## SECOND AMENDED ANSWER TO AMENDED COUNTERCLAIM

Plaintiffs/counterclaim defendants NATIONAL LIABILITY & FIRE INSURANCE COMPANY ("NLFIC") and BOAT OWNERS ASSOCIATION OF THE UNITED STATES ("BoatU.S."), by and through their attorneys submit this amended answer to Defendant Nathan Carman's Amended Counterclaim as follows:

The Parties

1.     Plaintiffs admit defendant provided an address in Vernon, Vermont but lack knowledge or information sufficient to form a belief that he was resident there.

2.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.    Admitted.

7.    Admitted.

8.    Plaintiffs admit Berkshire Hathaway, Inc. is a publicly traded for-profit corporation but deny the remaining allegations.

9.    Denied.

10.   Admitted.

General Factual Allegations

11.   Admitted, except that Boat America Corporation and Boat/U.S., Inc. are wholly owned indirect subsidiaries of Berkshire Hathaway, Inc.

12.   Denied.

13.   Admitted.

14.   Denied, as the allegation omits other information on the website, which speaks for itself.

Preliminary Communications Between the Parties

15.   Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation.

16.   Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation.

17.   Admitted.

18.   Admitted

The Offer

19.   Admitted.

20.   Denied, because *inter alia* Exhibit A speaks for itself.

21.   Denied, because *inter alia* Exhibit A speaks for itself.

22.   Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the

allegation.

23.   Plaintiffs admit Exhibit B references "Quotation#:  3985989 02" and deny the remaining

allegations.

24.   Denied, because *inter alia* Exhibits B and A speak for themselves.

25.   Denied, because *inter alia* Exhibits B and A speak for themselves.

Acceptance and Offer

26.   Denied, because *inter alia* Exhibit A speaks for itself.

27.   Denied, because *inter alia* Exhibit A speaks for itself.

28.   Denied, because *inter alia* Exhibit A speaks for itself.

Terms, Conditions and Limitations of the Insurance Contract

29.   Plaintiffs admit there were "other things" the parties agreed to and deny the remaining

allegations *inter alia* because Exhibit A speaks for itself.

Marine Insurance Binder

30.   Denied, to the extent that ¶¶ 26 - 28 are denied and because *inter alia* Exhibits A and C

speak for themselves.

Loss

31.   Plaintiffs deny that defendant's boat sank due to accidental causes and lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations.

Notice of Claim

32.   Plaintiffs admit that defendant made a claim but deny the remaining allegations.

33.   Denied, to the extent that ¶ 32 is denied and because *inter alia* plaintiffs' October 12,

2016 letter speaks for itself.

Proof of Claim

34.     Denied.

35.     Denied, as plaintiffs' November 11, 2016 letter speaks for itself.

36.     Plaintiffs admit that defendant appeared for his Examination Under Oath as required and deny the remaining allegations.

37.     Admitted.

38.     Admitted.

Denial of Claim

39.     Denied, because *inter alia* plaintiffs' January 27, 2017 letter which speaks for itself was sent to defendant prior to the Complaint for Declaratory Judgment's efiling that day.

40.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of what defendant means by "unrestricted" and admit the remaining allegations.

41.     Denied.

42.     Denied.

43.     Plaintiffs deny the relationship as described and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

44.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation that the boat sank on September 18, 2016 or what defendant means by "unrestricted" and admit the remaining allegations.

45.     Denied, because plaintiffs' January 27, 2017 letter which speaks for itself was not fully described or properly dated in defendant's ¶ 39.

46.     Plaintiffs admit the Agreed Value of the JC 31 Cruiser was increased to $85,000 and the deductible was increased to $1,700 but deny the remaining allegations to the extent that ¶ 29 is

denied.

47.    Denied.

48.    Denied because defendant's statement of the duty is not in accordance with controlling

maritime law.

49.    Denied.

COUNT I

Breach of Insurance Contract

Nathan Carman v. National Liability & Fire Insurance Company

50.    NLFIC incorporates its above answers to ¶¶ 1 – 49.

51.    Denied, to the extent ¶¶ 29, 30, and 46 are denied and because *inter alia* Yacht Policy

No. 3985989-15 speaks for itself.

52.    NLFIC lacks knowledge or information sufficient to form a belief about the truth of the

allegation.

53.    Denied.

54.    Denied.

55.    Denied.

56.    NLFIC admits the first sentence, with the caveat that the January 27, 2017 letter speaks

for itself, and denies the second sentence.

COUNT II

Breach of Sales and Insurance Contract

Nathan Carman v. Boat Owners Association of the United States

57.    BoatU.S. incorporates its above answers to ¶¶ 1 – 49.

58.    Denied, because *inter alia* Exhibit A speaks for itself.

59.    Denied, because *inter alia* Exhibits A and B and its enclosure speak for themselves.

60.    Denied, because *inter alia* Exhibits A-C speak for themselves.

61.    Denied, to the extent ¶¶ 57 - 60 are denied and because *inter alia* Exhibit A speaks for itself.

62.    Denied.

63.    Denied.

64.    Denied, because Exhibit C speaks for itself and/or was not in effect at the time of loss.

65.    Denied.

66.    BoatU.S. lacks knowledge or information sufficient to form a belief about the truth of the allegation.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Admitted.

COUNT III
Breach of Duty of Utmost Good Faith and Fair Dealing
In Connection with Marketing & Sale of Marine Insurance

71.    Plaintiffs incorporate their above answers to ¶¶ 1 – 70.

72.    Admitted, and *vice versa*.

73.    Denied.

74.    Denied.

COUNT IV
Breach of Duty of Utmost Good Faith and Fair Dealing
In Connection with Marine Insurance Claims Settlement Practices

75.    Plaintiffs incorporate their above answers to ¶¶ 1 – 70.

76.    Admitted, and *vice versa*.

77.    Denied.

78.   Denied.

## COUNT V
### Breach of Duty of Utmost Good Faith and Fair Dealing
### In Connection with Marketing & Sale of Consumer Insurance

79.   Plaintiffs incorporate their above answers to ¶¶ 1 – 70.

80.   Denied.

81.   Denied.

82.   Denied.

## COUNT VI
### Unfair and Deceptive Claims Settlement Practices

83.   Plaintiffs incorporate their above answers to ¶¶ 1 – 70.

84.   Denied.

85.   Denied.

86.   Denied.

## AFFIRMATIVE DEFENSES

Without prejudice to any other positions taken by NLFIC and/or BoatU.S., they affirmatively defend:

87.   Defendant waived and is estopped from making his counterclaim because *inter alia*

a. The BoatU.S. Marine Insurance Program website provided notice that policy coverage is subject to its terms, conditions, limits, and exclusions.

b. Defendant's Exhibit A, ECF No. 12-1, states "Policy Type 'All Risk' (Subject to policy limits, warranties and exclusions.)"

c. Defendant's Exhibit C, ECF No. 12-3, states at the top "THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON

THE REVERSE SIDE OF THIS FORM." On the reverse side, under "CONDITIONS" it states "This insurance is subject to the terms, conditions, limitations and exclusions of the policy(ies) in current use by the Company.... This binder is cancelled when replaced by a policy."

d. Defendant was able to obtain a copy of his policy online by using the Policy Self-Service Login.

e. Plaintiffs mailed the BoatU.S. Yacht Policy booklet and Declarations Page to defendant on December 23, 2015.

f. Defendant's 2/17/2016 Marine Insurance Application contained Special Conditions he replied he would satisfy by March 30, 2016.

g. The Certificate of Marine Insurance defendant requested, dated 03/25/2016, states "THE POLICY DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICY."

h. Defendant signed for an April 28, 2016 certified letter from BoatU.S. citing and quoting certain "Exclusions" in his Policy No. 3985989-15 which might not provide insurance coverage for an engine damage claim he had recently submitted.

i. Defendant on November 29, 2016 telephoned BoatU.S. to request a copy of his insurance policy documents and BoatU.S. emailed him a copy of his Yacht Policy and Declarations Page with Endorsement the same day.

j. The December 30, 2016 letter from defendant's first Attorney Hubert J. Santos acknowledged that BoatU.S. on November 11, 2016 "sent Mr. Carman a letter by email formally invoking the EUO clause of the policy" which appears on page 2 of the BoatU.S. Yacht Policy and neither that attorney nor defendant protested his five hour Examination Under Oath ("EUO") conducted by plaintiffs on December 16, 2016.

88.    Defendant's amended counterclaim, ECF No. 12 at 10-32, including his insurance claim, *id.* at 17, are barred by fraud because his boat's sinking was not an accident.  ECF No. 1 ¶¶ 39 and 16.  His policy's Vermont Endorsement states:

### Fraud And Concealment

If you or your agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before or after any loss coverage may be denied and the policy cancelled.

Also: "We may cancel for…Material misrepresentation or fraud by you with respect to any material fact affecting this policy or in the submission of any claim under this policy…."  ECF No. 1 at 5.  Defendant omitted telling plaintiffs he removed the boat's two forward structural bulkhead halves and he removed the boat's trim tabs before departing on its final voyage and loss on September 18, 2016.  *Id.* at 7.  Just hours before departing, on removing the trim tabs defendant used an electric drill with hole saw and enlarged four 1/2" diameter holes in the transom near the waterline at least as big as half dollars, which he omitted and concealed during his Examination Under Oath.  In his Examination Under Oath defendant misrepresented his reason for removing the trim tabs and his reason for removing the bulkhead halves.  He did so with the intention of sinking his boat.  During his Examination Under Oath defendant further misrepresented his boat's alleged course to Block Canyon and the location of its sinking on NOAA Chart 12300 because among other reasons if his life raft had been deployed there on September 18, 2016 as he swore falsely, oceanographic analysis shows it would not have drifted to where defendant was picked up by ORIENT LUCKY on September 25, 2016 given winds and currents.  That misrepresentation has precluded efforts to recover the sunken boat and plaintiffs' ability to inspect it and the alterations Carman made to it.  These and other of defendant's

omissions, concealments from, and misrepresentations to plaintiffs, as will be shown following additional discovery, were made by him in the context of his insurance claim.  In continuing to pursue his insurance claim, defendant attempts to defraud plaintiffs so he can wrongly obtain $85,000 in insurance proceeds.  Similarly, defendant attempts to mislead plaintiffs into erroneously concluding that his mother's disappearance was an accident.  Defendant has thereby caused injury to plaintiffs who continue to incur attorneys' fees and costs in denying defendant's fraudulent insurance claim.  Therefore, this Court should declare defendant's insurance policy cancelled as of September 17, 2016 and coverage under it denied.

89.    Defendant's counterclaim is barred by illegality.

90.    Defendant's counterclaim is barred by his unclean hands.

91.    Defendant's counterclaim is barred by the doctrine of laches.

92.    Defendant's marine insurance policy is void and/or voidable and/or cancelled.

93.    Defendant's counterclaim is barred by the terms, conditions, limits, and exclusions of his policy.

94.    Defendant's counterclaim is barred in that he materially altered the boat such that it was not the same boat as insured by plaintiffs without notifying them before it sank.

95.    Defendant's counterclaim is barred due to his failure to satisfy one or more conditions precedent and/or conditions under the policy.

96.    Defendant's counterclaim fails to state a claim upon which relief can be granted.

97.    The sinking of defendant's boat was not fortuitous or accidental.

98.    The sinking of defendant's boat was not a covered loss under his policy.

99.    Defendant breached his policy and is not entitled to coverage.

100.    Defendant's policy does not cover the sinking of his boat for which insurance is excluded.

101.    The sinking of defendant's boat was caused by his incomplete, improper or faulty repair.

102.    The sinking of defendant's boat was caused intentionally and with his knowledge.

103.    Defendant breached the negative implied warranty of seaworthiness.

104.    Defendant is not entitled to insurance coverage for all the reasons stated in plaintiffs' Complaint for Declaratory Judgment.

105.    Plaintiffs' investigation and denial of defendant's claim were in all respects conducted and concluded in good faith, thus barring his counterclaim.

106.    Plaintiffs reserve the right to rely upon further defenses as may become apparent later in discovery or otherwise and reserve the right to amend this pleading accordingly.

107.    This case is governed by maritime law.

WHEREFORE, plaintiffs respectfully request that defendant's counterclaim be dismissed with prejudice, and with costs and fees awarded to plaintiffs.

RESPECTFULLY SUBMITTED December 22, 2017.

Respectfully Submitted,

/s/ David J. Farrell, Jr.
David J. Farrell, Jr.
Pro Hac Vice
Liam T. O'Connell
Pro Hac Vice
Farrell & Smith LLP
2355 Main Street, P.O. Box 186
South Chatham, MA  02659
508.432.2121 x 15
sealaw@live.com

/s/ Sean T. O'Leary
Sean T. O'Leary (#6035)

O'Leary Law Associates
4060 Post Road
Warwick, Rhode Island 02886
401.615.8584 Office
sto@olearylaw.com

Certificate of Service

I certify I served this proposed Second Amended Answer to Amended Counterclaim
on Attorneys Anderson and Humphrey 12/22/2017 via the
CM/ECF System.

/s/ David J. Farrell, Jr.