# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. | : |
| and | : |
| BOAT OWNERS ASSOCIATION OF THE UNITED STATES | : Civil Action No: 17-0038-S-PAS |
| | : In Admiralty |
| Plaintiffs, | : |
| v. | : |
| NATHAN CARMAN | : |
| Defendant. | : |

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANT'S DEPOSITION TESTIMONY

Plaintiffs National Liability & Fire Insurance Co. and Boat Owners Association of the United States ("BoatU.S.") move pursuant to Fed. R. Civ. P. 30 and 37 and LR Cv 7 for an order compelling Defendant Nathan Carman to answer brief deposition questions related to his grandfather's homicide and the specific firearm that has been associated with it as well as Defendant's possible inheritance from his grandfather and mother.

## Fed. R. Civ. P. 37(a)(1) Certification

I certify I emailed Defendant's attorney January 26, 2018 in a good faith effort to obtain the requested discovery without Court action, and that we spoke by telephone later that afternoon, but we were unable to resolve the impasse that is clear on the record of the January 22, 2018 deposition of Nathan Carman. After Defendant responds to this motion I will contact his attorney to meet and confer again.

**Exhibits**

Exhibits in support of this motion are listed below. Some are filed under seal because Defendant has designated them "CONFIDENTIAL." See ECF No. 31 Order at 3; ECF No. 35 Protective Order.

1. Defendant's Answer to Interrogatory 12 (under seal);

2. Defendant's Response to Request for Production 5 (under seal);

3. Court reporter emails and transcript[1] excerpts from the Deposition of Nathan Carman, January 22, 2018 (under seal);

4. Carman Dep. Ex. 37 (Connecticut Search and Seizure Warrant);

5. Carman Dep. Ex. 38 (United States Coast Guard, Freedom of Information Act Response, Page 10 of 41); and

6. January 26, 2018 emails between the parties' attorneys.

**Relief Sought**

Because his attorney instructed Defendant Nathan Carman during his deposition not to answer certain questions, Plaintiffs seek an order compelling him to testify regarding Carman Dep. Ex. 37 and its ¶ 19 reference to the Sig Sauer 716 Patrol .308 caliber rifle; regarding Carman Dep. Ex. 38 and its reference to a boat ride on the night his grandfather died; and regarding Defendant Nathan Carman's possible inheritance from his grandfather and mother.

---

[1] Because factual discovery will close February 9, 2018 Plaintiffs are filing this motion now with expedited excerpts from the transcript. As soon as it is ready a dual screen video/transcript of the full deposition will be filed under seal.

Specifically, Plaintiffs seek Defendant's testimony on and answers to:

    a. Where, when, and why, did Defendant purchase the Sig Sauer 716 Patrol .308 caliber rifle?

    b. How much did it cost?  Are there any purchase and sale documents and/or permits related to the Sig Sauer 716 Patrol .308 caliber rifle?

    c. Is the Sig Sauer 716 Patrol .308 caliber rifle now in Defendant's possession and if not, where is it or what happened to it?  When did he last have possession of it?

    d. Regarding the Coast Guard reference to a boat ride on the night Defendant's grandfather was murdered, who planned to go and/or went for a boat ride that night and what is Defendant's understanding of his possible inheritance?

    e. As with his mother, was Defendant the last person to see his grandfather alive?

    f. Did Defendant murder his grandfather?  Does Defendant know who did?

    g. Short, logical follow-up and/or clarification on the above topics.

In addition, Plaintiffs request that the Court order one additional hour beyond the presumptive 7 hour deposition limit so that Plaintiffs can obtain testimony on the above topics and then general and wrap-up questions on other topics to fairly examine Defendant since the deposition transcript shows the defense impeded, delayed, and frustrated Plaintiff's fair examination of Defendant, with sanctions appropriate.  *See* Fed. R. Civ. P. 30(d)(1) and (2).

**Reasons to Grant Relief**

Plaintiffs deposed Defendant Nathan Carman on Monday January 22, 2018 in the Salem, Massachusetts office of Farrell & Smith LLP.  Commencing just after 10 am,

3

routine background deposition questions immediately met with unusual obstruction. Defendant was instructed not to testify about what he had done during the last 13 months since his Examination Under Oath – no testimony was allowed as to any gainful employment, education, or other activity during that period. Ex. 3 at 4-6.[2]

It was also apparent Defendant tried to run out the 7 hour deposition clock. Many of his answers can only be described as long-winded. Without going into them in this motion because the transcript is filed under seal, as one example, his answer to undersigned's question seeking an estimate engendered Defendant's curiously involved answer reaching back to his kindergarten days. *Id.* at 19-21. Even Defendant and his attorney acknowledged that could be construed as "wasting time" and therefore volunteered to add time to the 7 hour limit. *Id.* at 19 line 22 to 20 line 8.

There were repeated speaking objections, also long-winded, and sometimes yelled, contrary to Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner"), *e.g.*, Ex. 3 at 22 to 23 line 14; 34 line 21 to 36 line 10, which cumulatively ate up deposition time.

Worse, an inappropriate interruption for witness-coaching occurred while Defendant was examined about the BoatU.S website, *id.* at 13-18, with his attorney twice blatantly inserting his view of evidence on the record before getting to the next page in the document, *id.* at 15-16, which was being examined page-by-page in reverse order, with follow-up questions on particular pages, *id.* at 13 lines 21-22; 15 line 1. On the second occasion, after being warned, Defendant's attorney disingenuously denied

---

[2] The transcript is a bit confusing in that cited page numbers are printed in the right margin, not at the bottom of the page.

coaching the witness and went ahead and did it again. *Id.* at 15-16. This egregiously impeded and frustrated "the fair examination of the deponent" for which "[t]he court may impose an appropriate sanction," Fed. R. Civ. P. 30(d)(2), striking and barring all such coached testimony from this case. *See Southgate v. Vermont Mut. Ins. Co.*, 2007 WL 1813547 *1, at *3 and *5 n.6 (D. R.I. 2007) ("Defendant's attorney then cited a particular provision" which is proscribed: "Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to…documents, testimony, and the like"); *McDonough v. Keniston*, 188 F.R.D. 22, 23-24 (D. N.H. 1998) (*"No Coaching Nor Speaking Objections"*). "The effectiveness of this coaching is clearly demonstrated," *id.* at 24, by Nathan Carman's subsequent testimony, Ex. 3 at 17 lines 11-15.

Regarding Plaintiffs' attempts to question Defendant about the firearm, the parties and the Court have been through this before. Plaintiffs' Interrogatory 12 and Request for Production 5 on firearms were included in Plaintiffs' first motion to compel discovery from Defendant, ECF No. 19 at 9 and 13-14, following which the Court ruled:

> 8. <u>Firearms</u>
>
> Plaintiffs' motion to compel responses to Interrogatory 12 and Request for Production 5 concerning Defendant's possession of firearms is granted in part, in that Defendant must respond to both requests by supplying information about the specific firearm that has been associated with the death of his grandfather. Otherwise the motion is denied without prejudice to Plaintiffs seeking additional information regarding firearms in the event that new facts render such discovery relevant.

ECF No. 31 at 4-5 (Dec. 12, 2017 Order). However, in Defendant's subsequent interrogatory answer and document production, he provided no information. Exs. 1-2.

Plaintiffs attempted to use ¶ 19 of the search warrant, attached as Ex. 4, during

Defendant's deposition to identify "the specific firearm that has been associated with the death of his grandfather," as referenced by the Court in the above Order. Ex. 3 at 22 to 24 line 4; 28 line 14 to 29 line 19; 30 lines 6-9. Again, Defendant provided no information. Plaintiffs thus move pursuant to Fed. R. Civ. P. 37(a)(3)B)(i) because Defendant "fail[ed] to answer a question asked under Rule 30."

Following instructions not to answer, Defendant did not provide any testimony regarding the firearm, Ex. 3 at 22 line 6; 29 lines 18-19, his grandfather's murder, *id.* at 25; 32 line 21 to 33 line 2; 34 line 21 to 35 line 1, or inheritance, *id.* at 35 line 15 to 36 line 5. These instructions not to answer expended a 20 page colloquy. *Id.* at 22-42.

Plaintiffs' attempt to question on these topics is not the "fishing trip" contended by Defendant, *id.* at 36-37, and are within the scope of discovery, *e.g.*, ECF No. 36 at 9-11, Plaintiffs' Affirmative Defenses 88 (fraud), 89 (illegality), and 102 (intentional sinking); Complaint ECF No. 1 at ¶ 37 (coverage Exclusion "F. any loss, damage or expense caused intentionally by, with the knowledge of, or resulting from criminal wrongdoing by any insured"). Furthermore, Plaintiffs' questions were authorized by the Court's above December 12, 2017 order and are on topics the Coast Guard considered relevant in the early stages of its Search and Rescue efforts, Ex. 5. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). None of those exceptions apply here or were asserted by Defendant during the deposition.

After normal breaks and lunch, Plaintiffs adjourned the deposition at 6:12 pm with 6 hours 47 minutes total time on the record, to make this motion. Ex. 3 at 41 lines 11-

6

15; Fed. R. Civ. P. 37(a)(3)(C) ("When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order").

## Conclusion

Plaintiffs respectfully request that this motion to compel deposition testimony be granted including one additional hour of deposition time, for a total not to exceed 8 hours on the record, to fairly finish the oral examination of Defendant Nathan Carman, absent further problems.

RESPECTFULLY SUBMITTED January 29, 2017.

*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
*Pro Hac Vice*
Liam T. O'Connell
*Pro Hac Vice*
Farrell & Smith LLP
2355 Main Street, P.O. Box 186
South Chatham, MA  02659
508.432.2121 x 15
sealaw@live.com

*/s/ Sean T. O'Leary*
Sean T. O'Leary (#6035)
O'Leary Law Associates
4060 Post Road
Warwick, Rhode Island 02886
401.615.8584 Office
sto@olearylaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on January 29, 2018 I filed this motion to compel via the Case Management/Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys listed as registered participants in connection with this case.

*/s/ David J. Farrell, Jr.*