# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. : <br> : <br> and : <br> : <br> BOAT OWNERS ASSOCIATION OF THE : <br> UNITED STATES : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NATHAN CARMAN : <br> : <br> Defendant. : | Civil Action No: 17-0038-S-PAS <br><br> In Admiralty |

## DECLARATION OF PLAINTIFFS' ATTORNEY DAVID J. FARRELL, JR.

I, David J. Farrell, Jr., am *pro hac vice* attorney of record for Plaintiffs and make this declaration based on my personal knowledge.

1. Attached are Defendant's two Fed. R. Civ. P. 30(b)(6) deposition notices, one for each Plaintiff, both dated January 26, 2018. While not identical, the listed topics largely overlap. NLFIC's deposition is noted for today February 6, Ex. 1, and BoatU.S.'s deposition is noted for February 9, 2018, Ex. 2.

2. Ex. 3 is a related email string between counsel:

a. I emailed Attorney Anderson January 29, 2018 noting that BoatU.S. is a Managing General Agent for NLFIC; that the first corporate designee for both Plaintiffs, Michael Pellerin, BoatU.S. VP Underwriting, would be out of the office February 5-11, 2018; and that the second corporate designee for both Plaintiffs, Martha Charlesworth, BoatU.S. Adjuster, had already been deposed by Defendant for 7 hours and that her re-deposition would be "'unreasonably cumulative and duplicative,'" meriting a protective

order.  Mr. Pellerin and Ms. Charlesworth had both been identified in Plaintiffs' Initial Disclosures, dated June 15, 2017.

b. Attorney Anderson responded January 31, 2018.  Regarding Ms. Charlesworth, he sought my identification of the two Plaintiffs' 30(b)(6) topics for which she is the designee so that he could consider whether to accept her prior deposition testimony, which I gather is the gist of what he wrote:

> Before I would even consider accepting her individual testimony as 30(b)(6) testimony, I would need to [sic] you to identify which of the two Defendant [sic] you are proposing she is testifying for, and for each such Defendant [sic] which specific deposition topics listed in the 30(b)(6) notice you are designating Ms. Charlesworth as a parties['] 30(b)(6) spokesperson.

c. Attorney Anderson emailed me again February 2, 2018 looking for my response, so that he could "evalueate [sic] whether to accept all or part of Ms. Charlesworth's testimony as testimony of one or the other Plaintiff."

3.  Yesterday at 8:35 am I emailed Attorney Anderson a detailed letter response, as he had requested, prior to our scheduled afternoon telconf, Ex. 4.  My letter makes clear from the Complaint and Answer that the parties agree BoatU.S. is NLFIC's Managing General Agent; therefore BoatU.S. can answer for both itself and NLFIC.  My letter also identified the numbered topics each corporate designee would testify about and in Ms. Charlesworth's case, noted she had already testified on most of those topics during her 7 hour deposition.  My letter's last three sub-paragraphs addressed 5 topics and why re-deposing Ms. Charlesworth on them would be inappropriate.

4.  Attorney Anderson and I then spoke yesterday afternoon, for more than 30 minutes on this.  We came to three agreements.  First, business proprietary information

will be treated by Defendant as "CONFIDENTIAL," similar to the earlier Protective Order in this case, ECF No. 35. Second, we agreed to make a joint motion proposing a one month fact discovery extension; this would allow the Court to consider Plaintiffs' Motion to Compel Defendant's Deposition Testimony, ECF No. 37; we agreed no new deposition notices or written discovery would be served; and we would also propose extending expert disclosure dates one month to allow the completion of fact discovery beforehand. Third, we agreed that Plaintiffs would make Mr. Pellerin available for a deposition in Boston on or about February 15, 2018.

5. However, on Ms. Charlesworth there was no agreement, despite my designation of her 30(b)(6) topics for both Plaintiffs as listed in my February 5, 2018 letter, Ex. 4. With the fact discovery extension we had just agreed to, I urged Attorney Anderson to put off today's deposition and implored him to meet and confer with me, item-by-item, on the topics designated for Ms. Charlesworth. I was sure we could easily confirm from her prior deposition transcript the 30(b)(6) topics on which she had already been deposed and also whether there were any topics on which he validly sought additional deposition testimony. But he flatly refused to re-schedule today's deposition and refused to accept any of Ms. Charlesworth's prior deposition "retrospectively" on the 30(b)(6) topics, which seemed contrary to his Ex. 3b and 3c emails. I asked why but he gave no reason; I asked if he had any case law support and he said no; and I asked if he had previously dealt with a similar situation in another case and he said no.

6. On the next page is a table of the Ex. 4 list of 30(b)(6) designated topics for Ms. Charlesworth and reasons why she does not need to be re-deposed, with deposition page excerpts, Ex. 5, in the right column:

3

| NLFIC 30(b)(6) Topics | Charlesworth 01-16-2018 Dep. |
|---|---|
| 6, footnote allows document production in lieu of deposition, *see* Ex. 1 at 2 | |
| 7, footnote allows document production in lieu of deposition, *see* Ex. 1 at 2 | |
| 8 (verbal communications) | *e.g.*, 240-41 (tel calls) |
| 10, *see* Ex. 4 at 2; ECF No. 36 at 10-11 | 304-05 (over 7 hours) |
| 11 (denial of hull claim) | *e.g.*, 286-90 (1-27-17 letter) |

| BoatU.S. 30(b)(6) Topics | |
|---|---|
| 2, none besides Work Product, none to Press | |
| 5, footnote allows document production in lieu of deposition, *see* Ex. 2 at 2 | |
| 6, footnote allows document production in lieu of deposition, *see* Ex. 2 at 2 | |
| 7 (verbal communications) | *e.g.*, 240-41 (tel calls) |
| 9, *see* Ex. 4 at 2; ECF No. 36 at 10-11 | 304-05 (over 7 hours) |
| 10 (denial of hull claim) | *e.g.*, 286-90 (1-27-17 letter) |
| 11 (denial of hull claim) | *e.g.*, 286-90 (1-27-17 letter) |
| 23, (hull claim procedures) *see* Ex. 4 at 2 | 33 |
| 24, *see* Ex. 4 at 3, INT ANS and RFP RES due 02-07-2018 | |
| 25, *see* Ex. 4 at 3, INT ANS and RFP RES due 02-07-2018 | |
| 26, Plaintiffs' Initial Disclosure documents totalled 424 pages, produced June 15, 2017 | *e.g.*, 94-95 |
| 27, RFP RES due 02-07-2018 | |

7. Plaintiffs accordingly file this motion for a protective order and seek the relief enumerated in our brief.

I verify and declare under the pain and penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

February 6, 2018

*/s/ David J. Farrell, Jr.*

*Certificate of Service*
I certify this declaration was efiled and served on Attys Anderson and Humphrey via the CM/ECF System 02/06/2018.

*/s/ David J. Farrell, Jr.*

5