**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. | : |
| and | : |
| BOAT OWNERS ASSOCIATION OF THE UNITED STATES | : Civil Action No: 17-0038-S-PAS |
| | : In Admiralty |
| Plaintiffs, | : |
| v. | : |
| NATHAN CARMAN | : |
| Defendant. | : |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER**

Plaintiffs National Liability & Fire Insurance Co. ("NLFIC") and Boat Owners of the United States ("BoatU.S.") move for a protective order regarding portions of Defendant's Fed. R. Civ. P. 30(b)(6) Deposition Notices to both Plaintiffs.

The facts and exhibits are addressed in the Declaration of Plaintiffs' Attorney David J. Farrell, Jr. The listed topics in the 30(b)(6) deposition notices are largely duplicative. Farrell Dec. Exs. 1 and 2. There does not seem to be any dispute over one of the corporate designees. However, because the second corporate designee, BoatU.S. Adjuster Martha Charlesworth, was deposed for 7+ hours on January 16, 2018, Defendant should not be able to depose her again.

One point on which there can be no dispute is that Defendant should only have one additional 7 hour 30(b)(6) deposition of both Plaintiffs. That is because Defendant's answer to Plaintiffs' complaint admitted that BoatU.S. is the Managing General Agent

for NLFIC.  See Farrell Dec. Ex. 4, at 1, second paragraph.

A second undisputed fact is that Defendant was promptly advised by my January 29, 2018 email that one of the two Fed. R. Civ. P. 30(b)(6) designees for most of the deposition topics, Michael Pellerin, BoatU.S. VP Underwriting, would be out of the office during the week of February 5-11, 2018 when both depositions were noticed.  Farrell Dec. Ex. 3.

A third undisputed fact is that the second 30(b)(6) designee, BoatU.S. Adjuster Martha Charlesworth, AIC, has already been deposed for 7 hours, essentially on the same insurance claim-related topics the Fed. R. Civ. P. 30(b)(6) deposition notices seek to cover.  See Farrell Dec. ¶ 6.

## LEGAL ARGUMENT

Fed. R. Civ. P. 26(b)(2)(C) states:

> *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

On Fed. R. Civ. P. 26(b)(2)(C)(i), Defendant's deposing Ms. Charlesworth again would be "unreasonably cumulative or duplicative."  See Farrell Dec. ¶¶ 2a, 5-6. Defendant twice invited Ms. Charlesworth's 30(b)(6) designations by Plaintiff and by

topic, *see* Farrell Dec. ¶¶ 2b, 2c and Ex. 3, which was provided, *id.* ¶ 3 and Ex. 4, but Defendant then refused to accept any of Ms. Charlesworth's prior deposition "retrospectively" on the 30(b)(6) topics, without any reasons, *id.* ¶ 5.

Defendant is required to obtain leave of court to depose a witness a second time, Fed. R. Civ. P. 30(a)(2)(A)(ii) but "[g]enerally, courts tend to disfavor repeat depositions." *Global ePoint, Inc. v. GTECH Corp.*, 2015 WL 113979 *1(D. R.I. 2015); *see also Fine v. Sovereign Bank*, 2008 WL 11388663 *1 (D. Mass. 2008) (leave of court required for second Rule 30(b)(6) deposition). With no distinction between discovery depositions and *de bene esse* trial preservation depositions, Judge Smith ruled the "second deposition would be duplicative." *Global ePoint* at *2.

For the same reason, Ms. Charlesworth's second deposition should not be repeated as duplicative. She was identified in Plaintiffs' Initial Disclosure as the witness with discoverable information about Nathan Carman's sinking Claim No. 1607671; Defendant deposed her on that and wide ranging topics for 7 hours; and now, after being told she is both Plaintiffs' 30(b)(6) designee on similar, identified topics, Defendant wants to depose her again. That is both unnecessary and inappropriate: Plaintiffs stipulate that Ms. Charlesworth's prior deposition testimony was as a Fed. R. Civ. P. 30(b)(6) BoatU.S. designee and Managing General Agent designee of NLFIC. Remaining topics will be handled by Mr. Pellerin, a senior Vice President, who is the other designee for BoatU.S. and NLFIC.

On Fed. R. Civ. P. 26(b)(2)(C)(ii), Defendant also "had ample opportunity to obtain the information by discovery in the action." It was Defendant's choice to put off written discovery until two days before the February 9, 2018 fact discovery cutoff but

decide to depose Ms. Charlesworth before that. *See Global ePoint* at *2 (no second deposition of witness deposed before document discovery). And in any event, Defendant since June 15, 2017 has had 424 pages of Plaintiffs' Initial Disclosure documents which were used during Ms. Charlesworth's deposition. Farrell Dec. ¶ 6 (last four items in table).

On Fed. R. Civ. P. 26(b)(2)(C)(iii), although Defendant has agreed to a CONFIDENTIAL protective order on Plaintiffs' business proprietary information sought in its 30(b)(6) topics, Farrell Dec. ¶ 4, most of those topics are irrelevant, outside the scope of discovery, not proportional to the needs of this case, and not important in resolving the issues. *See* Fed. R. Civ. P. 26(b)(1); Farrell Dec. Ex. 4 at 2. Defendant seeks NLFIC's business activities, the number of policies sold, and the total revenues earned in 2016 in four states -- Rhode Island, Massachusetts, Vermont, and Connecticut -- for no apparent reason other than it is burdensome. That information has nothing to do with Defendant's now not so mysteriously sunken boat. At a minimum the Rhode Island, Massachusetts, and Connecticut inquiries should be stricken with only Vermont information provided because that is where Nathan Carman resides and the reason a VT endorsement was part of his Yacht Policy. Farrell Dec. Ex. 2, topic 1.

**RELIEF SOUGHT**

In sum, Plaintiffs respectfully request that a Protective Order be issued which

1. Strikes today's deposition of Ms. Charlesworth as NLFIC designee;
2. Strikes the February 9, 2018 deposition of Ms. Charlesworth as BoatU.S. designee;
3. Strikes NLFIC deposition topics 21-23 (Rhode Island), 24-26

4

(Massachusetts), and 30-32 (Connecticut) and BoatU.S. deposition topics 21-22 as to Rhode Island, Massachusetts, and Connecticut as irrelevant and beyond the scope of discovery; and

4. Requires Defendant to keep information received on NLFIC deposition topics 27-29 (Vermont) and on BoatU.S. deposition topics 21-22 as to Vermont CONFIDENTIAL in the same way as ECF No. 35.

RESPECTFULLY SUBMITTED February 6, 2018.

                PLAINTIFFS

*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
*Pro Hac Vice*
Liam T. O'Connell
*Pro Hac Vice*
Farrell & Smith LLP
2355 Main Street, P.O. Box 186
South Chatham, MA  02659
508.432.2121 x 15
sealaw@live.com

*/s/ Sean T. O'Leary*
Sean T. O'Leary (#6035)
O'Leary Murphy, LLC
4060 Post Road
Warwick, Rhode Island 02886
401.615.8584 Office
sto@olearymurphy.com

*Certificate of Service*
I certify this brief was efiled and served on Attys Anderson and Humphrey via the CM/ECF System 02/06/2018.

      */s/ David J. Farrell, Jr.*
      David J. Farrell, Jr.

5