UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>　　Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>　　Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER [Doc. #  38]

Now comes the Defendant, Nathan Carman, and respectfully submits his Opposition to the Plaintiffs' Motion for a Protective Order [Doc. #38] (hereinafter "the Plaintiffs' motion"). For the reasons more thoroughly articulated below, the Court should deny the Plaintiffs' motion.

The Plaintiffs first ask this Court to strike the Defendant's Notice of Fed.R.Civ.P. 30 (b)(6) Deposition of National Liability & Fire Insurance Co., because one of the persons it has now designated as a witness to testify to multiple noticed topics was previously deposed ***in her individual capacity***.  The Plaintiffs' argue that allowing the Defendant to depose this witness "a second time" would result in "unreasonably cumulative and duplicative" discovery, proscribed by Fed.R.Civ.P. 26 (b)(2)(C).  The Plaintiffs clearly lack even an elementary understanding of Fed.R.Civ.P. 30(b)(6).

The Defendant noticed the deposition of Ms. Charlesworth in her individual capacity. *Exhibit 1, Depo Notice of Charlesworth*.  She was deposed on January 16, 2018.  At that deposition she testified that she did not know the corporate name of the company she worked for but she that she received her paycheck from a non-party to this case, "Boat America

1

Corporation". *Exhibit 3, Depo of Charlesworth*, Page 5, lines 18-23; Page 7, lines 14-17. At no time during the deposition did Counsel for the Plaintiffs' indicate that Ms. Charlesworth was also being produced to testify on behalf of either of the two party Plaintiffs. *Exhibit 3, Depo of Charlesworth*. At this deposition she testified that she was involved in the adjusting of the Defendant's underlying hull claim and provided testimony as to her actions. *Id.* Her deposition was unilaterally terminated by counsel for the Plaintiff on the claimed basis that "you have had seven hours". *Exhibit 3, Depo of Charlesworth*, Page 305, Lines 16-18.

Thereafter, the Defendant noticed the Fed.R.Civ.P. 30(b)(6) depositions of Plaintiff, National Liability and Fire Insurance Co., and Plaintiff, Boat Owners Association of the United States. Fed.R.Civ.P. 30(b)(6) requires that **the noticed entity** (1) designate one or more persons to testify to the listed topics; and (2) provide that witness with information known or reasonably available to the corporation so that it can provide testimony on those topics. *See Booker v. Massachusetts Dept. of Pub. Health*, 246 F.R.D. 387, 389 (D. Mass. 2007); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 36 (D. Mass. 2001)

That the Plaintiffs only now (after the January 16, 2018 deposition of her in her individual capacity) have designated Ms. Charlesworth as one of two people they will produce to testify on their behalf in response to the Defendant's listed topics does not mean the same "person" is being deposed twice. *See Beaulieu v. Bd. of Trustees of U. of W. Fla.*, 2007 WL 4468704, at *2 (N.D. Fla. Dec. 18, 2007) ("Defendant's Rule 30(b)(6) witness was testifying as an entity, not as herself, and thus the same person was not being deposed twice in this case."); *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) ("Rule 30(b)(6) depositions are different from depositions of individuals. That difference is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules,

2

which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated.")

At no point prior to her January 16, 2018 deposition did Plaintiff's indicate that Ms. Charlesworth was testifying on behalf of either Plaintiff. Nor was Ms. Charlesworth asked or able to fully address each of the topics for which counsel for the Plaintiffs seeks to retrospectively designate her a 30(b)(6) witness. Because she testified in her individual capacity, and will now be presented to testify for an entity, counsel for the Plaintiff's now claims that Ms. Charlesworth will be "deposed twice" completely misses the mark.[1] In a case directly on point, the Southern District of New York held that "the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit." <u>Sabre v. First Dominion Capital, LLC</u>, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001); <u>DHL Express (USA), Inc. v. Express Save Industries Inc.</u>, 2009 WL 3418148, at *4 (S.D. Fla. Oct. 19, 2009)

Additionally, the two Plaintiffs are separate legal entities and each must prove each element of their claims against the Defendant. Similarly the Defendant must prove each element of his counter claims against each of the Plaintiff's. The Plaintiffs argue that because Boat Owners Association of the United States is the "Managing General Agent for National Liability & Fire Insurance Company" there is "no dispute" that the Defendant is only entitled to one 7 hour deposition **of both Plaintiffs** in this matter. The Plaintiffs, however, are mistaken in fact and the law.

---

[1]The Plaintiffs identified Ms. Charlesworth in their Rule 26 (a)(1) disclosures in this manner: "Martha Charlesworth, AIC c/o Boat US Marine Insurance Program. Subject: Nathan Carman's sinking Claim No. 1607671." <u>See Exhibit 2, Pls' Rule 26a1 Discl., p. 3.</u> The Plaintiffs provided no indication that she was a representative and/or employee of either of the Plaintiffs.

As an initial matter it should be noted that "BoatUS" is neither a party nor a separate legal entity, rather it is the shorthand abbreviated name for one of the Plaintiff's, "Boat Owners Association of the United States" as specifically designated by the Plaintiffs in their Complaint for a Declaratory Judgment. Page 1, [Doc. # 1]. For the purpose of brevity Plaintiffs have designated a shorthand name in their pleadings that also appears to be a name that is also used in the real world for some type of Berkshire Hathaway business organization. *Exhibit 3, Depo of Charlesworth*, Page 5, lines 18-23; Page 7, lines 14-17.

Although the Defendant has admitted in his Amended Answer and Counterclaim that Boat Owners Association of the United States was the "Managing General Agent for National Liability & Fire Insurance Company" (as argued by the Plaintiffs) in their 2nd Amended Answer to Counterclaim, the Plaintiffs have denied that (in part) Paragraphs 41 and 44 of the Defendant's Counterclaim, where the Defendant, Carman, alleged that Boat Owners Association of the United States was the "alter ego" and the "was the managing general agent of Plaintiff National Liability & Fire Insurance Company and had unrestricted authority to investigate, accept, deny, adjust and handle all claims relating to recreation boat insurance policies purchased through BoatU.S." *See*. *Doc, #12, Def. Counter Claim, ¶ 41 & 44*; *Doc #36, Pl's Answ to Def's Counterclaim, ¶ 41 & 44*. At her January 16, 2018 deposition, Ms. Charlesworth was unable to provide a coherent explanation of what "Boat US" is and its authority in relation to the Plaintiffs. *Exhibit 2, Depo of Charlesworth*.

Further, each of the 30(b)(6) notices request the deponent to produce at the Parties deposition certain identified documents and further identifies those documents as topics of the particular deposition. Doc. # 39-1, Page 5; Doc. # 39-2, Pages 6-12. Ms. Charlesworth did not produce any documents at her deposition. *Exhibit 2, Depo of Charlesworth*. While the Plaintiffs

4

have not objected to producing any of the documents listed within these two deposition notices, allowing the Plaintiff to designate past testimony as 30(b)(6) testimony, as a practical matter denies the Defendant an opportunity to question Ms. Charlesworth regarding the documents to be produced.

The Federal Rules of Civil Procedure allow the Defendant to depose each party separately. *See* Fed.R.Civ.P. 30 (a)(1). Moreover, the Advisory Committee Notes to the 2000 Amendment to Rule 30 (d) make it clear that when an entity designates more than one witness to address topics listed on a deposition notice, each witness' deposition is counted as a separate deposition for purposes of calculating the durational limit of the deposition. *Id.* ("Paragraph (2) imposes a presumptive durational limitation of one day and seven hours for any deposition. . . . For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition"). Thus, the Defendant is entitled to depose both of the Plaintiff's and is entitled to spend 7 hours with each separate witness the Plaintiffs designate.

WHEREFORE, Defendant, Nathan Carman, respectfully requests that this Honorable Court deny the Plaintiffs' Motion for a Protective Order in its entirety.

                                            Respectfully Submitted
                                            On behalf of the Defendant,
                                            Nathan Carman

                                            /s/ David F. Anderson
                                            David F. Anderson
                                            Latti & Anderson LLP
                                            30 Union Wharf
                                            Boston, MA 02109
                                            (617) 523-1000
Dated February 20, 2018                       DAnderson@LattiAnderson.com

## CERTIFICATE OF ELECTRONIC SERVICE

       I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

                                                      /s/David F. Anderson  
                                                      David F. Anderson