# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. | : |
| and | : |
| BOAT OWNERS ASSOCIATION OF THE UNITED STATES | : Civil Action No: 17-38-WES-PAS |
| | : In Admiralty |
| Plaintiffs, | : |
| v. | : |
| NATHAN CARMAN | : |
| Defendant. | : |

## PLAINTIFFS' REPLY IN SUPPORT OF
## DISCOVERY EXTENSION

Plaintiffs NATIONAL LIABILITY & FIRE INSURANCE COMPANY and BOAT OWNERS ASSOCIATION OF THE UNITED STATES respectfully submit this reply in support of their motion to extend discovery, ECF No. 41.

Defendant largely assents to a fact discovery extension beyond the original date of February 9, 2018.  Plaintiffs believe it is likely there will be an agreement for Defendant to take Fed. R. Civ. P. 30(b)(6) depositions of Martha Charlesworth on remaining BoatU.S. claims topics and a designated witness on NLFIC topics not already answered by BoatU.S. as its Managing General Agent.  Defendant still needs to finish his deposition of Brian Woods.  And both parties want to depose Chris Roth and Chris Roth, Jr.  All those depositions were noticed before February 9, 2018 but did not get completed.

Defendant's limited opposition to Plaintiffs' motion to extend discovery is twofold.

First, he objects to any further deposition of himself, which is the subject of Plaintiffs' pending motion to compel, ECF No. 37.  Second Defendant objects in ECF No. 48 at 3-4, ¶ 5 to extending expert disclosure dates, with Plaintiffs' due tomorrow.[1]  As to Plaintiffs' expert disclosures, the depositions of Woods and the Roths need to be completed first, not to mention the deposition of Defendant himself.

Woods built the boat that sank, and among other work he installed stringers and reinforced the fiberglass hull, he crafted the aluminum pilothouse, he installed the two forward bulkhead halves which Defendant removed, and Woods drilled four ½ inch diameter holes in the transom in conjunction with his installing the trim tabs Defendant removed the evening before the boat sank.  Woods took many photos during the project and has narrated them during his deposition.  Defendant's counsel is in the middle of cross-examining him; Woods' complete deposition transcript and exhibits need to be provided to Plaintiffs' expert naval architect Greene and marine surveyor McCook who had minimal information about Woods' work for their preliminary reports attached to the Complaint for Declaratory Judgment, ECF No. 1-1.

Similarly, the two Roths' deposition transcripts need to be provided to Plaintiff's

---

[1] Contrary to any suggestion by Defendant, ECF No. 48 at 2-3 ¶ 4, if Plaintiffs had any interest in delaying this case we would have let Defendant's second and third extension motions play out under time standards rather than file immediate oppositions, ECF Nos. 47 and 50.  The Court will also remember that Plaintiffs originally served interrogatories and requests for production on June 15, 2017 which went unanswered so Plaintiffs re-served them in hand at the August 7, 2017 Scheduling Conference so there would be no question.  Nevertheless, Defendant provided no discovery, even on items he did not object to, and Plaintiffs had to move to compel all answers and responses.  Plaintiffs warned that a discovery extension might be needed, ECF No. 19 at 2, and took two key depositions in October and December while Defendant did nothing.  Finally, at the December 8, 2017 hearing Defendant was ordered to provide the discovery by December 22, 2017 but even then needed a one day extension.  But he did not produce documents requested until Saturday December 30, 2017, consisting of a DVD+R disc which Plaintiffs had to outsource for printing and ended up containing 3,000 pages.  After sorting through that, Plaintiffs deposed Defendant on January 22, 2018.  We definitely would have preferred to depose him months before that.

experts before their disclosures. Based on my telephone interview of Chris Roth, they are going to testify that they, and not Woods, drilled the transom holes and installed the trim tabs and that the reason the boat sank was that the engine must have just fallen through the flimsy hull. If there is any such credible testimony, it needs to be considered by Plaintiffs' expert naval architect and marine surveyor prior to their disclosures. For instance, they need to consider Woods' and the Roths' testimony about the original diameter and other aspects of the transom holes, Michael Iozzi's observation of Nathan Carman using a 1½ to 2 inch diameter hole saw on the transom, and Nathan Carman's testimony about the four holes he filled with epoxy putty, since their diameter varies significantly depending on what day he was asked. *See* ECF No. 44, Carman Dep. at 192-97.

Plaintiffs are not finished with Nathan Carman's deposition. After getting the opportunity to question him about the Sig Sauer and death of his grandfather, there are follow-up questions needed on particular topics. Plaintiffs would prefer not to identify them beforehand but there is no doubt that Defendant's deposition transcript will need to be assessed by Greene and McCook and Plaintiffs' other experts prior to their disclosures.

It would be confusing and unwieldy for Plaintiffs' experts to disclose their written opinions when there remains outstanding important testimony from fact witnesses, namely Woods and Defendant Nathan Carman, whose depositions are midstream, and the Roths, who have not yet been deposed. For that reason, Plaintiffs moved for a reasonable extension of the fact discovery cut-off and expert disclosure dates.

RESPECTFULLY SUBMITTED March 1, 2018.

                                            PLAINTIFFS

                                            */s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
*Pro Hac Vice*
Liam T. O'Connell
*Pro Hac Vice*
Farrell & Smith LLP
2355 Main Street, P.O. Box 186
South Chatham, MA  02659
508.432.2121 x 15
sealaw@live.com

*/s/ Sean T. O'Leary*
Sean T. O'Leary (#6035)
O'Leary Murphy, LLP
4060 Post Road
Warwick, RI  02886
401.615.8584
sto@olearymurphy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018 I filed this reply via the CM/ECF System, through which a copy will be electronically delivered to Attorneys Anderson and Humphrey.

        */s/ David J. Farrell, Jr.*