UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSN. of the U.S., Plaintiffs, v. NATHAN CARMAN, Defendant. | : : : : : : : : : : | C.A. No. 17-038WES |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

At a hearing held on March 28, 2018, the Court considered and determined the following motions: Plaintiffs' Motion to Compel (ECF No. 37); Plaintiffs' Motion for a Protective Order (ECF No. 38); and Plaintiffs' Motion to Extend Discovery (ECF No. 41). During the hearing, for the reasons stated on the record, the Court ruled on each motion. This Order reflects the rulings of the Court that were memorialized on the record during the hearing.

    1.    <u>Plaintiffs' Motion to Compel</u>

During his deposition, based on an invocation by his counsel of Fed. R. Civ. P. 26(b)(1), Defendant Nathan Carman was instructed not to answer any questions regarding the following topics: (1) what employment, education or other activities he had been pursuing during the thirteen months preceding the deposition; (2) Defendant's ownership of the firearm associated with the death of Defendant's grandfather; (3) whether Defendant was the last person to see his grandfather alive; (4) any matters reflected in a search and seizure warrant purportedly served on Defendant on July 21, 2014 (Exhibit 37); and (5) any matters reflected in a page from a U.S. Coast Guard document (Exhibit 38). All such instructions were based on Defendant's assertion

that the subject matter of the questions was beyond the scope of permissible discovery. Defendant did not reference any privilege or limitation imposed by the Court, nor did he seek to present the Court with a Fed. R. Civ. P. 30(d)(3) motion. Further, each instruction was accompanied by inappropriate and time consuming colloquy.

As Defendant conceded at the hearing, none of these instructions is within the purview of what is permitted by Fed. R. Civ. P. 30(c)(2). Accordingly, the motion to compel responses to these questions, including appropriate follow-up regarding the topics blocked by the instructions, is granted. To implement this Order so that Plaintiffs' ability to fairly examine Defendant is preserved, the Court further orders that Defendant's deposition shall be reopened for two additional hours to complete the examination regarding these matters. See Fed. R. Civ. P. 30(d) ("court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent . . . impedes or delays the examination."). In light of the abrupt termination of the deposition caused by the instructions and the delay caused by the excessive colloquy, Plaintiffs may also use the additional time to wrap-up any other areas of inquiry, but may not initiate new topics of examination.

While it was not directly placed in issue during the hearing because Defendant has never made a motion pursuant to Fed. R. Civ. P. 30(d)(3) to terminate or limit the examination, either during the deposition or at any time up to the date of the issuance of this Order, the Court nevertheless considered again Defendant's relevancy argument. However, as Plaintiffs correctly point out, this ship has already sailed – the Court has already ruled that discovery in this case may focus on facts bearing directly on an alleged scheme to procure a substantial inheritance by murdering, first, his grandfather and then, his mother through the intentional sinking of the vessel, because such facts bear directly on his intent in making the changes and repairs to the

...

vessel that Plaintiffs allege resulted in its loss. See ECF No. 31 at 1-2, 4-5 (Defendant's knowledge and intent with respect to sinking of vessel is relevant; Defendant ordered to respond to interrogatory inquiring about matters related to death of grandfather). In this earlier ruling, the Court emphasized that the touchstone of relevance is Defendant's intent; for example, the Court held that Plaintiffs are not licensed to engage in a sweeping inquiry about firearms. ECF No. 31 at 4-5.

Disregarding the prior ruling, Defendant argued vociferously that deposition topics (2) through (5) (listed above) pertain to matters that are beyond the scope of what is relevant to the claims and defenses in this case.[1] Plaintiffs countered that Defendant's intent in taking the deliberate (as Plaintiffs allege) actions that resulted in the sinking of the vessel, which is the subject of Defendant's insurance claim, has been squarely placed in issue. Based on the relevance of intent, Plaintiffs argue that they are entitled to inquire about references in the warrant (Exhibit 37) and the Coast Guard document (Exhibit 38) to Defendant's alleged intent as described by individuals (such as family members and neighbors) who informed law enforcement that they believed that Defendant had a hand in the murder of his grandfather and that Defendant may have killed his mother for the purpose of gaining the substantial inheritance she was to receive from her father. In light of the centrality to this case of Defendant's intent in taking the actions that led to the insurance claim for the loss of the vessel, and in light of the law enforcement records (Exhibits 37 and 38) suggesting that family members and neighbors suspected that Defendant's intent was to sink the vessel deliberately as the culmination of a unified scheme that began with the murder of his grandfather, Plaintiffs asked these questions. Viewed through the lens of Defendant's intent, this inquiry is plainly focused on seeking

---

[1] Defendant had no justification for his instruction at the outset of the deposition blocking the customary background questions that are asked at the beginning of virtually every discovery deposition.

evidence that "has a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a); see also Fed. R. Evid. 404(b)(2) (evidence of crimes, wrongs, or other acts may be admissible to prove motive or intent). Accordingly, had Defendant presented a Fed. R. Civ. P. 30(d)(3) motion based on the argument that the matters blocked by the instructions not to answer were not relevant to the claims and defenses in this case,[2] the motion would have been denied.

Also during the hearing, Defendant asserted with some passion that the Court's ruling on the scope of permissible discovery converts this case into a mini-trial about who murdered his grandfather, as well as that it opens the door to wide-ranging discovery regarding whether he violated Connecticut firearms laws. Both propositions are false. As the Court's prior ruling on relevancy made plain, this ruling does not create an open season for Plaintiffs to pursue discovery on either Defendant's grandfather's murder or on Defendant's compliance with firearm laws. To the contrary, the relevance lodestar is Defendant's intent; discovery regarding the grandfather's death or firearms, which is unhinged from Defendant's intent in altering the vessel, is beyond the scope of what is permitted by Fed. R. Civ. P. 26(b)(2).

Equally disingenuous is Defendant's suggestion[3] that he has been sandbagged by the introduction of the issue of his intent at this late stage of the case, and by the introduction of Exhibits 37 and 38. For starters, as Plaintiffs highlight, their theory that Defendant's intent

---

[2] Defendant has not sought to interpose any privilege (such as the Fifth Amendment), nor has he argued that the questions were asserted in bad faith or in a manner unreasonably to embarrass or oppress him. Accordingly, the Court has not considered these potential arguments. At this point, they are deemed waived.

[3] Relatedly, prior to the hearing, Defendant persistently interposed a partial objection to Plaintiffs' motion to extend the discovery closure deadline. ECF No. 48. Then, suddenly, during the hearing, in a complete reversal of the position he took in 'meet and confer' discussions and in the on-the-record filings leading up to the hearing, he announced that he was orally moving for a six-month extension of the fact discovery deadline to pursue discovery focused on solving the mystery of the grandfather's murder. With no written motion and fact discovery already closed, as well as the irrelevancy and disproportionality of such an exercise, the Court took the oral motion as rhetorical flourish and declined to rule.

traces back to the murder of his grandfather is reflected in material produced in Plaintiffs' initial disclosures (including their reference to an ABC "20/20" television broadcast). Additionally, one of the two documents (Exhibit 38), as Defendant ultimately conceded, came from a set of Coast Guard documents that <u>he himself produced</u>, while the other (Exhibit 37) is referenced in the 20/20 broadcast that was described in the initial disclosures. Moreover, whether or not discovery focused on Plaintiff's intent may begin with the murder of the grandfather was openly litigated during Plaintiffs' prior motions to compel, both of which were initiated long prior to the close of discovery, and which culminated in the Order of December 12, 2017 (ECF No. 31), entered months before the close of discovery. Defendant's newly-made argument that he is now surprised by the Court's ruling on the scope of discovery is belied by this record.

After carefully considering all of Defendant's arguments, the Court finds that the inquiry into Defendant's intent that Plaintiffs propose to pursue by focusing on the topics blocked by Defendant's improper instructions at the deposition is not sand-bagging, but an appropriate examination regarding relevant matters that may proceed forthwith. Accordingly, the Court's ruling, as reflected above, stands.

One final comment regarding Plaintiffs' request for leave to ask "general and wrap-up questions" to complete other topics of examination during the two-hour extension allowed by the Court: mindful that Plaintiffs still have a few minutes remaining for such matters, as well as that, during the deposition, Defendant agreed that it might proceed for more than seven hours for wrap-up questions (an agreement that he renewed during the hearing), the Court clarifies that the ruling set out above is not intended to foreclose Plaintiffs from completing these wrap-up questions in the reopened deposition to the extent that they do not dominate the additional time and that no new areas of inquiry are initiated.

2. Plaintiffs' Motion for a Protective Order

The motion for a protective order limiting the Fed. R. Civ. P. 30(b)(6) testimony of the corporate designee (Ms. Martha Charlesworth) is granted in part and denied in part. Based on Plaintiffs' commitment to stipulate that Ms. Charlesworth's prior testimony may be deemed in its entirety to have been given on behalf of both Plaintiffs, as well as that her upcoming Fed. R. Civ. P. 30(b)(6) deposition similarly will be on behalf of both Plaintiffs, the Court grants the motion to limit the Charlesworth Fed. R. Civ. P. 30(b)(6) deposition by prohibiting questions that are cumulative or duplicative of the testimony already procured, as well as to limit the length of the Fed. R. Civ. P. 30(b)(6) examination to a single deposition for both Plaintiffs (that is, a total of seven hours, rather than fourteen hours) or otherwise to a length that is consistent with Defendant's right to sufficient time to conduct a fair examination.

Plaintiffs also asked the Court to strike certain of the Fed. R. Civ. P. 30(b)(6) topics (National Liability & Fire Insurance Co. topics 21-23, 24-26, 30-32 and U.S. Boat topics 21-22), which relate to Plaintiffs' total business in each of the three states whose law might become the *ratio decidendi*. Defendant explained that he seeks only total revenues for each state and Plaintiffs concede that the volume of business in each state is a fact that may be pertinent to a choice of laws analysis. Accordingly, Plaintiff's motion to strike these topics is denied.[4] Nevertheless, any examination regarding these confidential matters must be separately

---

[4] Not in their motion, but for the first time in their reply (ECF No. 57), Plaintiffs also challenged topics 14-16, related to National Liability & Fire Insurance Co.'s relationship with Berkshire Hathaway and to Plaintiffs' denial of Defendant's allegations in its counterclaim about the relationship between Plaintiffs and Berkshire Hathaway. The failure to include this issue in the motion is sufficient for the Court to deem it waived. Local Rule Cv 7(a)(4). In any event, Defendant has requested only a brief description of the Berkshire Hathaway relationship, which does not appear to contemplate the need for disproportionately burdensome Fed. R. Civ. P. 30(b)(6) preparation; moreover, the inquiry is relevant in that it is focused on defining the entities that constitute Plaintiffs. Indeed, the topics may require little beyond an affirmation of what is already of-record in Plaintiffs' corporate disclosure. ECF No. 2. Accordingly, this belated request for relief is denied.

transcribed and treated as confidential in that access must be limited to the parties, their counsel and experts, and use is limited to this litigation.

      3.      Plaintiffs' Motion to Extend Discovery

This motion is granted in that fact discovery is hereby extended for thirty days from March 28, 2018, for the limited purposes of completing the discovery permitted by this Order, as well as to complete the depositions and other discovery described in Plaintiffs' motion to extend (ECF No. 41). For all other purposes, fact discovery is deemed closed.

Based on the foregoing, the fact discovery phase now closes on April 27, 2018. All subsequent dates in the Pretrial Order are correspondingly extended: parties with the burden of proof shall make expert witness disclosures by May 18, 2018; responsive expert witness disclosures shall be made by June 1, 2018; all expert discovery will be closed by July 27, 2018; dispositive motions shall be filed by August 10, 2018; and pretrial memorandum are due 30 days after a decision on any dispositive motion or, if no dispositive motions are filed, by August 24, 2018.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 30, 2018