UNITED STATES DISTRICT COURT
                                For the
                       DISTRICT OF RHODE ISLAND

_____
                                        )
NATIONAL LIABILITY & FIRE INSURANCE      )
CO. and BOAT OWNERS ASSOCIATION OF       )
OF THE UNITED STATES                     )    Civil Action:
        Plaintiffs                       )    No: 17-cv-0038-S-PAS
                                         )
v.                                       )    In Admiralty
                                         )
NATHAN CARMAN                            )
        Defendant.                       )
                                         )
_____)

DEFENDANT, NATHAN CARMAN'S, F.R.Civ.P 72(a) OBJECTIONS TO:

THOSE PORTIONS OF JUDGE SULLIVAN'S **ORDER DATED MARCH 30, 2018** [Doc.

#59] DECIDIDING **PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S**

**DEPOSITION TESTIMONY** [Doc. # 37]

Now comes the Defendant, Nathan Carman, and pursuant to F.R.Civ.P. 72(a) and LR Cv 72(c) files the below objections to those portions of Judge Sullivan's Order dated March 30, 2018 [Doc. # 59] deciding Plaintiffs' Motion to Compel Defendant's Deposition Testimony [Doc. # 37] which are set forth on pages 1-5 of the Order. Defendant is not asserting Rule 72(a) objections to those portions of Judge Sullivan's Order dated March 30, 2018 [Doc. #59] contained on pages 6 and 7, which relate to Judge Sullivan's rulings on Plaintiff's Motion for a Protective Order [Doc. # 38] and Plaintiff's Motion to Extend Discovery [Doc. # 41]. Pursuant to F.R.Civ.P. 72(a) the Defendant respectfully requests that this Court consider Defendant's below objections, vacate the objected to portions of Judge Sullivan's March 30th Order and enter a new Order denying Plaintiffs' Motion to Compel Defendant's Deposition Testimony [Doc. # 37].

1

Defendant's Objections to **Order dated March 30, 2018** [Doc. # 59]

1.  Defendant's Objection #1

The first sentence below the heading "1. Plaintiffs' Motion to Compel" on page 1 of the Order states as follows:

> "During his deposition, based on an invocation by his counsel of Fed. R. Civ.P. 26(b)(1), Defendant Nathan Carman was instructed not to answer any questions regarding the following topics: (1) what employment, education or other activities he had been pursuing during the thirteen months preceding the deposition; (2) Defendant's ownership of the firearm associated with the death of Defendant's grandfather; (3) whether Defendant was the last person to see his grandfather alive; (4) any matters reflected in a search and seizure warrant purportedly served on Defendant on July 21, 2014 (Exhibit 37); and (5) any matters reflected in a page from a U.S. Coast Guard document (exhibit 38)."

[Doc. #59, Page 1 of 7]

Defendant objects to this statement/finding on the basis that this finding of fact is clearly erroneous, as it is inconsistent with, and not supported by, the transcript of the Deposition of Mr. Carman. Depo. of Carmen [Doc. # 44-1]. The Transcript of the Deposition of Mr. Carman clearly establishes that Counsel's instructions "not to answer" related to specific questions posed to Mr. Carmen by counsel for the Plaintiff. See, e.g., Depo of Carmen Pages 9-11. [Doc. 44-1, Page 3 of 86] At no point in Mr. Carman's deposition did counsel for the Defendant instruct Mr. Carman not to answer any questions regarding the five general topics set forth of page 1. Depo of Carman, [Doc. # 44-1]. Because Counsel was seeking to keep the questioning within the scope of discovery set forth in Rule 26(b)(1) counsel's objections and instructions not to answer specific questions tended to follow a pattern. See, e.g., Depo of Carmen Pages 9-11. [Doc. 44-1, Page 3 of 86] However, each specific question posed by Plaintiff's counsel was evaluated

individual on its own merits. Mr. Carman was never instructed not to answer any question regarding a general category or topic nor did counsel automatically object to a questions because it fell into a general category or topic. See, Depo of Carmen Page 11, Lines 1-16. [Doc. 44-1, Page 3 of 86]

2. Defendant's Objection #2

The first sentence, in the second paragraph on Page 2 the Order states as follows:

> "      As Defendant conceded at the hearing, none of these instructions is within the purview of what is permitted by Fed.R.Civ.P. 30(c)(2)."

[Doc. #59, Page 2 of 7]

Defendant objects to this statement/finding on the basis and to the extent that the phrase "these instructions" as used above, refers to instructions not to answer any questions regarding one or more of the 5 general "topics" identified on page 1 that are the subject of Defendants Objection # 1 above. As stated in Defendant's Objection # 1 above, every "instruction not to answer" throughout the entire deposition related to a specific question posed by counsel for the Plaintiff. Defendant agrees that at the motion hearing, counsel for Defendant "conceded" that counsel's instructions not to answer a specific questions on the basis that the specific question posed exceed the scope of discovery, were not within the purview of Rule 30(c)(2).

3. Defendant's Objection #3

The second sentence, in the second paragraph on Page 2 the Order states as follows:

> "Accordingly, the motion to compel responses to these questions, including appropriate follow-up regarding the topics blocked by the instructions, is granted."

[Doc. #59, Page 2 of 7]

Defendant objects to this ruling on the basis that this ruling is predicated upon the clearly erroneous statements/findings objected to Defendant's Objections #1 and #2 above, and is contrary to law. More specifically the above ruling is predicated upon the erroneous finding that counsel for the Defendant instructed Mr. Carman not to answer any questions regard general topics. As noted above, Counsel for Defendant objected to, and instructed Mr. Carman not to answer specific questions posed by counsel for the Plaintiff. Defendant contends that an instruction not to answer a question in violation of Rule 30(c)(1) does not automatically waive all objections. However, to the extent that Defendant's failure to immediately suspend the deposition and file a motion for a protective order constitutes a waiver of the objection, such a waiver would not apply to general topics or to questions that have never been asked, which have never been objected to, and which the witness has not been instructed not to answer. Accordingly, Defendant objects to ruling on the grounds that it is clearly erroneous and contrary to law.

4. <u>Defendant's Objection #4</u>

The third sentence, in the second paragraph on Page 2 of the <u>Order</u> states as follows:

> *"To implement this Order so that Plaintiffs' ability to fairly examine Defendant is preserved, the Court further orders that Defendant's deposition shall be reopened for two additional hours to complete the examination regarding these matters"*
> 
> [Doc. #59, Page 2 of 7]

Defendant objects to this ruling on the basis that this order is predicated upon the erroneous findings of fact and errors of law described and objected to in Defendants Objections #1, #2, & #3 above and therefore is itself clearly erroneous and contrary to law. Defendant further objects to this specific order as it sua sponte orders Defendant to answer questions on topics that were not raised with the request for relief in <u>Plaintiff's Motion to Compel</u> without first

4

providing the Defendant with notice and an opportunity to be heard and therefore portions of this specific order is contrary to law. Defendant further objects to re-opening the deposition for two additional hours where Mr. Carman has already be deposed for nearly 7 hours and where the Plaintiff has only requested a single additional hour.

5. <u>Defendant's Objection #5</u>

The last sentence in the last paragraph on page 2, extend to page 3 of the <u>Order</u> states as follows:

> *"However, as Plaintiff's correctly point out, this ship has already sailed – the Court has already ruled that discovery in this case may focus on the facts bearing directly on an alleged scheme to procure a substantial inheritance by murdering, first, his grandfather and then, his mother through the intentional sinking of the vessel, because such facts bear directly on his intent in making the changes and repairs to the vessel that Plaintiffs allege resulted in its loss."*

[Doc. #59, Page 2 of 7]

Defendant objects to this finding of fact and ruling on the basis that it is clearly erroneous as it is not consistent with the Court's <u>Order dated 12/12/17</u> [Doc. #31]. Defendant further objects to this finding/ruling on the basis that it is erroneously predicated upon the Defendant having alleged a "scheme to procure a substantial inheritance by murdering, first, his grandfather and then his mother through the intentional sinking of the vessel" either at the time the prior discovery dispute was resolved or presently. <u>Order.</u> [Doc. # 59, pages 2 of 7]. Allegations of such a "scheme" may exist on the internet or within the tabloid media, however no such allegations of a scheme have been made by the parties in this case. Defendant further objects to this finding/ruling on the basis within this finding/ruling the Court appears to rule that

5

the Court's Order dated 12/12/17 control all subsequent rulings, even where a party has subsequently amended his pleadings and provided discovery responses setting forth in greater detail the nature of its claims and defenses. Accordingly, Defendant objects to this finding/ruling on the basis that it is clearly erroneous and contrary to law.

6. Defendant's Objection #6

The second to last sentence on page 3 of the Order states as follows:

> *"In light of the centrality to this case of Defendant's intent in taking the actions that led to the insurance claim for the loss of the vessel, and in light of the law enforcement records (Exhibits 37 and 38) suggesting that family members and neighbors suspected that Defendant's intent was to sink the vessel deliberately as the culmination of a unified scheme that began with the murder of his grandfather, Plaintiffs asked these questions. . ."*
> [Doc. #59, Page 3 of 7]

Defendant objects to this finding of fact, as it is not supported by the record in this case and is clearly erroneous. Defendant does not contest that Plaintiff could have asserted such a "unified scheme" as a claim or defense, nor does Defendant contest that Plaintiff's assertion of such a claim would expand the scope of permissible discovery. However, the record in this case clearly establishes that despite the ability to do so, the Plaintiff has never alleged the "unified scheme" described by the Court. The scope of discovery is governed by the claims and defenses actually alleged by the parties to a case, not by claims and defense a party could make or allegations made in the tabloid media, on the internet and/or alleged by non-parties. Defendant further objects to this statement/finding on the basis that the Court considered and relied upon exhibits 37 and 38 in violation of F.R.Civ.P. 37(c)(1). Accordingly, Defendant objects on the basis that this statement/finding is contrary to law.

6

7. <u>Defendant's Objection #7</u>

The footnote at the bottom of page 3 of the <u>Order</u> states as follows:

> *"Defendant had no justification for his instruction at the outset of the deposition blocking the customary background questions that are asked at the beginning of virtually every discovery deposition"*
> [Doc. #59, footnote 1, Page 3 of 7]

Defendant objects to this ruling on the basis that this statement/finding is inconsistent with and/or unsupported by the record in this case and therefore is clearly erroneous. Defendant objects to this statement/finding on the basis of, and to the extent that the Court appears to substitute "customary" practice in place of the limitations set forth F.R.Civ.P. 26(b) as controlling the scope of discovery. Defendant further objects to this statement/finding on the basis of and to the extent that this statement/finding expresses an adverse inference drawn by the Court on account of Defendant's failure to fully justify objections to three depositions questions which are not among the deposition questions which the Plaintiffs sought to compel Defendant to answer.

8. <u>Defendant's Objection #8</u>

The first sentence of the last paragraph on page 4 of the <u>Order</u> states as follows:

> *"Equally disingenuous is the Defendant's suggestion that he has been sandbagged by the introduction of the issue of his intent at this late stage of the case and by the introduction of Exhibits 37 and 38..."*
> [Doc. #59, Page 2 of 7]

Defendant objects to this statement/finding on the basis that this statement/finding is inconsistent with and/or unsupported by the record in this case and therefore is clearly erroneous. Defendant further objects to this statement/finding on the basis of and to the extent that it is predicated upon erroneous statements/findings on pages 4 and 5 that are the subject of

Defendants objections # 9 through #14 below. Defendant further objects to this statement/finding on the basis of and to the extent that it finds as "disingenuous" the Defendant's reliance upon the application of F.R.Civ.P. 26(b)(1) to limit the scope of discovery and Defendant's reliance upon the application of F.R.Civ.P. 37(c) to place limitations upon which documents may be used "to supply evidence on a motion, at a hearing, or at trial". Accordingly, Defendant objects to this statement/finding on the basis that it is clearly erroneous and contrary to law.

9. <u>Defendant's Objection #9</u>

The last sentence on page 4 and extending onto page 5 of the <u>Order</u> states as follows:

> *"For starters, as Plaintiffs highlight, their theory that the Defendant's intent traces back to the murder of his grandfather is reflected in material **produced** in Plaintiffs' initial disclosures (including their reference to an ABC"20/20" television broadcast)."*
> [Doc. #59, pages 4 of 7 through 5 of 7]

Defendant objects to this finding on the basis it is not supported by the record in this case, it is directly contradicted by the record filed by both the Defendant and Plaintiff in this case, and with respect to the Court's factual finding that the ABC '20/20 television broadcast was "produced" in Plaintiffs' initial disclosure, this finding is undisputedly false. <u>Affidavit of David Anderson</u> [Doc. # 51-2, Page 4 of 8]; <u>Plaintiff's Initial Disclosure, date June 15, 2017</u>. [Doc. # 51-4, Page 5 of 6]  As stated in the <u>Affidavit of David Anderson</u>, despite the fact that "ABC 20/20 'lost at sea' episode, outtakes" was listed within <u>Plaintiff's Initial Disclosure, dated June 15, 2017</u> a copy of this document was not produced with Plaintiff's Initial Disclosure, nor was a description and the location[1] of this document provided as required by F.R.Civ.P. 26(a)(1)(a)(ii). [Doc. # 51-2, Page 4 of 8]; [Doc. # 51-4, Page 5 of 6]. The Plaintiff's failure to either produce or provide

---
[1] Including physical address, e-mail address or web address

8

a description and the location[2] of the "ABC 20/20 'lost at sea' episode, outtakes" document to the Defendant in its initial disclosure, is confirmed within Mr. Farrell's e-mail dated July 31, 2017, [Doc. 16-1, Page 5 of 5 (confirming failure to produce and requesting either production or identification of location pursuant to Rule 26) and Page 2 of 5 (response confirming that "ABC 20/20 'lost at sea' episode, outtakes" were not produced)]. Further, the Court does not consider the undisputed fact that during the course of discovery, Counsel for the Plaintiffs advised counsel for the Defendant that Plaintiffs "aren't going to use" the "ABC 20/20 'lost at sea' episode, outtakes" document. Affidavit of David Anderson [Doc. # 51-2, Page 4 of 8]. Accordingly, Defendant objects to this finding/ruling on the basis that it is clearly erroneous and contrary to law.

10. Defendant's Objection #10

The first half of the second sentence on page 5 of the Order states as follows:

> *"Additionally, one of the two documents (Exhibit 38), as Defendant ultimately conceded, came from a set of Coast Guard Documents that he himself produced ..."*
> [Doc. #59, Page 5 of 7] (emphasis in original).

Defendant objects to this finding on the basis that it is not supported by the record in this case, in fact it is undisputed that that Exhibit 38 did not come from a set of Coast Guard Documents produced by the Defendant but rather Exhibit 38 was acquired by Plaintiff prior to Mr. Carman's deposition from some other undisclosed source. Affidavit of David Anderson, Para. 4. [Doc. # 51-2, Page 3 of 8]. Defendant further objects to the Court's use of the phrase "Defendant ultimately conceded" in so far as this phrase erroneously implies that the information establishing that Defendant had previously

---

[2] Including physical address, e-mail address or web address

9

produced a similar (but not identical) document within his responses to Plaintiff's RPDs was initially asserted by the Plaintiff and then "conceded" by the Defendant. Accordingly, Defendant objects to this finding on the basis that it is clearly erroneous.

11. <u>Defendant's Objection #11</u>

The second half of the second sentence on page 5 of the <u>Order</u> states as follows:

*"…while the other (Exhibit 37) is referenced in the 20/20 broadcast that was described in the initial disclosures.*

[Doc. #59, Page 5 of 7]

Defendant objects to this finding on the basis that <u>Plaintiff's Initial Disclosure</u>, which is part of the record in this case, clearly and indisputably does not "describe" the contents of the "20/20 broadcast". <u>Plaintiffs' Initial Disclosure</u>, Page 5. [Doc. # 51-4, Page 5 of 6] The "20/20 broadcast" referred to is not a document which ever produced, described and/or disclosed by the Plaintiff (prior to filing its Reply Memorandum) in accordance with F.R.Civ.P. 26(a)(1)(A)(ii) and therefore pursuant to F.R.Civ.P. 37(c) the "information" contained therein cannot "supply evidence on a motion". There is no factual record in this case which establishes the substance and content of the "20/20 broadcast" and as a result the Court's factual finding must necessarily be based either on the Court's own internet search, or unsupported factual arguments asserted for the first time by counsel for the Plaintiffs on pages 2 and 3 of their <u>Reply Memorandum</u> [Doc. # 56] in violation of LR Cv 7(b)(2). Accordingly, the Defendant objects to this finding as clearly erroneous as it is not based upon the permissible factual record in this case. Defendant further objects to this finding on the basis that it contrary to law.

12. <u>Defendant's Objection #12</u>

The third sentence on page 5 of the Court's <u>Order</u> states as follows:

*"Moreover, whether or not discovery focused on Plaintiff's intent may begin with the murder of the grandfather was openly litigated during the Plaintiff's prior motions to compel, both of which were initiated long prior to the close of discovery, and which culminated in the Order of December 12, 2017(ECF No. 31), entered months before the close of discovery"*
[Doc. #59, Page 5 of 7]

Defendant objects to this statement/finding on the basis that this finding is inconsistent with and not supported by the reasons/arguments asserted by the Parties within Plaintiffs' two <u>Motions to Compel</u> [Doc. # 19 & #20], <u>Defendant's Oppositions</u> [Doc. # 21 & #25], <u>Plaintiff's Replies</u> [Doc. # 24 & #26] and the Court's <u>Order dated 12/12/17</u>, [Doc. #31]. The Court decided the discovery disputes litigated in the above filings in a series of 13 paragraphs organized by general topic. <u>Id.</u> The first paragraph of the Court's <u>Order dated 12/12/17</u>, [Doc. #31]entitled "Scope of Discovery" does not discuss or even mention the murder of Mr. Carman's Grandfather. [Doc. #31, Pages 1-2 of 6]. Of the 13 paragraphs within the six page decision, the only paragraph that involves discovery relating to the murder of Mr. Carman's grandfather is paragraph 8 entitled "Firearms" in which the Court rules on Plaintiff's Motion to Compel responses to Interrogatory # 12 and Request for Production # 5 both of which relate to firearms. [Doc. #31, Pages 4-5 of 6] It is important to note that in connection with its motion to compel Interrogatory # 12, the Plaintiffs do <u>not</u> argue that discovery relating firearms is relevant to Defendant's intent, nor do the Plaintiff's claim that the murder of Defendant's grandfather is part of a common plan or scheme, rather the basis of Plaintiff's Motion to Compel Interrogatory #12 as explicitly stated in Plaintiffs' Motion to Compel is "Plaintiffs accordingly seek discovery regarding the Sig Sauer 716 Patrol .308 and any other firearms owned or possessed by Nathan

Carman insofar as they may have been used in conjunction with "criminal wrongdoing" or "illegality" <u>on the voyage during which his boat sank and disappeared</u>." [Doc. 19, Pages 9-10 of 20] (emphasis added). Plaintiffs explicitly assert the identical argument as the basis for their Motion to Compel Request for Production # 5. [Doc. 19, Pages 14 of 20] (basis for Int. # 12 incorporated by reference). Defendant's <u>Opposition</u> does not raise, discuss or even mention Defendant's "intent" vis a vis the murder of his grandfather. [Doc #21, Pages 9-10 of 12] Plaintiff's <u>Reply</u> is similarly absolutely silent with respect to the issue of Defendant's "intent" vis a vis the murder of his grandfather. [Doc. #24] The Court did not explain the basis of its ruling, granting in part and denying in part discovery related to firearms. [Doc. # 31, Page 4 of 6] Accordingly, while the precise basis of the Court's ruling remains uncertain, in the absence of notice and an opportunity to be heard on some other basis, one must assume that the Court based its ruling upon the arguments presented by the parties in their Motion, Opposition and Reply.

Accordingly, Defendant objects to the Court's finding set forth within the third sentence in the first paragraph of page 4 of the Court's <u>Order</u> on the basis that it is inconsistent with the record in this case and clearly erroneous.

13. <u>Defendant's Objection #13</u>

The forth sentence on page 5 of the Court's <u>Order</u> states as follows:

> *"Defendant's newly-made argument that he is now surprised by the Court's ruling on the scope of discovery is belied by this record."*
> [Doc. #59, Page 5 of 7]

Defendant objects to this statement/finding on the basis that it is not supported by the record in this case and for reasons set forth in Defendant's Objections #8, #9, #10, #11, and #12 above this finding is predicated upon multiple several clearly erroneous findings relating to the record in this case. Defendant objects to this finding on the basis that it is clearly erroneous.

14. Defendant's Objection #14

The second paragraph on page 5 of the Court's Order states as follows:

*"After carefully considering all of the Defendant's arguments, the Court finds that the inquiry into Defendant's intent that Plaintiff's propose to pursue by focusing on the topics blocked by Defendant's improper instructions at the deposition is not sand bagging, but an appropriate examination regarding relevant matters that may proceed forthwith. Accordingly, the Court's ruling, as reflected above, stands".*

[Doc. #59, Page 5 of 7]

This paragraph contains both statements/findings of fact and rulings of law. Defendant objects to the statement/finding that the Court "considered all of the Defendant's arguments" on the basis that it is inconsistent with and not supported by the Court's Order dated 3/30/18. In particular the Court failed to consider Defendant's argument that Exhibits 37 and 38 were not properly disclosed in accordance with F.R.Civ.P. 26(a)(1) and therefore pursuant to F.R.Civ.P 37(c)(1) Plaintiff should not be allowed to use these documents as evidence in this motion. The Court failed to consider and rule upon Defendant's request that Exhibits # 37 & # 38 should be stricken. Defendant's Opposition, Pages 1-2 [Doc. # 51]; Defendant's Memorandum, Pages 4-5 [Doc. # 51-1]. For reasons described in Defendant's Objection # 1 above, Defendant objects to the Court's use of the phrase "topics blocked by Defendant's improper instruction" within this paragraph, as it erroneously implies that counsel for the Defendant instructed Mr. Carman not to answer any questions regarding the 5 "topics" identified on Page 1 of the Court's Order. Defendant objects to these statements/findings on the basis that they are clearly erroneous.

For the reasons set forth in Defendant's Objections 1-13 above and Defendant's Objections #15-18 below Defendant objects to the Ruling set forth in the last sentence of the above paragraph on the basis that it is predicated upon clearly erroneous factual findings and is contrary to law.

13

15. <u>Defendant's Objection #15</u>

   The third phrase, in the 1st sentence of the last paragraph on page 5 of the Court's <u>Order</u> states as follows:

   > *"…Defendant agreed that it [the deposition] might proceed for more than seven hours for wrap-up questions (an agreement that he renewed during the hearing) …"*
   > [Doc. #59, Page 5 of 7]

   Defendant objects to this statement/finding on the basis that it does not accurately reflect Defense counsel's stated position at the Deposition. <u>Depo. of Carman</u>, Pages 337 [Doc. 44-1, Page 84 of 86]. Counsel for the Defendant explicitly did not assert an objection on the basis of the presumptive 7 hour time limit and invited counsel for the Plaintiff's to complete the deposition, however he did not "agree" that the deposition of Mr. Carman might proceed for more than 7 hours for "wrap-up questions". <u>Id.</u> At the hearing on the motion counsel for the Plaintiff stated in substance that in the event that Mr. Carman's deposition was reconvened Counsel's position vis a vis the 7 hour limit as expressed at the deposition was unlikely to change. <u>Hearing Transcript</u> P. _____. However, counsel for the Defendant did not "agree" that the deposition could proceed for more than seven hours, did not "agree" that Mr. Carman would answer any undefined "wrap up questions" and did not waive Defendant's objections to any questions which might be asked in a reconvened deposition. Accordingly, Defendant objects to this phrase on the basis that it is clearly erroneous.

16. <u>Defendant's Objection #16</u>

   Defendant objects to the Court's <u>Order dated 3/30/18</u> [Doc. # 31] on the basis that the Court failed to consider and decide Defendant's Rule 37(c)(1) objections to the use of Carman Deposition exhibits # 37 & # 38 as evidence in connection with Plaintiffs' Motion as raised in

Defendant's Opposition, Pages 1-2 [Doc. # 51] and Defendant's Memorandum, Pages 4-5 [Doc. # 51-1]. The Court's explicitly considered the contents of Carman Deposition Exhibits # 37 and #38 as evidence in connection with Plaintiff's Motion to Compel and a substantial number of the Court's findings of fact and conclusions of law, and rulings were explicitly and/or implicitly based upon these two Exhibits. Accordingly, Defendant objects to the Courts Order dated 3/30/18 on the basis that the failure to consider and/or decide these F.R.Civ.P. 37(c) objections to Exhibits # 37 and # 38 and the Court's reliance upon these documents as a basis of its findings and rulings is contrary to law.

17. Defendant's Objection #17

Defendant objects to the Court's Order dated 3/30/18 [Doc. #31] on the basis that the court failed to consider the Defendant's arguments relating to the impact upon the scope of discovery in this case of the Plaintiffs January 2018 Second Amended Answers to Defendant's Amended Answer and Counterclaim, [Doc. # 36], Plaintiffs' Answers to Interrogatories (Doc. # 51-7 and Doc. # 51-8], Responses to Document Requests [Doc. # 51-11, Doc. #51-12, Doc. # 51-15, See, Affidavit of D. Anderson Pages 5-7 [Doc. # 51-2] and testimony from Plaintiff's "stipulated" 30(b)(6) deponent relating to the claims and defenses which are actually being asserted by the Plaintiff's in this case. Deposition of Charlesworth, Pages 288-289 [Doc. #51-9, Page 73 of 78] all of which post-dated the Court's 12/12/17 Order [Doc. # 31]. Instead of consider this information relating to the claims and defenses being asserted by the Plaintiff's at the time of Motion, the Court erroneously relied upon its ruling made prior to the Amendment of the Pleadings and prior to the disclosure of this new information bearing on the claims and defenses actually being assert by the Plaintiffs in this case.

Respectfully Submitted

On behalf of the Defendant,
Nathan Carman


/s/ David F. Anderson
David F. Anderson
Latti & Anderson LLP
30 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: April 13, 2018

## CERTIFICATE OF ELECTRONIC SERVICE

    I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

/s/David F. Anderson
David F. Anderson