UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>       Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>       Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

DEFENDANT, NATHAN CARMAN'S, **REPLY MEMORANDUM** IN SUPPORT OF:

DEFENDANT'S OBJECTIONS TO: THOSE PORTIONS OF JUDGE SULLIVAN'S **ORDER DATED MARCH 30, 2018** [Doc. #59] DECIDING **PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DEPOSITION TESTIMONY** [Doc. # 37]

I.      INTRODUCTION

The central issue in connection with Plaintiff's Motion to Compel Defendant's Deposition Testimony [Doc. # 37] is the scope of discovery as set forth in F.R.Civ.P. 26(b)(1) as amended in 2015.  Pursuant to Rule 26(b)(1) a dispute regarding the scope of discovery should be resolved by comparing the specific allegations made by the parties in their complaint, answer, and counterclaims (including amended pleadings) to the specific information being sought in discovery.  Advisory Committee Notes, 2000 Amendment to Rule 26(b) ("The rule change signals to the court that it has the authority to confine discovery to **the claims and defenses asserted in the pleadings**…)(emphasis added).  Despite the centrality of the specific claims and defenses asserted in the pleadings, Judge Sullivan's March 30th Order does not analyze, quote, cite too, or even mention a single claim or defense asserted by the parties in any of their

1

pleadings and/or amended pleadings in this case. Rather, the Court's March 30th Order appears to be grounded upon waiver, law of the case, and claims made by non-parties to this case within discovery documents, the media and internet posts. Defendant's specific objections to Judge Sullivan's Order track the stated factual and legal basis of her decision, and as a result are focused on issues which the Defendant, Carman, contends have little if any relevance to the scope of discovery pursuant to F.R.Civ.P. 26(b)(1).

Defendant continues to assert that pursuant to F.R.Civ.P. 26(b) the scope of discovery is largely set by the parties themselves through the claims and defenses which they choose to assert within their own pleadings. As noted above, the scope of discovery under Rule 26(b) is determined by "the claims and defenses asserted in the pleadings". Advisory Committee Notes, 2000 Amendment to Rule 26(b). Here, the Plaintiffs filed a Complaint [Doc. #1]; with attached exhibits [Doc. #1-1], which described in detail the factual basis of what appears to be a run of the mill insurance coverage claim. Thereafter, Plaintiffs filed an Answer to Defendant's Counterclaim [Doc. # 13], then an Amended Answer to Defendant's Counterclaim [Doc. #14], and after the scope of discovery pursuant to Rule 26(b) had been disputed (in connection with paper discovery) Plaintiffs filed a Second Amended Answer to Defendant's Counterclaim [Doc. #36]. Despite an opportunity to do so (Defendant assented to Plaintiff's amendment of the pleadings), nowhere within any of these pleadings do the Plaintiffs allege that Mr. Carman sank his boat with the intent to murder his Mother or that the death of his mother is in anyway related to the murder of Mr. Carman's grandfather years ago. [Doc. #36].

Defendant recognizes that an U.S. Magistrate Judge has broad discretion to sift through competing facts and to apply the law to the facts as she finds them. Defendant further recognizes that it is a generally a bad idea to challenge a judge who is going to rule on your next motion.

However, if one actually checks the citations to the pleadings, orders and factual record on file in this case, it is very clear that the Court's <u>Order</u> explicitly relies upon facts that are inconsistent with the Court's December 12, 2017 written <u>Order</u> [Doc. #31], inconsistent with the transcript of the deposition of Mr. Carman [Doc. #44-1] and that relies upon information outside of the court record (media & internet[1]) and unsupported factual claims argued within Plaintiffs <u>Motion</u> [Doc. # 37] and <u>Reply</u> Memoranda [Doc. #56]  but not supported anywhere in the court record.

II.     <u>REPLY TO ARGUMENTS IN PLAINTIFF'S RESPONSE TO DEF'S OBJECTIONS</u>

<u>Defendant's Reply to Plaintiff's Response to Objection #1.</u>

The March 30th <u>Order</u> states that Counsel for the Defendant instructed Mr. Carmen "not to answer <u>any</u> questions regarding [five] topics" [Doc. 59, page 1 0f 7] (emphasis added).  This finding is clearly incorrect as stated and the Plaintiff was unable to identify a single instance in which such an instruction was made.  This erroneous finding serves as the foundation for the Court to implicitly[2] find that Defendant waived his objections to five entire topics. <u>Order</u> [Doc. #59, page 2 of 7].

---

[1]     On page 5 of the March 30 <u>Order</u> the Court describes the content of a "20/20" show posted on the internet.  The substance of this "20/20" show have never been made part of the record in this case.  Clearly the Court either relied upon the unsupported arguments in Plaintiffs <u>Reply</u> Memo, or looked outside the record on the internet as a basis for its factual findings.
        It should be noted the ABC "20/20" show relied upon by the Court was first identified and located by internet address within Plaintiffs' <u>Reply Memorandum</u>, thereby precluding the Defendant from responding.  None the less, the factual record filed in this case, establishes without dispute, that this show was not identified, located, or produced until after Mr. Carmen's deposition.  <u>Affidavit of D. Anderson</u>, Page 4, Para. 6.  [Doc. 51-2]; <u>See</u> Objection #9, <u>Def's Obj. to Mag. Order</u>, Obj. #9, Pages 8-9 [Doc. #61].

[2]     Although, Judge Sullivan did not explicitly find a waiver of objections to entire topics, it appears that the waiver was the basis for her decision within the second paragraph on page 2.

3

Defendant's Reply to Plaintiff's Response to Objection #3

While F.R.Civ.P. 30(c)(2) does not authorize an instruction for a witness not to answer a question on the basis of Rule 26b(b), Rule 30(c)(2) does not require or authorize a Court to impose the sanction of waiver.  Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 123 (1st Cir. 2012).

Defendant's Reply to Plaintiff's Response to Objection #5

Defendant's Objection # 5 and Plaintiffs' Response #5 relate the words, substance and meaning of the Court's written Order dated 12/12/17 [Doc. #31].  This Order dated 12/12/17 is filed as docket entry #31 and the Court is encouraged to review it.  Defendant asserts that no reasonable attorney could read this Order dated 12/12/17 as being a general ruling applicable to all further discovery in this case, or more specifically as ruling that:

> *"discovery in this case may focus on the facts bearing directly on an alleged scheme to procure a substantial inheritance by murdering, first, his grandfather and then, his mother through the intentional sinking of the vessel, because such facts bear directly on his intent in making the changes and repairs to the vessel that Plaintiffs allege resulted in its loss."*
>
> Order, dated March 30, 2018   [Doc. #59, Page 2 of 7]

Within Plaintiffs' Response to Def. Objection #5, Plaintiff seems to suggest that although the Plaintiffs did not plead any claims or defenses related to guns or the murder of Mr. Carman's Grandfather, these issues are within the scope of discovery because the Plaintiffs' may amend their complaint to include such claims in the future.  Under the 2015 amended Rule 26(b)(1) parties are not entitled "to discovery to develop new claims or defenses that are not already

identified in the pleadings." Cole's Wexford Hotel, Inc. v. Highmark Inc., 209 F.Supp. 3d 810, 821 (W.D. Pa, 2016).

### Defendant's Reply to Plaintiff's Response to Objection #6

Within their Response to Defendant's Objection # 6, the Plaintiffs tacitly admit that none of the documents which the Court Identifies as a basis of its ruling on the Motion where disclosed in accordance with F.R.Civ.P. 26(a)(1) but argues that Defendant Carman's "reliance on Fed. R. Civ.P. 37(c)(1) is textually sophomoric" because he seeks to apply rule 37(c) as written. Rule 37(c)(1) is clear, if a party does not properly disclose documents within its Rule 26(a)(1) disclosures, then the party cannot use them to in a motion or at trial, unless, that party shows substantial justification or harmlessness. Biltrite Corp. v. World Road Markings, Inc., 202 F.R.D. 359, 362-363. (D. Ma. 2001). Plaintiffs made no attempt to establish substantial justification or harmlessness. Here, Judge Sullivan not only failed to rule on Defendant's Rule 37(c)(1) objection, but explicitly identified and relied upon the these three documents within her Order. [Doc. # 59, page 5 of 7]

### Defendant's Reply to Plaintiff's Response to Objection #7

If the "customary background questions that are asked at the beginning of virtually every discovery deposition" Order [Doc. #59, page 3 of 7] are encompassed within "wrap up questions", then just about any topic is a "wrap up question". The fact of the matter is that questions relating to Mr. Carman's daily activities over the past 13 months was not the subjection of Plaintiffs Motion to Compel Deposition Testimony. The Court ruled on these

questions sua sponte, without providing the Defendant with notice and an opportunity to be brief the issue.

Defendant's Reply to Plaintiff's Response to Objection #9

The statements made within Plaintiff's Reply Brief [Doc. #56, page 2 of 10] and Plaintiffs' Response to Defendants Objection [Doc. 64, page 5 of 9] with respect to the disclosure of the ABC "20/20 Television Broadcast, simply false. As is stated on pages 8 & 9 within Defendant's Objection [Doc. # 61] the ABC 20/20 Television Broadcast was never identified or produced during discovery. The "outakes" (rather than the show itself) of this episode where initially identified Plaintiffs' 26(a)(1) disclosure, however a description and location of these "outtakes" was never provided and after several requests counsel for the Plaintiff's explicitly indicated that Plaintiff did not intend to use the episode outtakes. Affidavit of D. Anderson [Doc. #51-2, Para. 6, Page 4]. The disclosure of the episode itself and the web link to its internet posting was first made within Plaintiff's Reply Brief. [Doc. #56, page 2 of 10]

It is clear that the Counsel for the Plaintiff effectively mislead the Court on this issue as the Order dated 03/30/18 specifically identifies this T.V. episode and even described the substance of its contents.

Defendant's Reply to Plaintiff's Response to Objection #10

Plaintiff avoids conceding an obviously erroneous finding in the 03/30/18 Order by falsely misstating the objection. See, Defendant's Objection # 10, [Doc. # 61, pages 9-10]

6

Defendant's Reply to Plaintiff's Response to Objection #11

First, Defendant's Objection clearly, directly and specifically alleges (with support in the record) that the ABC 20/20 broadcast, referred to and relied upon in the Court's 03/30/18 Order was first identified and the location on the internet provided within Defendant's Reply Memorandum. [Doc. #56, page 2 of 10]. If this is false, then Plaintiff should identify where, when and how, this T.V. Show was disclosed and provide factual support on the court record for its claim.

Second, even if one were to assume that the single page *Warrant* part of the ten page Exhibit 37 was served on Mr. Carman, Service of the *Warrant* does not establish that the seven page *Application for a Warrant*, part of Exhibit 37 (which was the subjection of the objected to deposition questioning) was ever served on or provided to the Defendant. Plaintiffs never disclosed the 10 page document marked as Ex. 37 until it was marked a Defendant's deposition. Counsel for Defendant had never previously seen the document, and there is no evidence in the record that Defendant had either.

Second, the fact that both the Court and the Plaintiffs' rely so heavily on four year old Application for a Warrant, made by non-parties in another case demonstrates how disconnected the 03/30/18 Order is from the standards set forth Rule 26(b)(1). As noted in the Introduction, pursuant to F.R.Civ.P. 26(b)(1) the scope of discovery is determined by the Party's claims as set forth in their pleadings, not the claims made by non-parties on T.V., posted on the internet, or contained within an application for a warrant.

Defendant's Reply to Plaintiff's Response to Objection #12

Defendant's Objection # 12 does not the 12/12/17 Order, rather it objects to the fairly clear mischaracterization of findings and rulings of the 12/12/ 17 Order as described within the Court's 03/30/18 Order.

Defendant's Opposition to Request for Discovery Extension

The current discovery dispute relates exclusively to guns and murder and is completely disconnected with claims and defenses set forth in Plaintiffs pleadings and the theories of liability set forth in Plaintiff's Answers to Interrogatories, 30(b)(6) testimony, and the expert reports attached to Plaintiffs Complaint.  Fact Discovery in this case has closed and other than Deposition exhibits 37 & 38 and the 20/20 episode, Plaintiff has not identified a single document or a single witness in support of a claim relating to murder of Defendant's grandfather five years ago.  Under these circumstances it appears extremely unlikely that any additional testimony from the Defendant relating to guns and murder will give rise to any additional expert testimony. Accordingly, Defendant objects to delaying disclosure of expert testimony unrelated to guns or the murder of Defendants grandfather five years ago.

WHEREFORE, the Defendant respectfully requests that this Court consider Defendant's objections to Judge Sullivan's 03/30/18 Order [Doc. # 59], vacate the objected to portions, and enter a new Order denying Plaintiffs' Motion to Compel Defendant's Deposition Testimony [Doc. # 37]. Defendant further requests that the Court Deny Plaintiffs' request to further extend discovery in this case.

       Respectfully Submitted

       On behalf of the Defendant,
       Nathan Carman

       /s/ David F. Anderson
       David F. Anderson
       Latti & Anderson LLP
       30 Union Wharf
       Boston, MA 02109
       (617) 523-1000
       DAnderson@LattiAnderson.com

Dated: May 7, 2018

### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

       /s/David F. Anderson
       David F. Anderson