# UNITED STATES DISTRICT COURT
## For the
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>　　Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>　　Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

### DEFENDANT NATHAN CARMAN'S OPPOSITION TO:

### VALERIE C. SANTILLI, ET AL'S MOTION TO INTERVENE AS INTERESTED PARTIES UNDER F.R.C.P. 24 REQUESTING MODIFICATION OF PROTECTIVE ORDER

Now comes the Defendant in the above matter and respectfully requests that this Honorable Court Deny non-party Valerie Santilli, non-party Elaine Chakalos and non-party Charlene Gallagher's Motion to Intervene as Interested Parties Under F.R.C.P. 24 Requesting Modification of Protective Order. Defendant further objects to this Court Ordering the Defendant to respond to the subject Motion to Intervene within 3 business days, where the prospective intervenors waited six months to file their motion, where there is no genuine L.R. 9 "emergency" requiring an immediate ruling and where the intervenor's motion requests modification of a Rule 26(c) protective Order, agreed to and relied upon by the current parties to this case, covering hundreds of pages of deposition testimony and other discovery documents which Counsel for the Defendant cannot review within the three days provided. Further, the Motion to Intervene involves issues relating to F.R.Civ.P. 24, standing, Article III standing, subject matter jurisdiction and modification of Rule 26(c) protective orders that do not typically

1

arise in admiralty actions such as this and which counsel for the Defendant is not familiar with. As grounds thereof Defendant Carman states as follows:

1. Non-parties Santilli, Chakalos & Gallagher have failed to comply with F.R.Civ.P. 24(c) which requires that a motion seeking intervention "must … be accompanied by a pleading that sets out the claim or defense for which intervention is sought". See, Rhode Island Federation of Teachers, AFL-CIO v. Norberg, 630 F.2d 850, 854 (1st Cir. 1980) ("Whether of right or permissive, intervention under Rule 24 is conditioned by the Rule 24(c) requirement that the intervenor state a well-pleaded claim or defense to the action.") Accordingly, non-parties Santilli, Chakalos & Gallagher's Motion to Intervene should be denied, without prejudice to re-filing such a motion in full compliance with F.R.Civ.P. 24(c).

2. Non-parties Santilli, Chakalos & Gallagher have failed to establish that they are entitled to intervene as parties in this action as a matter of right pursuant to F.R.Civ.P. 24(a)(1) and/or F.R.Civ.P. 24(a)(2).

3. Non-parties Santilli, Chakalos & Gallagher have failed to establish that they are entitled to intervene as parties in this action pursuant to F.R.Civ.P. 24(b)(1)(A) on account of "a conditional right to intervene by a federal statute".

4. Because Non-parties, Santilli, Chakalos, & Gallagher's Motion to Intervene is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought" neither the Court nor the Parties to this action can determine whether they intend to assert "a claim or defense that shares with the main action a common question of law or fact". F.R.Civ.P. Rules 24(c) & 24(b)(1)(B). Accordingly, non-parties Santilli, Chakalos, & Gallager have failed to establish that they are entitled to intervene as parties pursuant to F.R.Civ.P. 24(b)(1)(B).

5.	Because non-parties, Santilli, Chakalos, & Gallagher are not government agencies or officers, they are not entitled to intervene in this action pursuant to F.R.Civ.P. 24(b)(2).

6.	This Court lacks subject matter jurisdiction over the claims and defenses to be asserted by non-parties Santilli, Chakalos, & Gallagher.

7.	Santilli, Chakalos & Gallagher lack Article III standing to intervene in this Admiralty Action.

8.	As non-parties to this case, Santilli, Chakalos & Gallagher lack standing to file a motion to modify a F.R.Civ.P. 26(c) protective Order which was agreed to and relied upon by parties in this case.

9.	As non-parties to this case, this Court lacks jurisdiction (judicial power) over Santilli, Chakalos & Gallagher to enforce the limitations on disclosure of discovery materials set forth in the proposed Orders attached to their Motion.

WHEREFORE, the Defendant respectfully requests that this Honorable Court Deny non-party Valerie Santilli, non-party Elaine Chakalos and non-party Charlene Gallagher's <u>Motion to Intervene as Interested Parties Under F.R.C.P. 24 Requesting Modification of Protective Order</u>.

        Respectfully Submitted
On behalf of the Defendant,
Nathan Carman

<u>/s/ David F. Anderson</u>
David F. Anderson
Latti & Anderson LLP
30 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: August 22, 2018

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

                                        /s/David F. Anderson
                                        David F. Anderson