UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>    Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>    Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

DEFENDANT NATHAN CARMAN'S PRE-TRIAL MEMORANDUM

Now comes the Defendant, Nathan Carman, and pursuant to this Court's Pretrial Order [Doc. #18] as modified by Order dated 3/30/18 [Doc. #59] respectfully submits the below Pretrial Memorandum.

1. **DEFENSES AND CLAIMS EXPECTED TO BE PROVEN BY DEFENDANT**

    A. The Agreed Value Hull Insurance Policy

    This is an action for a Declaratory Judgment relating to a hull claim arising from an agreed value hull policy purchased by the Defendant from and/or through the Plaintiffs covering a 31ft. sports fishing vessel owned by Defendant Nathan Carman. It appears that the parties are in agreement that in December of 2015 Defendant Carman purchased an agreed value hull insurance policy covering his 31 ft. sports fishing vessel. It appears that the parties are in agreement that as of September 2016 the insurance policy provided for an $85,000 payment as

1

an "agreed value" in the event that the total loss of the vessel was covered by the policy. Finally, it appears that the parties are in agreement that in September 2016 Defendant's 31 ft. vessel sank and is a total loss.

As a threshold matter, there is a factual dispute in this case as to terms of the insurance policy purchased by the Defendant. There is a dispute in this case regarding whether the loss of Defendant's vessel was an covered loss either under the terms of the policy as alleged by the Plaintiff and/or the terms of the policy as alleged by the Defendant. Regardless of the precise terms of the insurance policy, there is a dispute in this case as to whether Defendant's hull claim is barred by the general maritime law doctrine of *Uberrimae Fidei* and or the *Negative Implied Warranty of Seaworthiness*. As stated in detail within Paragraphs 15-30 of <u>Defendant's Amended Answer and Counterclaim</u> [Doc. #12] the Defendant alleges that the terms of the insurance policy/contract between the parties where established at the time the Policy was purchased. Defendant alleges that the fundamental terms of this insurance policy/contract are documented within Exhibits A, B, and C attached as Exhibits to the <u>Defendants Amended Answer and Counterclaim</u> [Doc. #12-1, #12-2, #12-3]

B. <u>DEFENSES ASSERTED BY THE DEFENDANT</u>

<u>Plaintiff's Count I</u>
<u>"THE POLICY IS CANCELLED – Vermont Endorsement"</u>

In Count I of the <u>Complaint</u>, the Plaintiff alleges that Defendant's hull claim is barred by specific quoted language within the "Vermont Endorsement". At trial Plaintiff will be unable to prove that the language and terms of the "Vermont Endorsement" formed or subsequently where made part of the insurance policy sold to the Defendant. At trial Defendant will prove that he

2

did not violate the quoted provisions 2, 3, 4, and 5 of the "Vermont Endorsement" or otherwise measurably increase the risk plaintiffs originally accepted. Defendant will prove at trial that the clear and unambiguous language of the form entitled "Vermont Endorsement" (which Plaintiffs claim was made part of the policy) does not authorize the Plaintiffs to cancel the policy retrospectively (i.e. after a loss) but rather only allows for cancellation in the future and then only after a 45 days advanced notice to the insured. Given the clear language of the "Vermont Endorsement" providing 45 days advanced notice of cancellation, Defendant claims that the Plaintiffs stated reliance upon the "Vermont Endorsement" as a basis of the denial of Defendant's Hull claim constitutes a bad faith claims settlement practice in violation of the general maritime doctrine of *Uberrimae Fidei* (duty of good faith and fair dealing) as well as insurance claims settlement law of Massachusetts, Rhode Island, Connecticut and Vermont. Defendant further claims that to the Extent that Vermont law applies to this claim, Vermont insurance laws and regulations (8 V.S.A. 4724; Vermont Insurance Div. Reg. 79-2) bar or otherwise preclude the Plaintiff from raising this defense where it was not timely communicated to the Defendant following the assertion of his claim.

PLAINTIFF'S COUNT II
"The Policy is Void – *Uberrimae Fidei*"

Within Count II of Plaintiffs' Complaint the Plaintiffs' allege that the Defendant breached his "continuing duty of the utmost good faith" in failing to disclose to the Plaintiffs material information about the risk. At trial, Defendant will prove that at all times he acted with the utmost good faith and candor in connection with his dealings with the Plaintiffs. By Order [Doc. # 59] dated 3/30/18 the Parties were ordered to serve expert witness disclosures no later than May 18 with response Expert disclosures due June 1, 2018. Notwithstanding this Order Plaintiffs have not disclosed any expert witnesses they intend to call at trial. Accordingly, at trial

the Plaintiff will not be able to meet its burden of proving that any alleged misrepresentation was material and if so whether it caused or contributed to causing the loss of Defendant's vessel.

## PLAINTIFF'S COUNT III
### "No Coverage – No Accidental Cause"

At trial the Plaintiffs will be unable to meet their burden of establishing that the policy language quoted in Count III formed part of the insurance policy purchased by the Defendant. The Plaintiff will be unable to meet its burden of establishing that incomplete, improper or faulty repairs was a cause of the Defendant's vessel sinking. On this point it should again be noted that we are now three months past the expert disclosure deadline and Plaintiffs have not disclosed a single expert witness which they intend to call at trial. At trial Plaintiffs will be unable to meet their burden of establishing that Defendant intentionally caused the sinking and loss of his vessel. Defendant will prove at trial that the sinking of his boat was unintentional, unexpected and entirely accidental. Finally, Defendant will prove at trial that the Exclusions quoted in Count III are superseded by provisions within the policy language (alleged by Plaintiffs) that provide coverage for a sinking even if such a sinking was the result of an otherwise excluded cause.

## PLAINTIFF'S COUNT IV
### "COVERAGE EXCLUDED – Policy Exclusion D

At trial the Plaintiffs will be unable to meet their burden of establishing that the Policy Exclusion D language quoted in Count IV formed part of the insurance policy purchased by the Defendant. The Plaintiff will be unable to meet its burden of establishing that the alleged incomplete, improper or faulty repairs was a cause of the Defendant's vessel sinking. On this point it should again be noted that we are no three months past the expert disclosure deadline and Plaintiffs have not disclosed a single expert witness which they intend to call at trial. Defendant

will prove at trial that the sinking of his boat was unintentional, unexpected and entirely accidental.  Finally, Defendant will prove at trial that the Exclusion D quoted in Count IV are superseded by provisions within the policy form (alleged by Plaintiff) that provide coverage for a sinking even if such a sinking was the result of an otherwise excluded cause.

### PLAINTIFF'S COUNT V
### "COVERAGE EXCLUDED – Policy Exclusion F

At trial the Plaintiffs will be unable to meet their burden of establishing that the Policy Exclusion F language quoted in Count V formed part of the insurance policy purchased by the Defendant.  At trial the Plaintiffs will be unable to meet their burden of establishing that the sinking of Defendant's vessel was intentional and therefore barred by the Policy Exclusion F. Defendant will prove at trial that the sinking of his boat was unintentional, unexpected and entirely accidental.

### PLAINTIFF'S COUNT VI
### NO COVERAGE
### "Breach of the Negative Implied Warranty of Seaworthiness"

At trial Plaintiff's will be unable to meet there burden of proving that Defendant's vessel was unseaworthy when it left port or that Defendant Carman had actual or constructive knowledge of this unseaworthy condition.   Defendant will prove at trial that at the time the vessel left dock on her final voyage, that the Defendant Carman reasonably, objectively believed the vessel to be seaworthy and that the sinking of his boat was unintentional, unexpected and entirely accidental.

C.      CLAIMS ASSERTED (COUNTERCLAIMED) BY THE DEFENDANT

## COUNT I
### Breach of Insurance Contract

Defendant's Count I is a run of the mill claim for breach of the Hull Insurance contract/policy covering his vessel.  Defendant will prove at trial that he is entitled to the $85,000 agreed value of the vessel.

## COUNT II
### Breach of Sales and Insurance Contract

At trial Defendant will prove the allegations set forth in detail within paragraphs 57-70 of his Defendants Amended Answer and Counterclaim.  [Doc. #12]  To summarize, Defendant will prove that Plaintiff, Boat Owners Association of the United States did not provide the Defendant with the Marine insurance policy which was promised to him at the time of sale.

## COUNT III
### Breach of Duty of Utmost Good Faith and Fair Dealing in Connection with Marketing Sale of Marine Insurance

At trial Defendant will prove the allegations set forth in detail within paragraphs 71-74 of his Defendants Amended Answer and Counterclaim.  [Doc. #12]  To summarize, Defendant will prove that Plaintiff, Boat Owners Association of the United States purposefully misrepresented its relationship with Plaintiff, National Liability and Fire Insurance Company and that the two Plaintiffs engaged in "bait and switch"  sales practices in breach of their general maritime law duty utmost good faith and fair dealings.  It should be noted that in connection with Count III, Defendant seeks equitable remedies, compensatory damages as well as Punitive damages available under the general maritime law.

## COUNT IV
### Breach of Duty of Utmost Good Faith and Fair Dealing in Connection with Marine Insurance Claims Settlement Practices

At trial Defendant will prove the allegations set forth in detail within paragraphs 75-78 of his Defendants Amended Answer and Counterclaim [Doc. #12] To summarize, Defendant will prove that Plaintiff engage in bad faith claims settlement practices in breach of its obligations under the general maritime law. In connection with Count IV Defendant compensatory damages as well as Punitive damages available under the general maritime law.

## COUNT V
### Breach of Duty of Utmost Good Faith and Fair Dealing in Connection with Marketing & Sale of Consumer Insurance

At trial Defendant will prove the allegations set forth in detail within paragraphs 79-82 of his Defendants Amended Answer and Counterclaim [Doc. #12] To summarize, Defendant will prove that Plaintiff engage in unfair and deceptive marketing and sales practices in breach of its obligations under the laws of Massachusetts, Rhode Island, Connecticut and Vermont. Count V is substantially similar to Count III except that it relies upon state consumer protection laws.

## COUNT VI
### Unfair and Deceptive Claims Settlement Practices

At trial Defendant will prove the allegations set forth in detail within paragraphs 83-86 of his Defendants Amended Answer and Counterclaim [Doc. #12] To summarize, Defendant will prove that Plaintiff engage in unfair and deceptive claims settlement practices. Defendant's Count VI is substantially similar to Count IV except that it relies upon state consumer protection/Insurance laws rather than the general maritime law.

2. **MEMORANDUM OF SUPPORTING LAW**

Without knowing the witnesses or exhibits Plaintiffs intend to introduce at trial it is difficult to anticipate what legal issues are likely to arise during trial. However, by Order [Doc. # 59] dated 3/30/18 all fact discovery in this case was to be completed by April 27th and all

expert and rebuttal expert witness disclosures were to be completed three months ago on June 1, 2018.  To date Plaintiffs have not disclosed any expert witnesses they intend to call at trial.  Plaintiffs have not supplemented their responses to interrogatories or requests for production of documents.  After the close of fact discovery in April, the Plaintiff served multiple supplemental 26(a) (1) disclosures identifying several previously unidentified witnesses and previously unidentified/produced documents.

While it remains unclear what witnesses Plaintiffs intend to call at trial, and what documents Plaintiffs intend to introduce at trial, Defendant anticipates filing one or more Motion in Limine pursuant to F.R.Civ.P. 37(c)(1).

F.R.Civ.P. 37(c)(1) states;

***"Failure to Disclose or Supplement****.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trail unless the failure was substantially justified or is harmless"*

"Parties have a duty to disclose all documents, including electronically stored information in their possession, custody, or control that may be used to support a claim or defense."  Brown v. AT & T Services Inc., 236 F.Suppp.3d 1000, 1005 (S.D. TX, 2017).  Where a party fails to properly disclose evidence pursuant to Rule 26(a)(1) mandatory preclusion is "the required sanction in the ordinary case."  Klonosky v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998).  Rule 37(c)(1) requires "near automatic exclusion of Rule 26 information that is not timely disclosed".  Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20 (1st Cir. 2001).

3.   **PROBABLE LENGTH OF TRIAL**

This is an Admiralty Action which will be tried to the Court rather than a jury.  Counsel for the Defendant anticipates that trial of this matter will take approximately 20 hours of actual testimony.

4.   **ADDITIONAL MATTERS IN AID OF DISPOSITION OR TRIAL**

Defendant is not aware of anything in particular which would aid in the Disposition of this Admiralty Action.

>
> Respectfully Submitted
> On behalf of the Defendant,
> Nathan Carman
>
>
> /s/ David F. Anderson
> David F. Anderson
> Latti & Anderson LLP
> 30 Union Wharf
> Boston, MA 02109
> (617) 523-1000
> DAnderson@LattiAnderson.com

Dated:  August 24, 2018

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

> /s/David F. Anderson
> David F. Anderson