UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL LIABILITY & FIRE :
INSURANCE COMPANY and BOAT :
OWNERS ASSOCIATION of the :
UNITED STATES, :
    Plaintiffs, :
 :
v. : C.A. No. 17-038WES
 :
NATHAN CARMAN, :
    Defendant. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before the Court[1] is the motion to intervene for the limited purpose of requesting modification of the protective order filed by Valerie C. Santilli, individually and as executrix of the estate of John C. Chakalos, Elaine Chakalos and Charlene Gallagher ("Intervenors"). ECF No. 73. Intervenors are petitioners in a suit pending in the probate court in New Hampshire, while Defendant in this case (Nathan Carman) is the respondent in the New Hampshire probate case. In the New Hampshire probate case, Intervenors contend that Mr. Carman should be barred from inheriting from or through his grandfather or mother because he is responsible for their deaths, by shooting his grandfather and by causing his mother's disappearance (and

---

[1] The motion to intervene was referred to me for determination. Courts disagree whether a motion to intervene is non-dispositive and may be dealt with pursuant to 28 U.S.C. § 636(b)(1)(A) or whether it is more analogous to the excepted motions, requiring it to be the subject of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Compare North Dakota v. Heydinger, No. 11-CV-3232 (SRN/SER), 2013 WL 593898, at *1 (D. Minn. Feb. 15, 2013) (magistrate judge order denying motion to intervene reviewed for clear error) and Kukui Gardens Corp. v. Holco-Capital Grp., Inc., 261 F.R.D. 523, 527 (D. Ha. 2009) (motion to intervene properly decided as non-dispositive motion), with Meeks v. Schofield, No. 3:12-cv-545, 2013 WL 1826438, at *2 (M.D. Tenn. April 30, 2013) (magistrate judge order denying motion to intervene reviewed as report and recommendation). In this case, where Intervenors seek to intervene for the limited purpose of asking the Court modify its protective order, there are no dispositive issues at stake. See Medchoice Risk Retention Grp. Inc. v. Rand, Case No. 3:16-cv-00418-MMD-VPC, 2017 WL 1025173, at *2 (D. Nev. Mar. 16, 2017) (denial of intervention to assert state law claim disposes of claim and is properly addressed in report and recommendation). Accordingly, I address the motion in this memorandum and order, as it was referred.

presumed death) at sea by deliberately sinking the vessel on which he took her out fishing.

These factual claims align with the factual claims in issue in this case, in which Plaintiff

(National Liability & Fire Insurance Company) alleges that Mr. Carman should be barred from

recovering insurance proceeds in connection with the total loss at sea of the insured vessel

because he intentionally caused it to sink as part of a scheme to inherit his grandfather's wealth

by causing his grandfather's and mother's deaths.

For several months, in the New Hampshire probate court, Intervenors have aggressively

sought to compel Mr. Carman to produce transcripts of his testimony, interrogatory answers,

responses to requests to admit and related materials that were provided in discovery in this case

(collectively, the "Discovery"). Mr. Carman, somewhat disingenuously, has asserted that this

Court's Protective Order (ECF No. 35) is a barrier to his compliance with such discovery

requests despite its plain language, which clearly is binding only on Plaintiff, leaving Mr.

Carman unconstrained. Put differently, this Court's Protective Order does not bar Mr. Carman

from producing the Discovery in the New Hampshire probate court proceeding. Nevertheless,

faced with Mr. Carman's arguments, the New Hampshire probate court (understandably)

declined to compel Mr. Carman to produce the Discovery because it would be "simply

inappropriate to exercise its discretion to order discovery produced if it is under a protective

order from another jurisdiction." ECF No. 73-1 at 109. Instead, the probate court twice directed

Intervenors to intervene in this case to request that the Protective Order be modified. Id. at 106-

09; see also id. at 85. Their emergency motion to intervene was filed within one week of the

second such ruling.

Mr. Carman objects. He argues that Intervenors have not established the elements for

intervention as of right pursuant to Fed. R. Civ. P. 24(a) and that permissive intervention

pursuant to Fed. R. Civ. P. 24(b) is limited to the assertion of claims or defenses as to which the court has independent jurisdiction. He also contends that Intervenors lack standing in this admiralty action and lack standing to modify the Protective Order.[2]

Since the First Circuit's seminal decision in Public Citizen v. Liggett Grp., Inc., 858 F.2d 775 (1st Cir. 1988), it has been well settled in this Circuit that the district court has the inherent power to modify discovery-related protective orders when circumstances justify, as well as that "the procedurally correct course" for third-party challenges to protective orders is intervention pursuant to Fed. R. Civ. P. 24. Id. at 782-83; see Massachusetts v. Mylan Labs., Inc., 246 F.R.D. 87, 91 (D. Mass. 2007) ("correct course for third parties to seek access to the protected material in this case is through Rule 24 intervention"). In exercising its discretion whether to permit third-party intervention to gain access to discovery shielded by a protective order, the court must consider the commonality of the facts between the two actions, the timeliness of the motion, prejudice to existing parties due to any delay that intervention might cause, prejudice to the proposed intervenors if intervention is denied and the existence of extraordinary circumstances militating for or against intervention. Public Citizen, 858 F.2d at 785-87. Public Citizen echoes the same holding adopted by every circuit that has considered the issue. Importantly, these cases not only endorse flexibility in permitting intervention for the limited purpose of procuring discovery, but also uniformly hold that a motion to intervene for such a limited purpose falls into a narrow exception to the normal requirement that the intervenor's claim must have an

---

[2] Mr. Carman did not rely on the Fifth Amendment when he (jointly with Plaintiff) asked this Court to enter the Protective Order; if he had, that would be a consideration in deciding whether to modify the Order now. See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 317 (D. Conn. 2009) (because deponents expressly relied on protective order in agreeing to testify and not invoke Fifth Amendment, court declined to modify order). In any event, such a basis for non-disclosure would be an uphill climb particularly when no charges have been brought. See S.E.C. v. Caramadre, 717 F. Supp. 2d 217, 221-22 (D.R.I. 2010). "The Fifth Amendment protects a party from self-incrimination; it does not protect someone from having to invoke the right to avoid self-incrimination in the first place." Id. at 222-23 (citing Keating v. Office of Thrift Supervision, 45 F.3d 322, 325-26 (9th Cir. 1995)).

independent jurisdictional basis. E.E.O.C. v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1047 (D.C. Cir. 1998). "An independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of obtaining access to documents covered by seal or by a protective order, because the third party does not ask the court to rule on the merits of a claim or defense." Id.

I find that Intervenors have easily satisfied all of the requirements for a limited purpose Fed. R. Civ. P. 24(b) permissive intervention pursuant to Public Citizen. First, the factual questions central in this case and the New Hampshire probate case – whether Mr. Carman concocted and carried out a scheme resulting in the death of his grandfather and mother and in the loss at sea of the insured vessel – are identical, readily meeting the Fed. R. Civ. P. 24(b)(1)(B) requirement of a common question of fact. Second, the motion is unambiguously timely, following by just one week the ruling of the New Hampshire probate court.[3] Third, this limited intervention will not cause delay nor inflict any discernable prejudice on the parties in this case, apart from the potential negative impact on Mr. Carman if his aunts have access to this highly relevant information. Relatedly, the prejudice to Intervenors arising from the denial of intervention would be substantial in that they would be deprived of access to prior sworn statements by Mr. Carman regarding the precise factual matters in issue in the New Hampshire probate court, particularly with their deposition of him before a referee in the New Hampshire

---

[3] Mr. Carman argues that the motion is untimely because Intervenors were aware of their need for the Discovery more than six months ago. ECF No. 78. Such a delay would not be troubling – delays of much greater duration have been found to be inconsequential in this context. See In re New Motor Vehicles Canadian Exp. Antitrust Litig., MDL No. 03-MD-1532, 2009 WL 861485, at *4 (D. Me. Mar. 26, 2009) ("Intervenors have waited roughly a year and a half to file their Motion to Intervene in this action for discovery purposes. That delay does not strike me as troubling."). In any event, the Court finds that this argument is off course because the inability of Intervenors to procure the Discovery in the New Hampshire probate proceeding was caused by Mr. Carman's inaccurate characterization of the breadth of this Court's Protective Order, resulting in the New Hampshire probate court's understandable hesitation to interpret the Order otherwise. This did not crystalize until August 6, 2018.

probate court scheduled for August 27 and 28, 2018.[4]  Finally, in light of the importance of discovery to the orderly disposition of cases on their merits, to the extent that extraordinary circumstances exist, they militate in favor of intervention so that the Discovery can flow into the New Hampshire probate case.  <u>In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.</u>, 255 F.R.D. 308, 317 (D. Conn. 2009) (listing cases reflecting presumption in favor of access in cases where intervening party involved in bona fide collateral litigation seeks access to protected discovery materials).

Based on the foregoing, as memorialized in a Text Order entered on August 24, 2018, the Fed. R. Civ. P. 24(b) motion to intervene (ECF No. 73) is granted and the Modified Protective Order, essentially as proposed by Intervenors,[5] shall issue immediately.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 27, 2018

---

[4] To be clear, this Court's task is to address its own Protective Order by modifying it to make clear that the Discovery may be produced in the New Hampshire probate proceeding.  While the Court has addressed the matter as an emergency at the request of Intervenors in light of the deposition of Mr. Carman scheduled for August 27 and 28, 2018, this Court's ruling is not intended to interfere with or alter the schedule set in New Hampshire for the probate proceeding.

[5] Neither Plaintiff nor Mr. Carman objected to the content of the Proposed Modified Protective Order, which was attached by Intervenors to their motion as required by Fed. R. Civ. P. 24(c).  The Court has added the clarification that the Order is not intended to interfere with the New Hampshire probate court's management of discovery in the New Hampshire probate proceeding.  Otherwise, it is entered as presented.