UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY and BOAT OWNERS ASSOCIATION of the UNITED STATES, Plaintiffs, | : : : : : : | |
| v. | : : | C.A. No. 17-038WES |
| NATHAN CARMAN, Defendant. | : : | |

### MODIFIED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) this Court hereby orders that the parties and their counsel comply with the following Protective Order.

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-captioned proceeding (the "Proceeding") and by petitioners ("the New Hampshire Plaintiffs") in a collateral proceeding styled as *Valerie C. Santilli, individually, and as Executrix of the Estate of John Chakalos, et al., v. Nathan Carman, et al.*, N.H. Cir. Ct., Probate Division, Case No. 313-2017-EQ-00396, (the "New Hampshire Proceeding"), which may involve personal sensitive information warranting protection;

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern all documents, the information therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding, including the New Hampshire Plaintiffs, when same is designated in accordance with the

procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding and the New Hampshire Plaintiffs.

2. With respect to any documents or information provided by the Defendant to the Plaintiffs pursuant to discovery obligations set forth in Fed. R. Civ. P.26-36, the Defendant must clearly identify and/or inform counsel for the Plaintiffs (at the time of disclosure) which information and/or documents are "highly confidential" and private and which information and/or documents are "confidential" and non-public. Documents and information which are not identified by counsel for the Defendant as being either "highly confidential" or "confidential" are not subject to this Protective Order.

3. Documents and information identified by counsel for the Defendant as being "highly confidential" shall be securely retained by counsel for the Plaintiffs with added protection to ensure no access except as needed for use in connection with this Proceeding or the New Hampshire Proceeding. Counsel for the Plaintiffs shall not disclose the documents and information identified by counsel for the Defendant as being "highly confidential" to any person or entity (other than legal counsel for the New Hampshire Plaintiffs), without first receiving written consent from counsel for the Defendant.

4. Documents and information identified by counsel for the Defendant as being "highly confidential" shall be securely retained by counsel for the New Hampshire Plaintiffs with added protection to ensure no access except as needed for use in connection with this Proceeding or the New Hampshire Proceeding. Counsel for the New Hampshire Plaintiffs shall not disclose the documents and information identified by counsel for the Defendant as being "highly confidential" to any person or entity without first receiving written consent from counsel for the Defendant; provided, however, that counsel for the New Hampshire Plaintiffs may disclose such

"highly confidential" documents and information to the extent necessary at trial in the New Hampshire Proceeding.

5.      The Plaintiffs and their legal counsel are ordered not to disclose documents and information identified by counsel for the Defendant as being "confidential" to the general public, to the media, and/or to any non-party to this action, with the exception of the New Hampshire Plaintiffs and their legal counsel.  Counsel for the Plaintiffs shall store documents and information identified by counsel for the Defendant as being "confidential" using the same degree of security used in storing counsel's own client files.  Counsel for the Plaintiffs may disclose documents and information identified by counsel for the Defendant as being "confidential" with the Plaintiffs, any expert witnesses employed by the Plaintiffs in connection with this case, and with the New Hampshire Plaintiffs and their legal counsel.

6.      The New Hampshire Plaintiffs and their legal counsel are ordered not to disclose documents and information identified by counsel for the Defendant as being "confidential" to the general public, to the media, and/or to any non-party to this action; provided, however, that counsel for the New Hampshire Plaintiffs may disclose such "confidential" documents and information to the extent necessary at trial in the New Hampshire Proceeding.  Counsel for the New Hampshire Plaintiffs shall store documents and information identified by counsel for the Defendant as being "confidential" using the same degree of security used in storing counsel's own client files.  Counsel for the New Hampshire Plaintiffs may disclose documents and information identified by counsel for the Defendant as being "confidential" with the New Hampshire Plaintiffs and with any expert witnesses employed by the New Hampshire Plaintiffs in connection with the New Hampshire Proceeding.

7.      The New Hampshire Plaintiffs shall be entitled to receive any discovery materials, including documents, depositions, and other testimony, already produced, or to be produced by

the parties to this Proceeding on the same terms as the parties to this Proceeding, notwithstanding any "confidential" or "highly confidential" designation that has been applied to such materials.

8.Nothing in this Modified Protective Oder is intended to interfere with the power, right and duty of the New Hampshire Circuit Court – Probate Division (Concord) to manage discovery in the New Hampshire Proceeding in its sole discretion as appropriate pursuant to applicable law. So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 27, 2018