UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL LIABILITY & FIRE : 
INSURANCE COMPANY and BOAT : 
OWNERS ASSOCIATION of the : 
UNITED STATES, : 
      Plaintiffs, : 
: 
v. :   C.A. No. 17-038WES
: 
NATHAN CARMAN, : 
      Defendant. : 

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

At a hearing held on January 29, 2019, the Court considered and determined the following motions: Plaintiffs' Fifth Motion to Compel Discovery (ECF No. 92) and Plaintiffs' Second Motion to Amend Fraud Affirmative Defense ¶ 88 (ECF No. 110). This Memorandum and Order reflects the rulings of the Court that were memorialized on the record during the hearing.

    1.    <u>Plaintiffs' Fifth Motion to Compel Discovery – Granted in Part and Denied in Part</u>

<u>Request Nos. 20 and 32.</u>  On June 15, 2017, Plaintiffs propounded Request No. 20, seeking "all witness statements,[1] recorded or written, related to this case." ECF No. 19-1 at 11. On September 10, 2018, Plaintiffs propounded Request No. 32, as part of a set permitted by the Court's Text Order of October 15, 2018, seeking "[t]he deposition transcript, audiovisual recording, and all marked exhibits from [Defendant's] August 27-28, 2018 deposition in" related litigation in probate court in New Hampshire ("the New Hampshire case"). ECF No. 92 at 8.

---

[1] To clarify, this term covers statements, including interrogatory answers and deposition testimony in the New Hampshire case. It does not include Defendant's *pro se* filings, documents or physical items he produced or any of his in-court statements in connection with self-representation in defending the New Hampshire case.

Plaintiffs have moved to compel as to both, except that in the motion as to Request No. 20, they seek only witness statements of Defendant.[2] Plaintiffs do not seek health care information, or information protected by the attorney-client privilege or the work product doctrine; to the extent that the requested material contains any, they agree that it may be redacted.

The Court finds that, as limited to delete or remove health care information, the requested documents are squarely relevant and the burden to produce them is not substantial. While it is likely that, given the differing focus of this case and the New Hampshire case, some of the information in these documents may be less relevant to the issues here, in this case, Defendant's credibility and intent are at issue. Therefore, his statements and sworn testimony are also relevant for impeachment purposes. Rubenstein v. Kleven, 21 F.R.D. 183, 184 (D. Mass. 1957) (pretrial discovery may be used to explore sources for impeachment). Further, the Court finds that during the session of Defendant's deposition held on October 29, 2018, Plaintiffs' attempt to depose Defendant was obstructed by inappropriate colloquy, increasing the need to obtain discovery of the requested testimony and statements. Accordingly, the Court orders that Defendant must produce the requested documents (including all statements, the transcripts and all exhibits marked at the deposition) on or before February 8, 2019, provided that he may redact health care information and remove any exhibits that are health care documents; he may redact any material covered by the attorney-client privilege or the work product doctrine; and he must produce a log explaining any attorney-client privilege and work product redactions.

Request Nos. 33 and 34. On September 10, 2018, Plaintiffs propounded Request Nos. 33 and 34, as part of a set permitted by the Court's Text Order of October 15, 2018. They seek all discovery produced by Defendant in the New Hampshire case and all documents "deemed

---

[2] Because the statements sought largely came into existence after Request No. 20 was propounded, the motion as to Request No. 20 is actually to compel supplementation. Fed. R. Civ. P. 26(e)(1)(A)-(B).

confidential" by Defendant in the New Hampshire case. ECF No. 92 at 10, 13. With no link to relevancy other than that they are materials connected with the New Hampshire case, and in light of the significant burden that would be imposed on Defendant because of the volume of such material, the motion as to Requests Nos. 33 and 34 is denied.

        2.        <u>Plaintiffs' Second Motion to Amend Fraud Affirmative Defense ¶ 88 – Granted</u>

Throughout the travel of this case, Plaintiffs have articulated their theory that the sinking of the insured vessel was caused by Defendant's fraudulent conduct as part of a unified scheme that began with Defendant's alleged acquisition of a certain firearm in 2013. Since 2017, over Defendant's vigorous objection, the Court has permitted discovery focused on this theory of the case. See <u>In re Merck Mumps Vaccine Antitrust Litig.</u>, No. 12-03555 (CDJ), 2015 WL 12806504, at *1 n.2 (E.D. Pa. Nov. 30, 2015) (fraud-based claims entitle parties to broad scope of relevance). Based on this theory of the case, in their initial answer to Defendant's counterclaim seeking payment on the insurance policy in issue, Plaintiffs asserted the affirmative defense of fraud, pleading that the "counterclaim is barred by fraud because his boat's sinking was not an accident." ECF No. 13 at 8 ¶ 88.

During the early months of the case's travel, the parties sparred about the sufficiency of this pleading of the affirmative defense of fraud. Despite being invited by the Court to do so, Defendant did not move to strike it based on insufficiency. See ECF No. 31 at 6. Nevertheless, in the face of these arguments, with Defendant's assent, Plaintiffs amended ¶ 88 in December 2017, enhancing significantly the particularity of the pleading's articulation of the circumstances on which the affirmative defense was based, but also making clear that Plaintiffs allege Defendant made other "omissions, concealments from, and misrepresentations to plaintiffs, as <u>will be shown following additional discovery</u>." ECF No. 36 at 9-10 ¶ 88 (emphasis added).

3

Following the filing of this version of the fraud affirmative defense, Plaintiffs pursued the time-consuming and frustrating process of trying to complete Defendant's deposition. When it finally closed on October 29, 2018, Plaintiffs waited for Defendant's signed errata sheet and promptly moved to amend ¶ 88 as soon as it was received. As proposed, the amended affirmative defense now has detailed particularity based on information learned during discovery, including allegations based on what Plaintiffs learned in Defendant's deposition, especially during the final session.[3] At the hearing, Plaintiffs confirmed that they do not need any discovery based on the proposed amendment.

In opposition to the motion to amend, Defendant argues that he is surprised and therefore prejudiced by ¶ 88's factually-based articulation of Plaintiffs' familiar theory that Defendant perpetuated a fraud scheme that included the purchase of the vessel, the procurement of the insurance and the increase in the insurance, all alleged to be part of a scheme that began in 2013, resulting in the sequence of intentional conduct that caused the vessel to sink. Defendant's claim of surprise or prejudice is not well founded. Throughout the travel of the case, Defendant has striven mightily to block discovery regarding the 2013 events that Plaintiffs now plead were part of the scheme to defraud them, while the Court has consistently ruled that such matters are within the scope of relevant discovery.[4] Further, when Defendant argued that he needed discovery on what he alleged was an expanded scope of the case, despite his failure to file a motion to reopen or extend fact discovery, the Court *sua sponte* reopened discovery, making clear in the Order that it was based on Defendant's argument that he needed more discovery to

---

[3] The transcript of this session of the deposition was submitted by Plaintiffs under seal to support the motion to amend. The transcript was reviewed by the Court, which finds that it provides a foundation for some of the new material in the proposed version of ¶ 88.

[4] Whether such facts will be admissible at trial is an entirely different question. Martinez v. Cornell Corrs. of Tex., 229 F.R.D. 215, 218 (D.N.M. 2005) ("relevancy in the discovery context is broader than in the context of admissibility . . .").

rebut Plaintiffs' expansive theory of the scheme. Text Order of Oct. 23, 2018. Moreover, at the hearing on the motion to amend, the Court offered Defendant the opportunity to propound one or more contention interrogatories to inquire about the amended version of ¶ 88 but he declined.

When, as here, no amendment deadline was set by the scheduling order (ECF No. 18), the district court must evaluate a contested motion to amend under Rule 15(a)'s "freely give[n]" standard. Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc., 305 F. Supp. 3d 337, 342-43 (D.R.I. 2018). That is, pursuant to Rule 15(a), the Court must ask whether a plaintiff unduly delayed in bringing the motion to amend, whether the amendment is brought in bad faith or with a dilatory motive, or whether the amendment would be futile. Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995). Here, Plaintiffs brought the motion immediately upon concluding Defendant's deposition so there is no delay at all. And with no need for new discovery, there is not a whisper of a dilatory motive or prejudice arising from the amendment. Additionally, Plaintiffs have been open with Defendant and with the Court regarding their intent to amend this affirmative defense to make it more particularized once additional discovery provided a foundation for doing so – this is not bad faith. Finally, Defendant does not attack ¶ 88 as futile.

In accordance with the Fed. R. Civ. P. 15(a)(3) directive that "[t]he court should freely give leave when justice so requires," the motion to amend is granted.

3. Conclusion

Plaintiffs' Fifth Motion to Compel Discovery (ECF No. 92) is granted in part and denied in part; Defendant must produce the documents subject to this Order (including all statements, the transcripts and all exhibits marked at the deposition) on or before February 8, 2019. Plaintiffs' Second Motion to Amend Fraud Affirmative Defense ¶ 88 (ECF No. 110) is granted.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 1, 2019