**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

_____

|   |   |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE | ) |
| CO. and BOAT OWNERS ASSOCIATION OF | ) |
| OF THE UNITED STATES | )  Civil Action: |
|     Plaintiffs | )  No: 17-cv-0038-S-PAS |
|   | ) |
| v. | )  In Admiralty |
|   | ) |
| NATHAN CARMAN | ) |
|     Defendant. | ) |

_____

## DEFENDANT'S OBJECTION PURSUANT TO F.R.Civ.P. 72(a) TO:

## MAGISTRATE JUDGE SULLIVAN'S MEMORANDUM AND ORDER DATED FEBRUAR 1, 2019

Now comes the Defendant, Nathan Carman, and pursuant to F.R.Civ.P. 72(a) objects to Judge Sullivan's <u>Memorandum and Order</u> entered on February 1, 2019 [Doc. # 126] and in particular the Defendant objects to several of the Court's factual findings upon which this <u>Order</u> was based. As grounds thereof the Defendant asserts that these factual findings were clearly erroneous.

I.     <u>Introduction</u>

As of the date of this Objection Defendant has produced the document called for by the Order. This Objection is being filed to preserve Defendant's objections to several erroneous factual findings so as to avoid waiver pursuant to F.R.Civ.P. 72(a).

II.     Erroneous Factual Findings

      a.     In the middle of the second paragraph on Page 2 of the February 1, 2019

Memorandum and Order the Court found:

> "*Further the Court finds that during the session of the Defendant's deposition held on October 29, 2018, Plaintiffs' attempt to depose Defendant was obstructed by inappropriate colloquy, increasing the need to obtain discovery of the requested testimony and statements.  Accordingly, the Court Orders ….."*  [Doc. #126, P. 2]

The Defendant asserts that this finding is not supported by the record and clearly erroneous.  The

October 29, 2018 deposition of the Plaintiff was taken pursuant to an Order issued by the Court

on September 19th 2018 which explicitly limited the scope of this third deposition of the

Defendant in this case to "relate[d] to the newly procured information derived from the New

Hampshire firearm store where it is claimed Defendant purchased a weapon".   On multiple

occasions during the deposition when the questioning exceeded the explicitly limited scope of

this deposition, counsel for the Defendant stated his objection, stated the basis of his objection

and pursuant to F.R.Civ.P. 30(c)(2) properly instructed Mr. Carman not to Answer.  When asked

questions about a firearm specifically identified within the Connecticut Assault Weapon Ban law

Defendant properly raised a privilege.  These objections, claims of privilege, statements of the

basis and refusals to Answer were proper, supported by the law and should not form the basis of

the Court's finding of obstruction on the part of Defendant.

      Defendant concedes that during the deposition there was inappropriate colloquy between

counsel for the parties relating to an intentionally false statement of objective fact made by

counsel for the Plaintiff, David Farrell, to the Court within its recently Plaintiff's Reply Brief,

specifically counsel for the Defendant's representation to the Court that "Plaintiffs never saw the

[Ct. State Police] forensic report or knew its contents before it was efiled on October 4, 2018"
Plaintiff's Reply Brief, Page 4 of 12  [Doc. #87].  See, Depo of Carmen, Vol. III, pages 27-35
[Doc. 115-1] (colloquy regarding Plaintiff's counsel's false statement to court).  Subsequent
filings have pretty clearly established that Plaintiff's counsel's statement in his Reply Brief was
in fact objectively false[1].  See, Def. Opp. to 5th Mot. to Compel, Pages 3-4 [Doc. 102]; Pl's
Reply Brief re: 5th Motion to Compel, Page 2 [Doc. #103].  Counsel for both parties participated
equally in this colloquy, this colloquy did not limit Plaintiff from acquiring information during
the deposition and should not be the basis of a finding of obstruction.

b.      In the first sentence of the second paragraph on page 3 of the February 1, 2019
Memorandum and Order the Court found:

> *"Throughout the travel of this case, Plaintiffs have articulated their theory that the*
> *sinking of the insured vessel was caused by Defendant's fraudulent conduct as part of a*
> *unified scheme that began with the Defendant's alleged acquisition of a certain firearm*
> *in 2013"  [Doc. #126, P. 3]*

These is simply no support in the record for this finding.  In their discovery motions
Plaintiffs made arguments similar to these, however these were not claims or assertions made by
the Plaintiff's within their pleadings, within their answers to written discovery and in 30(b)(6)
testimony of the Plaintiff's.  See, Def Memorandum in Opp. to Pl's Mot. to Compel [Doc. 50-1].

c.      In the last sentence on page 4 of the February 1, 2019 Memorandum and Order
the Court stated:

> *"The Court sua sponte reopened discovery, making clear in the Order this it was based*
> *on the Defendant's argument that he needed more discovery, making clear in the Order*
> *this it was based on Defendant's argument that he need more discovery to rebut*
> *Plaintiff's' expansive theory of the scheme"  [Doc. #126, P. 4]*

---

[1] Although clearly documented in the pleadings, the Court has never addressed this objectively false statement by counsel for the Defendant nor has the Plaintiff's withdrawn this false statement from their brief.

3

Defendant objects to this statement because while this may have been the Courts intent in drafting its Text Order of October 23, 2018, it certainly was not clear.  The 10/23 Text Order only addressed Plaintiff's Motion which only requested that Plaintiff be allowed to conduct additional discovery.  This interpretation of the Court's 10/23 Text Order is inconsistent with statements made by the Court at the conclusion of the September 18, 2018 hearing relating to a reopening of discovery.  Transcript of 9/18/18 Hearing, Pages 36-38 [Doc. 91].

d.      In middle of page 5 of the February 1, 2019 Memorandum and Order the Court stated:

> *"And with no need for new discovery thee is not a whisper of a dilatory motive or prejudice arising from the amendment"*  *[Doc. #126, P. 5]*

The Defendant objects to this statement because it is not supported by the record in this case and the Defendant needs to conduct discovery on the four pages of new factual allegations asserted in the Plaintiff's proposed amendment.

WHEREFORE, the Defendant respectfully requests that this Honorable Court vacate the Memorandum and Order entered on February 1, 2019 [Doc. # 126] or in the alternative vacate the findings and statements identified in paragraphs a through d above.

Respectfully Submitted

On behalf of the Defendant,
Nathan Carman

/s/ David F. Anderson
David F. Anderson
Latti & Anderson LLP
30 Union Wharf
Boston, MA 02109
(617) 523-1000
Dated: February 15, 2019          DAnderson@LattiAnderson.com

4

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

/s/David F. Anderson
David F. Anderson