UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>　　　Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>　　　Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

DEFENDANT, NATHAN CARMAN'S MEMORANDUM IN SUPPORT OF:

MOTION TO PRECLUDE PLAINTIFFS FROM CALLING WITNESSES:
ALEX AUCOIN
CAROLINE DEMERS CALIO, Esq.
DET. RENEE LeGEYT

I.   RELEVANT FACTS

On August 7, 2017, this Court entered a Standard Pretrial Order ordering that "All factual Discovery will be closed by Feb 9, 2018". [Doc. # 18]. Prior to the close of fact discovery in this case, the Plaintiffs served upon counsel for the Plaintiff a total of three Rule 26(a)(1)(A) disclosures/supplement disclosures which are attached as Exhibits "A", "B", and "C" of Defendants Motion to Exclude Exhibits. [Doc. # 148]. Neither Mr. Aucoin, Ms. Demers Calio, nor Det. LeGeyt were identified within these three disclosures served prior to the fact discovery deadline. Pursuant to the Text Order dated 2/1/19 the Court Ordered all expert witness testimony to be disclosed by February 22, 2019 and March 22, 2019 and all expert depositions to be completed by April 12, 2019.

1

Mr. Alex Aucoin was first identified as a witness whom the Plaintiffs may call at trial more than a year after the close of fact discovery and less than six weeks ago within <u>Plaintiffs 11th Supplemental [Rule 26(a)(1)(A)] Disclosure</u>. A copy of Plaintiffs 11th supplemental disclosure is attached hereto as Exhibit "A".

Det. Renee LeGeyt was first identified as a witness whom the Plaintiffs may call at trial more than a year after the close of fact discovery and less than six weeks ago within <u>Plaintiffs 11th Supplemental [Rule 26(a)(1)(A)] Disclosure</u>. A copy of Plaintiffs 11th supplemental disclosure is attached hereto as Exhibit "A".

Attorney Caroline Demers Calio was first identified as a witness whom the Plaintiffs may call at trial seven months after the close of discovery within <u>Plaintiffs 8th Supplemental [Rule 26(a)(1)(A)] Disclosure</u>. A copy of Plaintiffs 8th supplemental disclosure is attached hereto as Exhibit "B". A description of the subject matter about which attorney Calio has knowledge was served on the Defendant more than one year after the close of general fact discovery and seven weeks ago within <u>Plaintiffs Tenth Supplemental [Rule 26(a)(1)(A)] Disclosure</u> a copy of which is attached hereto as Exhibit "C".

II.     <u>Federal Rules of Civil Procedure 26(a)(1)(A)(i) and 37(c)</u>

Pursuant to F.R.Civ.P. 26(a)(1)(A)(i) "a party must, without awaiting a discovery request, provide to the other parties" "(i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;".

F.R.Civ.P. 26(e) requires a party to supplement their Rule 26(a)(1)(A) disclosures "in a timely manner…". "Failure to disclose in a timely manner is equivalent to failure to disclose". Trost vs. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998).

Pursuant to Fed.R.Civ.P. 37 (c)(1) "[i]If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The rule "provides an exclusionary sanction for failures to disclose witnesses as required by Fed.R.Civ.P. 26." Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999).  "[T]he required sanction in the ordinary case is mandatory preclusion." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004); See, Wilson vs Bradlees of New England, Inc., 250 F.3d 10, 19 (1st Cir. 2001)("The Amendment gave teeth to a significantly broadened duty to supplement Rule 26 disclosures by making mandatory preclusion 'the required sanction in the ordinary case"). "For failure to make the specified discovery, the district court is directed to preclude as evidence 'any witness or information not so disclosed,' and '[i]n addition to or in lieu of this sanction, the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions . . . [including] . . . 'prohibiting that party from introducing designated matters into evidence.'" Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001). The burden of establishing that the failure to disclose was "substantially justified" or "harmless" falls upon the party who failed to timely disclose. Eldridge v. Gordon Brothers Group, L.L.C., 863 F.3d 66, 85 (1st Cir. 2017) ("extraordinary circumstances occasionally may justify an exception to the raise-or-waive rule")

III.  ARGUMENT

Here the Plaintiffs failed to disclose, failed to properly disclose in accordance with F.R.Civ.P. 26(a)(1)(A)(ii) and/or failed to timely disclose these three witnesses to the Defendant... While the Plaintiffs are entitled to try to establish substantial justification and/or harmlessness so as to establish an exception to the "raise or waive rule", the burden to do so is on the Plaintiffs and absent such a showing the Plaintiffs should be precluded from calling as witnesses at trial Mr. Aucoin, Ms. Demers Calio, and Det. LeGeyt.

                          Respectfully Submitted
                          On behalf of the Defendant,
                          Nathan Carman

                          /s/ David F. Anderson
                          David F. Anderson
                          Latti & Anderson LLP
                          30 Union Wharf
                          Boston, MA 02109
                          (617) 523-1000
Dated July 31, 2019            DAnderson@LattiAnderson.com

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

                          /s/David F. Anderson
                          David F. Anderson