UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>　　　Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>　　　Defendant. | Civil Action:<br>No: 17-cv-0038-S-PAS<br><br>In Admiralty |

DEFENDANT'S, NATHAN CARMAN'S, OPPOSITION TO THE PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE PAROL EVIDENCE OF
INSURANCE POLICY'S TERMS AND CONDITIONS [Doc. #140]

Now comes the Defendant, Nathan Carman, and Opposes Plaintiffs' Motion *in Limine* to Preclude Parol Evidence of Insurance Policy's Terms and Conditions. [Doc. # 140] Defendant respectfully requests that this Honorable Court deny Defendants without prejudice to either party raising a parole evidence objection at trial.

Defendant asserts that given 1.) that there is a genuine factual dispute regarding the terms of the insurance contract and/or contracts applicable to this case, 2.) that in addition to a conventional breach of insurance contract claim (Counterclaim Count I[1]), the Defendant has also asserted a claim for breach of the sales agreement/contract (Counterclaim Count II[2]) and claims for bad faith sales and marketing (Counterclaim Count III & V[3]) to which the parole evidence rule would not apply, and 3) that the Plaintiffs' have not provided the Court with a copy of whatever form of policy, policies and/or whatever endorsements which it claims are both

---

[1] Doc. #12, page 21 of 33
[2] Doc. # 12, page 22 of 33
[3] Doc. # 12, pages 25 & 28 of 33

1

applicable and unambiguous. Simply stated, there is currently not a sufficient factual record for the Court to either grant or deny Plaintiffs' Motion.

## I. FACTS

The parties in this case agree that there existed an insurance contract between the Defendant and one or both Plaintiffs, which was in effect at the time of the sinking of Mr. Carman's vessel. Within his Answer and Counterclaim [Doc. #12, pages 10-31] the Defendant sets forth in details his claims regarding the terms of this insurance contract. Attached to his Answer and Counterclaim as Exhibits A-C, the Defendant attached documents which he alleges established the terms of the insurance contract between the Defendant and the Plaintiffs. Notwithstanding the facts that Plaintiffs filed a lawsuit seeking a judicial declaration of their rights and liabilities in connection with an insurance policy, the Plaintiffs did not include or attach the alleged policy to their Complaint [Doc. #1] and have yet to present to the Court the form of policy which they allege is applicable in this case. During this litigation, the Plaintiffs' (including their agent/attorney) have made conflicting statements regarding the form of the policy applicable in this case.

In counts II, III, and V of his Answer and Counterclaim, the Defendant has asserted claims arising from improper sales and marketing of insurance policies including allegations of the use of "bait and switch" and other improper/bad faith marketing tactics by the Plaintiffs[4]. In connection with these claims, the representations and promises made to Mr. Carman by the Plaintiffs in the "BoatUS Insurance Quotation", on the Plaintiffs' Website and in other communications, is relevant to these claims even if the policy subsequently sold to Mr. Carman was inconsistent with these representations.

---

[4] Doc. # 12, pages 22, 25 & 28 of 33

## II. ARGUMENT

The Court must deny the Plaintiffs' Motion because the parol evidence rule does not apply where there is a genuine factual dispute regarding which documents and/or terms comprise the "contract of insurance" between the parties. The parol evidence rule only applies where the language of the policy is clear and unambiguous. This Court cannot assess the ambiguity of the terms of the policy without first determining as a factual matter what those terms are.

It appears that general maritime law governs the application of the Parol Evidence rule in this case. *Battery S. S. Corp. v. Refineria Panama, S. A.*, 513 F.2d 735, 739 (2d Cir. 1975) ("From no point of view can the application of the parol evidence rule to a maritime contract be regarded as 'peculiarly a matter of state and local concern,'" which would allow state principles of contract formation to guide the analysis); *Har-Win, Inc. v. Consol. Grain & Barge Co.*, 794 F.2d 985, 987 (5th Cir. 1986) ("Because this case concerns the interpretation of maritime contracts, federal admiralty law rather than state law provides the parol evidence rule which must be applied.").

The parol evidence rule has no application where an allegation of fraud or bait and switch tactics were employed at contact formation.

> "On the issues of whether a contract is void, voidable or reformable because of illegality, fraud, mistake or any other reason and whether or not parties assented to a particular writing as the complete and accurate 'integration' of their contract, ' . . . there is no "parol evidence rule" to be applied. On these issues, no relevant evidence, whether parol or otherwise, is excluded. No written document is sufficient, standing alone, to determine any one of them, however, long and detailed it may be, however formal, and however many may be the seals and signatures and assertions. No one of these issues can be determined by mere inspection of the written document.'"

*Battery S. S. Corp. v. Refineria Panama, S. A.*, 513 F.2d 735, 740 (2d Cir. 1975).[5]

WHEREFORE, the Defendant respectfully requests that this Honorable Court deny Defendants without prejudice to either party raising a parole evidence objection at trial.

    Respectfully Submitted
    On behalf of the Defendant,
    Nathan Carman

    /s/ David F. Anderson
    David F. Anderson
    Latti & Anderson LLP
    30 Union Wharf
    Boston, MA 02109
    (617) 523-1000
    DAnderson@LattiAnderson.com

Dated: July 31, 2019

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

    /s/David F. Anderson
    David F. Anderson

---

[5] On this score the substantive law of contract formation in Vermont is in accord. "Where fraud and misrepresentation are at issue, the evidence necessarily takes a wide range, and the concept of relevancy is correspondingly expanded." *Negyessy v. Strong*, 388 A.2d 383, 384 (Vt. 1978). Thus, "proof of fraud in the inducement will defeat the bar of the parol evidence rule." *Big G Corp. v. Henry*, 536 A.2d 559, 562 (Vt. 1987); *see also Jones v. Campbell*, 102 A. 102, 103 (Vt. 1917) ("If the writing should be construed as a contract it cannot be varied, controlled, or contradicted by extrinsic evidence, unless fraud or mistake in its procurement are both alleged and proved.").