UNITED STATES DISTRICT COURT
For the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF OF THE UNITED STATES<br>    Plaintiffs<br><br>v.<br><br>NATHAN CARMAN<br>    Defendant. | Civil Action:<br>No: 17-cv-0038-JM-PAS<br><br>In Admiralty |

# DEFENDANT'S MOTION TO STRIKE

## PLAINTIFF'S EXHIBIT 25.3

### (Boat U.S.'s envelope with letter, policy & endorsements, 12/23/2015)

Now comes the Defendant, Nathan Carman, and respectfully renews his requests that this Honorable Court Strike Plaintiff's trial Exhibit 25.3 (Boat U.S.'s envelope with letter, policy & endorsements, 12/23/2015[1]).

As grounds thereof, the Defendant states the Plaintiff failed to establish the authenticity of Plaintiff's Exhibit 25.3 or otherwise lay a factual foundation for its admission and a close reading of page 3 of Plaintiffs' Exhibit 25.4 strongly suggests that the 27 pages of Exhibit 25.3 is in fact not an authentic copy of the 15 page "new policy packet" referenced on the last page of Exhibit 25.4.

I.    Relevant Facts

On Wednesday, August 14, 2019, during the testimony of Plaintiff's VP of Underwriting, Michael Pellerin, the Plaintiffs offered into evidence Plaintiff's "Exhibit 25.3, Boat U.S.'s

---

[1] Description from 8/28/19 Clerk's Exhibit and Witness List – Continuation.

1

envelope with letter, policy & endorsements, 12/23/2015". (Attached hereto as Exhibit "A"). Mr. Pellerin testified BoatUS did not mail boat insurance policies to customers, but the mailing of boat insurance policies was outsourced to another Berkshire Hathaway subsidiary, GEICO. In support of Mr. Pellerin's contention that the 27-page Exhibit 25.3 was in fact a copy of the policy packet mailed to the Defendant in December 2015, Mr. Pellerin referenced a string of e-mails identified as Plaintiff's Exhibit 25.4 "Boat U.S.'s 12/23/15 letter proof of mailing policy[2]". (Attached hereto as Exhibit "B"). Defendant objected to the introduction of Ex. 25.3 on several grounds including Authenticity (F.R.E. 901), Lack of Personal Knowledge (F.R.E. 602), Hearsay (F.R.E. 802) and Plaintiffs' failure to establish the factual foundation for Ex. 25.3 to be admitted as a business record (F.R.E. 803(6). This Court overruled Defendant's objections and admitted Exhibit 25.3 in full.

Although Plaintiffs' Exhibit 25.4 tends to support the proposition that a policy packet was sent to Mr. Carman, the third page of Exhibit 25.4 (page 3 of 3) specifically identifies the policy packet sent by GEICO as containing a total of 15 pages[3]. (Attached Ex. "B" page 3 of 3). The policy package introduced as Plaintiffs' Exhibit 25.3 contains one (1) address sheet/envelope and a twenty-six (26) page policy packet. (Attached Ex. "A"). Simply stated, it is fairly clear that the twenty-six (26) page policy packet introduced at trial as Plaintiffs' Exhibit 25.3 is not a copy of the fifteen (15) page policy packet reference on the third page of Plaintiffs' Exhibit 25.4.

Defendant is aware that this Court has endeavored to focus on the genuine substantive disputes and, given that this is a bench trial has been more flexible in terms of evidentiary rulings. However, the terms of Mr. Carman's boat insurance policy, whether it was sent to Mr.

---

[2] Identification per Clerk's 8/28 <u>Exhibit and Witness List – Continuation</u>"
[3] The third page of Pl's Ex. 25.4 identifies the policy packet as containing 15 pages in A) the opening paragraph; B) in the highlighted computer screen shot in the middle; and C)in the final paragraph of this e-mail.

Carman prior to the loss, and if so, in what form & format, are genuine factual disputes in this case. The factual dispute regarding the terms of Mr. Carman's boat insurance policy was first raised more than two years ago within <u>Defendant's Answer & Counterclaim</u>[4] [Doc. #9] and has remained a genuine factual dispute throughout discovery, in pre-trial pleadings (<u>See</u>, <u>Def's Opp. To Mot. In Limine Re: Parole Evidence</u>, [Doc. # 152]) and during trial. It should be noted that during discovery Plaintiffs have asserted factually inconsistent positions regarding the form of the insurance policy covering Mr. Carman's vessel. <u>See</u>, <u>Defendant's Exhibit "D-5"</u>.

It should be noted that the e-mail chain indicating that the policy packet printed and mailed by GEICO (Plaintiffs' Exhibit 23.4) was not previously listed within <u>Plaintiffs' Exhibit List</u> [Doc. #141] and was not provided to Defendant when the parties exchanged copies of exhibits prior to trial. Counsel for the Defendant reviewed Pl's Exhibit 25.4 only after Pl's Exhibit 25.3 was admitted and immediately thereafter raised the issue with the Court and sought to strike Pls' Exhibit 25.3 prior to the close of Plaintiffs' case.

Finally, it should be noted that the Defendant, Nathan Carman, has no personal knowledge of what documents where printed and mailed by the Plaintiffs or their sister companies in December 2015. This information is uniquely within the possession of the Plaintiffs and their sister companies. The corporation to whom the printing and mailing of the policy was outsourced, GEICO, is also a wholly owned subsidiary of the parent corporation of the Plaintiffs (Berkshire Hathaway). As such, Plaintiffs' had the ability to offer admissible evidence from an individual with personal knowledge of what documents (if any) were sent to Mr. Carman in December of 2015.

---

[4] <u>Compare</u>, <u>Plaintiffs' Complaint</u> Para. 24 [Doc. #1, pages 4-5 of 9], with <u>Defendant's Answer & Counterclaim</u>, Answer to Para. 24, [Doc. #9, page 5 of 25]/

3

II.     Argument

Since the filing of Defendant's Answer and Counterclaim, the terms, forms and format of the boat insurance policy issued by Plaintiff National Liability has been disputed. The document in dispute (Ex. 25.3) was allegedly printed and mailed by GEICO not Plaintiffs BoatUS & NLFIC. Mr. Pellerin testified that he lacks personal knowledge of what documents (if anything) were mailed to Mr. Carman in December 2015, that Mr. Pellerin is not the keeper of the records of GEICO, that he is not the keeper of the records of Plaintiff's BoatUS and/or NLFIC. In connection with his testimony regarding the alleged 26-page policy packet, Mr. Pellerin expressed reliance upon the e-mail string identified at trial as Plaintiff's Exhibit 25.4. However, Plaintiffs' Exhibit 25.4 supports the contention that a 15-page policy packet was sent to Mr. Carman in December of 2015, not the 26-page policy packet introduced into evidence as Plaintiffs' Exhibit 25.3. Simply stated, the number of pages are inconsistent. Even if one were to accept (without any actual evidence) Plaintiffs' counsel's claim that GEICO printed on both sides of the paper, 15 pages printed on both sides doesn't become 26 pages printed on a single side.

WHEREFORE, the Defendant, Nathan Carman, respectfully requests that this Honorable Court Strike Plaintiff's trial Exhibit 25.3 (Boat U.S.'s envelope with letter, policy & endorsements, 12/23/2015[5]).

---

[5] Description from 8/28/19 Clerk's Exhibit and Witness List – Continuation.

                                                    Respectfully Submitted
                                                    On behalf of the Defendant,
                                                    Nathan Carman

/s/ David F. Anderson
David F. Anderson
Latti & Anderson LLP
30 Union Wharf
Boston, MA 02109
(617) 523-1000
DAnderson@LattiAnderson.com

Dated: 8/29/19

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record for all parties.

/s/David F. Anderson
David F. Anderson