UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE CO. and BOAT OWNERS ASSOCIATION OF THE UNITED STATES<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN CARMAN<br><br>Defendant. | Civil Action No: 17-38-JJM-PAS<br><br>In Admiralty |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

Now comes Plaintiffs National Liability & Fire Insurance Co. and Boat Owners Association of the United States in the above-entitled action, by and through its undersigned counsel and submits its memorandum in support of its Bill of Costs, ECF No. 179, pursuant to U.S.C. § 1920(2), Fed. R. Civ. P. 54(d)(1), and LR cv 54.

**A. Judgment entered for Plaintiffs National Liability & Fire Insurance Co. and Boat Owners Association of the United States.**

On November 4, 2019, this Court entered Judgment for the plaintiffs against Defendant Nathan Carman, *see* ECF Nos. 177-178, thus Plaintiffs are the prevailing party and are entitled to recover its costs. *See* 28 U.S.C. § 1920. *See United States v. Davis*, 87 F. Supp. 2d 82, 87 (D.R.I. 2000). *See* copy of relevant invoices and receipts, compiled in order of appearance herein, attached hereto as Exhibit 1.

### B. Plaintiffs' costs were incurred for use in this case.

#### a. Fees of the clerk and marshal:

Pursuant to 28 U.S.C. § 1920(1), Plaintiffs are seeking the taxation of the $400.00 filing fee incurred in the above-captioned matter. *See* Docket Text dated January 27, 2017.

Plaintiffs incurred the following private process server fees:

i. Service of the Complaint, *see* ECF No. 7, in the amount of $83.02.

ii. Service of trial subpoena on Alex Aucoin in the amount of $60.00.

iii. Service of trial subpoena on Michael Iozzi in the amount of $60.00.

iv. Service of a deposition subpoena on Brian Woods in the amount of $75.00.

v. Service of a deposition subpoena on Michael Iozzi in the amount of $105.00.

vi. Service of a deposition subpoena on Christopher Roth, Sr. in the amount of $46.50.

#### b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:

Plaintiffs seek their costs from a number of deposition transcripts as well as the three-days of trial transcripts as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), are taxable.[1] Plaintiffs did not order a transcript of the entire trial, just the final three (3) days, in order to prepare for closing arguments and double check the exhibit list. Plaintiffs are only seeking reimbursement for the below deposition transcripts, as these transcripts were "either introduced into evidence or used at trial." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985).

---

[1] Plaintiffs are not seeking the reimbursement of costs associated with video depositions, but only the court reporter's transcript costs.

1. Brian Woods:

Mr. Woods was deposed on December 6, 2017, after being served a subpoena by Plaintiffs. Mr. Wood's deposition transcript was used at trial. *See* ECF No. 176 at Defendant's Exhibit No. 321.

2. Michael Iozzi:

Mr. Iozzi was deposed on October 26, 2017, after being served a subpoena by Plaintiffs. Mr. Iozzi's deposition was used at trial as it was referred to numerous times during cross-examination and used by Plaintiffs in their pre-trial proposed findings of facts and conclusions of law. *See* ECF No. 139.

3. Jonathan Klopman

Mr. Klopman was deposed on April 11, 2019 and April 12, 2019, after it was noticed by Defendant. Mr. Klopman's deposition was used at trial as it was referred to numerous times during cross-examination and used by Plaintiffs in their pre-trial proposed findings of facts and conclusions of law. *See id*.

4. Nathan Carman:

Mr. Carman's deposition consists of three volumes: January 22, 2018, July 17, 2018, and October 29, 2018. Plaintiffs are not seeking reimbursement of Volume III of Mr. Carman's deposition, as it was not used at trial due to the bifurcation, nor are the plaintiffs seeking reimbursement of the video recording portion of these expenses. Volumes I and II of his deposition were all introduced as exhibits at trial. *See* ECF No. 176 at Plaintiffs' Exhibit Nos. 1.1, 5.1, and 5.2.

5. Christopher Roth, Sr.

Mr. Roth, Sr. was deposed on April 9, 2018 after being served a subpoena by Plaintiffs.

Mr. Roth, Sr.'s deposition transcript was used at trial. *See id.,* at Plaintiffs' Exhibit No. 57.

    **c. Fees and disbursements for printing and witnesses:**

        **i. Printing:**

Plaintiffs compiled copies of all their trial exhibits in binders for both the Court and Defendant and now seek to recoup the costs for the third-party printing and supplies needed to compile the binders[2] as Plaintiffs are entitled to the fees for their copies which were necessarily obtained for use in the case" under 28 U.S.C. § 1920(4). *Rodriquez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990). Plaintiffs are seeking $1,469.66 in printing costs.

        **ii. Witnesses:**

The below enumerated fees incurred by Plaintiffs for the appearance of witnesses at trial and at depositions are taxable in accordance with 28 U.S.C. §§ 1821 and 1920(4). Plaintiffs are only requesting the standard statutory fees prescribed under 28 U.S.C. § 1821(b), "$40 per day" and other travel fees under 28 U.S.C. § 1821(c-d). Additionally, despite numerous witnesses waiting to testify for a day or more, Plaintiffs have only requested costs for days of actual testimony and travel and have excluded from its request any costs related to witnesses Mr. Limeburner and Dr. Harris.

        1. Brian Woods:

Mr. Woods was served a subpoena to appear for a deposition and the process server tendered him a witness fee in the amount of $99.80.

        2. Michael Pellerin:

Mr. Pellerin travelled from out of state (Virginia) to appear for trial and his testimony took two days. Plaintiffs are entitled to reimbursement for his travel costs, $809.94, and $40.00

---

[2] The printing fees sought are only for the trial exhibit-binders provided to the Court and the defendant.

per day for his attendance as well as travel days to and from, *see* 28 U.S.C § 1821(b), totaling $160.00 for two-days of testimony and two-days of travel. Mr. Pellerin was listed in both Plaintiffs' and Defendant's witness lists. *See* ECF Nos. 142 and 158, respectively.

3. Michael Iozzi:

Mr. Iozzi was served a subpoena to appear for both his deposition and trial testimony and the process server tendered him witness fees in the amount of $55.00 and $53.92, respectively.

4. Jonathan Klopman (Expert):

Mr. Klopman travelled from out of state (Massachusetts) to appear for trial and his testimony took two days. Plaintiffs are entitled to reimbursement for his travel costs, $178.36, and $40.00 per day for his attendance as well as travel days to and from, totaling $120.00 for two-days of testimony and one-day of travel.

5. Alex Aucoin:

Mr. Aucoin was served a subpoena to appear for trial and the process server tendered him a witness fee in the amount of $59.72.

6. Eric Greene (Expert):

Mr. Greene travelled from out of state (Maryland) to appear for trial and his testimony took two days on either side of a four (4) day weekend necessitating two round-trips in order to appear at trial. Plaintiffs are entitled to reimbursement for his travel costs, $2,376.00, and $40.00 per day for his attendance as well as travel days to and from, totaling $200.00 for two-days of testimony and three-days of travel.

7. Martha Charlesworth:

Ms. Charlesworth travelled from out of state (Virginia) to appear for trial and her

testimony took one day. Plaintiffs are entitled to reimbursement for her travel costs, $956.37[3], and $40.00 per day for her attendance as well as travel days to and from, totaling $120.00 for one-day of testimony and two-days of travel. Ms. Charlesworth was listed in both Plaintiffs' and Defendant's witness lists. *See* ECF Nos. 142 and 158, respectively.

8. Christopher Roth, Sr.

Mr. Roth, Sr. was served a subpoena to appear for a deposition and the process server tendered him a witness fee in the amount of $51.50. Mr. Roth, Sr. was listed in both Plaintiffs' and Defendant's witness lists. *See id.*

### d. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case:

Plaintiffs seek reimbursement in accordance with 28 U.S.C. § 1920(5) for its costs incurred preparing and/or purchasing for exemplification and copies of materials needed for use in this case. *See Commerce Oil Ref. Corp. v. Miner*, 198 F. Supp. 895 (D.R.I. 1961). Each of the exemplars below were used at trial and introduced into evidence.

1. Hole Saw. *See* ECF No. 176 at Plaintiffs' Exhibit No. 15.1.

2. Bennet Trim Tab. *See id*. at Plaintiffs' Exhibit No. 32.25. *See* Ex. 1[4].

3. NOAA Charts. Originals: ($125.89), *see* ECF No. 176 at Plaintiffs' Exhibit Nos. 1.2.12, 1.2.13, and 5.4.6. Poster-boards: ($310.78), *see id.* at Plaintiffs' Exhibit Nos. 39, 40, and 41.

4. USB Flash Drives: Plaintiffs used numerous USB Flash Drives to save videos and photographs on, which were admitted into evidence at trial and also provided to Defendant. *See id*. at Plaintiffs' Exhibit Nos. 12.40, 12.41, 12.42.

---

[3] Plaintiff is seeking costs for two nights of lodging for Ms. Charlesworth ($194.78/nt).
[4] The cost for this was included in expert witness J. Klopman's invoice. *See* Exhibit 1 attached hereto.

WHEREFORE, Plaintiffs National Liability & Fire Insurance Co. and Boat Owners Association of the United States pray that this Honorable Court enter its requested Bill of Costs in the amount of $15,360.84, as submitted at ECF No. 179.

**PLAINTIFFS,**

*/s/ Liam T. O'Connell*
David J. Farrell, Jr.
*Pro Hac Vice*
Liam T. O'Connell
*Pro Hac Vice*
Farrell Smith O'Connell LLP
2355 Main Street, P.O. Box 186
South Chatham, MA 02659
508.432.2121 x 15
dfarrell@fsofirm.com
loconnell@fsofirm.com

**VERIFICATION**

I, Liam O'Connell, am an attorney for the plaintiff in this action and have knowledge of the facts concerning costs and disbursements. The items of expense listed on the Bill of Costs, ECF No. 179, and further discussed herein are correct to the best of my knowledge and belief. The disbursements listed on the Bill of Costs have been necessarily incurred in this case. The services for which fees have been charged were actually and necessarily performed.

*/s/ Liam T. O'Connell*

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2019, I served the foregoing on Atty Anderson *via* the CM/ECF system.

*/s/ Liam T. O'Connell*